Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN PRESCOTT and MIKE XAVIER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE PHARMACEUTICALS INC., a Delaware corporation; BAYER HEALTHCARE LLC, a Delaware limited liability company; BEIERSDORF, INC. a Delaware Corporation; and BEIERSDORF NORTH AMERICA, INC., a Delaware corporation,<br><br>Defendants. | Case No. 5:20-cv-00102<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO TRANSFER VENUE OR TO DISMISS FOR LACK OF PERSONAL JURISDICTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge: Hon. Nathanael M. Cousins<br><br>Date: Wednesday, June 24, 2020<br>Time: 1:00 pm<br>Place: Courtroom 5<br>*Oral Argument Requested |

**NOTICE OF MOTION AND MOTION TO DISMISS**

PLEASE TAKE NOTICE that on June 24, or as soon thereafter as counsel may be heard before the Honorable Judge Nathanael M. Cousins, in Courtroom 5 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California, 95113, Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Beiersdorf, Inc., and Beiersdorf North America, Inc. will and hereby do move to transfer in full Plaintiffs' Complaint (Dkt. No. 1) to the District of New Jersey or to dismiss for lack of personal jurisdiction the claims of non-California putative class members against all Defendants and all claims against Defendants Bayer HealthCare Pharmaceuticals Inc. and Beiersdorf North America, Inc.

This Motion is brought pursuant to 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 12(b)(2) on the following grounds: (1) this case could have been filed in the District of New Jersey; (2) the District of New Jersey is more convenient for the parties and witnesses; (3) transfer to the District of New Jersey serves the interests of justice; (4) none of the Defendants are subject to general jurisdiction in California; (5) the Court lacks jurisdiction over all of the Defendants for the non-California Plaintiffs' claims; and (6) this Court lacks jurisdiction over Bayer HealthCare Pharmaceuticals Inc. and Beiersdorf North America, Inc. for all claims.

This Motion is based on this Notice of Motion; the attached Memorandum of Points and Authorities; the pleadings and filings in this action; and such further evidence or argument properly before the Court.

DATED: May 1, 2020

SIDLEY AUSTIN LLP

By: */s/ Alycia A. Degen*

Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**


MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

INTRODUCTION .......... 1

BACKGROUND .......... 2

LEGAL STANDARD .......... 3

ARGUMENT .......... 4

I. THIS CASE SHOULD BE TRANSFERRED UNDER 28 U.S.C. § 1404(a) TO THE DISTRICT OF NEW JERSEY. .......... 4

A. This Case Could Have Been Properly Filed in the District of New Jersey. .......... 4

B. The District of New Jersey Is More Convenient for Parties and Witnesses. .......... 4

C. Transfer to the District of New Jersey Serves the Interests of Justice. .......... 6

1. There Are No Agreements or Negotiations Relevant to This Case. .......... 6

2. The District of New Jersey Is as Familiar with the Governing Law as the Northern District of California. .......... 6

3. Plaintiffs' Choice of Forum Is of Minimal Weight in a Putative Class Action. .......... 7

4. The Non-California Class Members Have No Contacts with California and the Defendants Have Very Few. .......... 8

5. The District of New Jersey Is the Locus of Material Events. .......... 8

6. It Will Be Less Expensive to Litigate This Case in New Jersey. .......... 9

7. All Relevant Sources of Proof Are Located in New Jersey, Not California. .......... 10

II. THIS COURT LACKS PERSONAL JURISDICTION OVER ALL DEFENDANTS AS TO CLAIMS BROUGHT ON BEHALF OF NON-CALIFORNIA CLASS MEMBERS. .......... 11

A. None of the Defendants Are Subject to General Jurisdiction in California. .......... 11

B. There Is No Specific Jurisdiction Over Any of the Defendants for the Non-California Plaintiffs' Claims. .......... 12

III. THIS COURT LACKS PERSONAL JURISDICTION OVER BAYER HEALTHCARE PHARMACEUTICALS INC. AND BEIERSDORF NORTH AMERICA, INC. FOR ALL CLAIMS .......... 15

CONCLUSION ........ 15

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174 (9th Cir. 2004) ....4, 11

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773 (2017) ....11, 12, 13, 14

*Carpenter v. PetSmart, Inc.*, No. 19-CV-1731-CAB-LL, 2020 WL 996947 (S.D. Cal. Mar. 2, 2020) ....12, 14

*U.S. ex rel. Cody v. Mantech Int'l* Corp., No. 13-cv-9173-FMO(SSx), 2016 WL 10537807 (C.D. Cal. Feb. 9, 2016) ....9

*Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970 (N.D. Cal. 2016) ....15

*Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768 (N.D. Cal. 2015) ....5

*Daimler AG v. Bauman*, 571 U.S. 117 (2014) ....11, 12, 15

*In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (BMC)(GRB), 2017 WL 4217115 (E.D.N.Y. Sept. 20, 2017) ....13

*Doe v. Uber Techs., Inc.*, No. 17-cv-00950, 2017 WL 2352032 (N.D. Cal. May 31, 2017) ....10

*Fed. Deposit Ins. Corp. v. First Priority Fin., Inc.*, No. 11-cv-01799-CJC(ANx), 2012 WL 12948860 (C.D. Cal. Apr. 26, 2012) ....8

*Freeney v. Bank of Am. Corp.*, No. 15-02376, 2015 WL 4366439 (C.D. Cal. July 15, 2015) ....4

*Gallagher v. Ocular Therapeutix, Inc.*, No. 17-cv-5011, 2017 WL 4882487 (D.N.J. Oct. 27, 2017) ....8

*Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 WL 1033472 (N.D. Cal. Apr 4, 2007) ....7

*Grider et al. v. Bayer Healthcare Pharms. Inc.*, No. 2:19-cv-10342 (filed Dec. 5, 2019) ....7

*Int'l Shoe Co. v. Wash.*, 326 U.S. 310 (1945) ....13

*Italian Colors Rest. v. Am. Express Co.*,
No. 03-cv-3719, 2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) .......... 7

*Jakusz v. Union Pac. R. R. Co.*,
No. 05-cv-4842-JSW, 2006 WL 563055 (N.D. Cal. Mar. 6, 2006) .......... 10

*Keene v. McKesson Corp.*,
No. 12-CV-05924-JST, 2015 WL 9257949 (N.D. Cal. Dec. 17, 2015) .......... 5

*Martensen v. Koch*,
No. 12-cv-05257, 2013 WL 4734000 (N.D. Cal. Sept. 3, 2013) .......... 7

*Matus v. Premium Nutraceuticals, LLC*,
715 F. App'x 662 (9th Cir. 2018) .......... 13

*Mazza v. Am. Honda Motor Co., Inc.*,
666 F.3d 581 (9th Cir. 2012) .......... 6

*McCoy v. Stronach*,
No. 12-cv-000983-AWI-SAB (PC), 2019 WL 6894429 (E.D. Cal. Dec. 18, 2019) .......... 9

*Metz v. U.S. Life Ins. Co. of N.Y.*,
674 F. Supp. 2d 1141 (C.D. Cal. 2009) .......... 4, 5, 7

*In re Nissan N. Am., Inc. Litig.*,
No. 18-CV-07292-HSG, 2019 WL 4601557 (N.D. Cal. Sept. 23, 2019) .......... 12

*Park v. Doyle Fresh Vegetables, Inc.*,
964 F. Supp. 2d 1088 (N.D. Cal. 2013) .......... 8, 9, 10

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) .......... 4

*Ponomarenko v. Shapiro*,
287 F. Supp. 3d 816 (N.D. Cal. 2018) .......... 6

*Rubio v. Monsanto Co.*,
181 F. Supp. 3d 746 (C.D. Cal. 2016) .......... 10

*Saleh v. Titan Corp.*,
361 F. Supp. 2d 1152 (S.D. Cal. 2005) .......... 7

*Saunders v. USAA Life Ins. Co.*,
71 F. Supp. 3d 1058 (N.D. Cal. 2014) .......... *passim*

*Schwartz v. Frito-Lay N. Am.*,
No. 12-cv-02740(EDL), 2012 WL 8147135 (N.D. Cal. Sept. 12, 2012) .......... 9

*Sutton v. Apple Inc.*,
No. 10-cv-08176, 2011 WL 2550500 (N.D. Ill. June 23, 2011) ........ 10

*Wenokur v. AXA Equitable Life Ins. Co.*,
No. CV-17-00165-PHX-DLR, 2017 WL 4357916 (D. Ariz. Oct. 2, 2017) ........ 13

*William v. Yamaha Motor Co. Ltd.*,
851 F.3d 1015 (9th Cir. 2017) ........ 13

**Statutes**

28 U.S.C. § 1391(b)(2) ........ 4

28 U.S.C. § 1404(a) ........ 1, 4, 6, 15

Cal. Civ. Proc. Code § 410.10 ........ 11

Cal. Civ. Code § 1750 (iv) ........ 3

Cal. Bus. & Prof. Code § 17200 (ii) ........ 2

Cal. Bus. & Prof. Code § 17500 (iii) ........ 3

**Other Authorities**

Fed. R. Civ. P. 8(a) ........ 1

Fed. R. Civ. P. 9(b) ........ 1

Fed. R. Civ. P. 12(b)(1) ........ 11

Fed. R. Civ. P. 12(b)(2) ........ 1, 4

Fed. R. Civ. P. 23(b)(3) ........ 11

Fed. R. Civ. P. 45(c)(1) ........ 10

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants Bayer HealthCare Pharmaceuticals Inc., Bayer HealthCare LLC, Beiersdorf, Inc., and Beiersdorf North America, Inc. (collectively, the "Defendants") respectfully submit this Memorandum of Points and Authorities in Support of their Motion to Transfer Venue or to Dismiss for Lack of Personal Jurisdiction pursuant to 28 U.S.C. § 1404(a) and Federal Rule of Civil Procedure 12(b)(2).

## INTRODUCTION

Defendants' Coppertone sunscreen products provide consumers with mineral-based sun protection. In this putative class action, Plaintiffs Steven Prescott and Mike Xavier (collectively, "Plaintiffs") challenge the labeling of four separate Coppertone Sunscreen Products: (i) Water Babies Pure & Simple Sunscreen Lotion; (ii) Water Babies Pure & Simple Sunscreen Stick; (iii) Kids Tear Free Sunscreen Lotion; and (iv) Sport Face Sunscreen Lotion (collectively, the "Products"). Specifically, Plaintiffs allege that the Products' "mineral-based" description is deceptive because the Products contain both mineral and chemical ingredients.[1]

This case should be transferred to the District of New Jersey, where decisions about the labeling of the Products were made. The venue Plaintiffs have chosen—the Northern District of California—has virtually no connection to the relevant evidence or to any of the potential witnesses in this case (other than the named Plaintiffs themselves). The only connection between this case and California is that Plaintiffs live in California and purchased their Products there. None of the Products at issue were formulated in California. None of the labeling decisions being challenged

[1] Plaintiffs' claims also fail as a matter of law because: (1) Plaintiffs' claims are expressly preempted by federal law; (2) the doctrine of primary jurisdiction counsels this Court to leave the issue of first impression presented by the Complaint to the discretion of the U.S. Food and Drug Administration ("FDA"); (3) Plaintiffs' claims are implausible and fail as a matter of law, as a reasonable consumer would not be deceived by the "mineral-based" representation; (4) Plaintiffs lack standing to assert claims regarding products they did not purchase and labels on which they did not rely; (5) Plaintiffs lack standing to seek injunctive relief because they are under no imminent threat of future harm; (6) the Court should dismiss or strike Plaintiffs' nationwide class allegations because Plaintiffs do not have standing to represent non-California putative class members and individualized analyses of home-state laws will predominate, making class certification impossible under Ninth Circuit law; (7) Plaintiffs failed to provide thirty days' notice as required by the CLRA; and (8) Plaintiffs failed to satisfy the notice-pleading standard of Rule 8(a) and the heightened pleading standard of Rule 9(b) by mass-pleading allegations against Defendants collectively.

took place in California. By contrast, the alleged wrongdoing took place in New Jersey, and virtually all of the relevant evidence and knowledgeable witnesses are located there. Accordingly, this case should be transferred to the District of New Jersey.

Additionally, the non-California absent class members who purchased the Products in their home states have no connection to California, and this Court therefore does not have personal jurisdiction over any of the Defendants (who also have no relevant connection to California) with respect to the non-California class members' potential claims.

Finally, Defendants Bayer HealthCare Pharmaceuticals Inc. ("BHP") and Beiersdorf North America, Inc. ("BNA") are not incorporated in California, do not have principal places of business in California, *see* Class Action Complaint (Dkt. No. 1) ("Compl.") ¶¶ 12, 16, and have never formulated, manufactured, marketed, or sold any of the Products anywhere—much less in California. Accordingly, this Court does not have either general or specific jurisdiction over either company with regard to *any* of the claims—either the California or the non-California class members' claims.

## BACKGROUND

***Coppertone Sunscreens.*** The Products contain both mineral and chemical ingredients to achieve their ultimate product formulation and protect consumers from sun exposure. Plaintiffs allege that "mineral-based sunscreens use mineral active ingredients—specifically, zinc oxide and/or titanium dioxide—which cover the skin and act as a physical barrier, deflecting and scattering UV radiation." Compl. ¶ 22. The Products contain mineral active ingredients—zinc oxide—as the primary active ingredient, as Plaintiffs recognize in their Complaint. *Id.* ¶¶ 36–38. The Products' labels therefore properly disclose that the Products have a "mineral-based formula" for "mineral based protection." *Id.* ¶ 32.

***Plaintiffs' Claims.*** Plaintiffs allege that "reasonable consumers believe the Products contain *only* active mineral ingredients" because the Products' labels state they are "mineral-based." Compl. ¶ 34 (emphasis added). Based on this assumption, Plaintiffs assert the following claims: (i) violation of California Unfair Competition Law, Bus. and Prof. Code § 17200, (ii) violation of California

False Advertising Law, Bus. and Prof. Code § 17500, (iii) violation of California Consumers Legal Remedies Act, California Civ. Code § 1750, (iv) breach of express warranty, and (v) unjust enrichment. Compl. ¶¶ 60-117. Plaintiffs bring all of these claims on behalf of a California subclass, defined as "[a]ll residents of California who, within four years prior to the filing of this Complaint, purchased the Products." Compl. ¶ 48. Plaintiffs additionally purport to bring the breach of express warranty and unjust enrichment claims on behalf of a nationwide class, defined as "[a]ll residents of the United States who, within the relevant statute of limitations periods, purchased the Products." *Id.*

***Defendants***. Defendants Beiersdorf, Inc., and its parent company, Beiersdorf North America, Inc., are Delaware companies with their principal places of business in Connecticut. Compl. ¶¶ 15–16. Defendant Beiersdorf, Inc. has sold the Products through retailers since approximately September 2019 when it acquired the Coppertone sunscreen brand, which includes the Products at issue, from Bayer HealthCare LLC. Declaration of Graham Fleckney ("Fleckney Decl.") (Ex. 1 hereto) ¶¶ 13–14. Defendant Beiersdorf North America, Inc. is the parent of Beiersdorf, Inc. and a holding company. *Id.* ¶¶ 8, 15.

Defendants Bayer HealthCare Pharmaceuticals Inc. and Bayer HealthCare LLC are Delaware companies with their principal places of business in New Jersey. Declaration of Keith Abrams ("Abrams Decl") (Ex. 2 hereto) ¶¶ 3, 4. Defendant Bayer HealthCare LLC sold the Products in the class period prior to September 2019; Defendant Bayer HealthCare Pharmaceuticals Inc. did not formulate, label, manufacture, advertise, or sell the Products. *Id.* ¶¶ 10–11.

Defendants' operations pertaining to the Products at issue in this case— their formulation and labeling, both former and current—are all performed by individuals now located in New Jersey or Connecticut. Fleckney Decl. ¶¶ 13–14, 18; Declaration of James Thornton ("Thornton Decl.") (Ex. 3 hereto) ¶¶ 3.

## LEGAL STANDARD

***Transfer of Venue***. Courts may transfer an action "to any other district or division where it might have been brought" based on "the convenience of parties and witnesses" and "the interest of

justice." 28 U.S.C. § 1404(a). Courts in the Northern District of California frequently apply Section 1404(a) to move litigation to a more appropriate forum. *See, e.g.*, *Saunders v. USAA Life Ins. Co.*, 71 F. Supp. 3d 1058, 1060–61 (N.D. Cal. 2014) (granting motion to transfer venue of putative nationwide class action to Texas even though Plaintiffs resided in California because none of the "percipient witnesses with knowledge of the conduct at issue" resided in California but several resided in Texas, most sources of evidence were in Texas rather than California, and "no salient witnesses other than Plaintiffs" resided in the Northern District of California).

***Personal Jurisdiction.*** Federal Rule of Civil Procedure 12(b)(2) permits a defendant to move for dismissal for lack of personal jurisdiction. When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Action Embroidery Corp. v. Atl. Embroidery, Inc.*, 368 F.3d 1174, 1177 (9th Cir. 2004). To meet that burden, the plaintiff must make a "showing of jurisdictional facts to withstand the motion to dismiss." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1154 (9th Cir. 2006); *see also Freeney v. Bank of Am. Corp.*, No. 15-02376, 2015 WL 4366439, at *19 (C.D. Cal. July 15, 2015) ("the plaintiff cannot rely on his pleadings, but must come forward with facts, by affidavit or otherwise, supporting personal jurisdiction") (internal quotation marks omitted).

## ARGUMENT

### I. THIS CASE SHOULD BE TRANSFERRED UNDER 28 U.S.C. § 1404(a) TO THE DISTRICT OF NEW JERSEY.

#### A. This Case Could Have Been Properly Filed in the District of New Jersey.

The District of New Jersey is a proper venue because the relevant decisions about labeling (including the labeling claims being challenged) occurred there. Fleckney Decl. ¶¶ 13-14, 18, 20; Thornton Decl. ¶¶ 3–5; 28 U.S.C. § 1391(b)(2).

#### B. The District of New Jersey Is More Convenient for Parties and Witnesses.

A transfer analysis must consider the "convenience of parties and witnesses." 28 U.S.C. §1404(a). Indeed, the relative convenience to witnesses is often recognized as the most important factor to consider when ruling on a motion under Section 1404(a). *See Metz v. U.S. Life Ins. Co. of N.Y.*, 674 F. Supp. 2d 1141, 1147 (C.D. Cal. 2009). In considering witness convenience, "courts

must consider not only the number of witnesses, but also the nature and quality of their testimony." *Id.* (citations omitted).

Here, Defendants all reside either in New Jersey or nearby Connecticut. Fleckney Decl. ¶¶ 6-7; Abrams Decl. ¶¶ 3–4. All of Defendants' employees with information regarding the formulation and labeling of the Products—the decisions most relevant to this case—are located in either New Jersey or nearby Connecticut, not in California. Fleckney Decl. ¶¶ 13–14, 18, 20; Thornton Decl. ¶ 3. Third-party labeling consultants for the Products are located along the East Coast, in New York, as well as in Georgia, Kentucky, and Virginia. Fleckney Decl. ¶ 19. Litigation in this District would cause Defendants significantly more inconvenience than litigation in the District of New Jersey. *Cung Le v. Zuffa, LLC*, 108 F. Supp. 3d 768, 778 (N.D. Cal. 2015) (finding this factor weighed "strongly" in favor of transfer where Defendant and its employees were located in the transferee district and third-party witnesses lived in neither the transferee nor the transferor district).

In contrast to the witnesses who would suffer significant inconvenience if this action were litigated in the Northern District of California, only Plaintiff Prescott resides in the Northern District of California. Compl. ¶ 10. Plaintiff Xavier resides in Roseville, California, which is in the Eastern District of California. *Id.* ¶ 11. If this case were transferred to the District of New Jersey, Defendants would agree to take Plaintiffs' depositions in their respective Districts within California. Moreover, the Northern District of California is not the most convenient forum for the putative absent nationwide class members who are scattered across the country. Therefore, on balance, the convenience of the parties and witnesses weighs strongly in favor of transfer to the District of New Jersey. *See Keene v. McKesson Corp.*, No. 12-CV-05924-JST, 2015 WL 9257949, at *4 (N.D. Cal. Dec. 17, 2015) (granting motion to transfer where there were "hundreds of Plaintiffs who reside throughout the country" but the "primary Defendant" was located in the transferee district); *Metz*, 674 F. Supp. 2d at 1147 (finding this factor weighed in favor of transfer where, "with the sole exception of Plaintiff," there did not appear to be "anyone with testimony relevant located in the State of California").

**C. Transfer to the District of New Jersey Serves the Interests of Justice.**

A transfer analysis must also consider "the interest of justice," 28 U.S.C. § 1404(a), which requires analysis of the following variety of factors: "(1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 833 (N.D. Cal. 2018) (quoting *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000)). The balance of these factors once again favors transfer to the District of New Jersey.

1. <u>There Are No Agreements or Negotiations Relevant to This Case.</u>

The location of relevant agreements and negotiations is a neutral factor in this matter. Plaintiffs' purchase of the Products was not the subject of negotiation, and there were no contractual agreements between Plaintiffs and Defendants. *See, e.g.*, *Saunders*, 71 F. Supp. 3d at 1061 (finding this factor neutral in an insurance dispute "because the terms of an insurance policy are not normally the subject of negotiation").

2. <u>The District of New Jersey Is as Familiar with the Governing Law as the Northern District of California.</u>

The familiarity of the Northern District of California versus the District of New Jersey with the applicable law in this case also is a neutral factor. Although Plaintiffs bring several claims under California statutory law, Plaintiffs' claims brought on behalf of a putative nationwide class require application of many different states' laws. Indeed, the potential claims of non-California putative class members are governed by their own states' laws, which vary significantly state by state. *See, e.g.*, *Mazza v. Am. Honda Motor Co., Inc.*, 666 F.3d 581 (9th Cir. 2012). Moreover, "[a]lthough Plaintiffs' Complaint on its face requires application of California state law and potentially invokes the breach of [] laws of other states, it is routine for federal courts to analyze and apply the laws of

diverse states." *Saunders*, 71 F. Supp. 3d at 1061 (finding this factor neutral when granting a venue transfer from the Northern District of California to the Western District of Texas).

3. Plaintiffs' Choice of Forum Is of Minimal Weight in a Putative Class Action.

Plaintiffs filed this case as a nationwide class action. Compl. ¶ 48-59. While courts sometimes defer to a plaintiff's choice of forum, that deference is greatly discounted in class actions. *See, e.g.*, *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("the Ninth Circuit, like other courts, has noted that the weight to be given the plaintiff's choice of forum is discounted where the action is a class action"); *Metz*, 674 F. Supp. 2d at 1146 (same); *Italian Colors Rest. v. Am. Express Co.*, No. 03-cv-3719, 2003 WL 22682482, at *3 (N.D. Cal. Nov. 10, 2003) ("The plaintiff's choice is given less deference where, as here, the action is brought on behalf of a nationwide class."). Any deference wanes even more where, as here, Plaintiffs' choice of forum has a weak connection with the operative facts giving rise to the claims. *See Martensen v. Koch*, No. 12-cv-05257, 2013 WL 4734000, at *9 (N.D. Cal. Sept. 3, 2013) (deference to plaintiff's forum choice is "substantially reduced" where "the forum lacks a significant connection to the activities alleged in the complaint") (citation omitted).

Here, the Plaintiffs' apparent preference to litigate in this District is not a significant factor. The overwhelming majority of putative class members live elsewhere. Defendants reside elsewhere. And almost all of the events that led to this litigation occurred outside of this District. Plaintiffs' preference to litigate in this District should be further discounted because this same lawsuit was previously filed in the Central District of California by the same Plaintiffs' counsel (albeit with different named Plaintiffs). However, Plaintiffs' counsel dismissed the case soon after it was assigned to Judge Otis D. Wright II in that District, *Grider et al. v. Bayer Healthcare Pharms. Inc.*, No. 2:19-cv-10342 (filed Dec. 5, 2019), Notice of Voluntary Dismissal (filed Jan. 6, 2020) (Dkt. No. 9), and this lawsuit was subsequently filed instead. Thus, Plaintiffs' decision to file in this District is entitled to minimal weight. *See Lou*, 834 F.2d at 739 ("[W]hen an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight."); *see also Gerin v. Aegon USA, Inc.*, No. C 06-5407 SBA, 2007 WL 1033472 (N.D. Cal. Apr 4, 2007) (transfer "serves the interests of justice in that it will discourage forum-shopping").

4. The Non-California Class Members Have No Contacts with California and the Defendants Have Very Few.

The Parties' lack of contacts with California also weighs in favor of transfer to the District of New Jersey. Although the California class members reside in California, the vast majority of the putative nationwide class members have no known contacts with California. Plaintiffs set forth no evidence that any of them purchased the Products in California. *See Park v. Doyle Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1094 (N.D. Cal. 2013) (when "the conduct giving rise to the claims occurred in a different forum," the "degree of deference" to plaintiff's choice of forum "is substantially diminished").

As discussed above, all of Beiersdorf, Inc.'s employees who work on the formulation or labeling of Coppertone Products work in New Jersey or Connecticut. Fleckney Decl. ¶18. Beiersdorf, Inc. has no offices in California. *Id.* Decl. ¶ 17. Labeling consultants for the Products are located in Georgia, Kentucky, Virginia, or New York. *Id.* ¶ 19. *See S.F. Tech. Inc., v. Pfizer Inc.*, No. 10-cv-5597 SBA, 2011 WL 2462300, at *1 (N.D. Cal. June 20, 2011) (transferring to District of New Jersey, where defendant "is headquartered and the relevant witnesses and documents are located"). The only relevant contact Defendants have with California is the sale of the Products there, but this alone is a weak connection. *See, e.g.*, *Saunders*, 71 F. Supp. 3d at 1061 (this factor weighed in favor of transfer "because Defendant [had] little connection with California outside of the presence of policyholders in this state").

5. The District of New Jersey Is the Locus of Material Events.

The basis of Plaintiffs' claims is that Defendants inappropriately labeled the Products as containing a "mineral-based formula." Compl. ¶ 5. As courts have recognized in relation to other fraud allegations, "fraud claims arise in the district from which the misrepresentations and omissions originated." *Gallagher v. Ocular Therapeutix, Inc.*, No. 17-cv-5011, 2017 WL 4882487, at *4 (D.N.J. Oct. 27, 2017) (transferring to the forum of defendant's corporate home because "the alleged misrepresentations were made at [defendant's] Massachusetts headquarters"); *Fed. Deposit Ins. Corp. v. First Priority Fin., Inc.*, No. 11-cv-01799-CJC(ANx), 2012 WL 12948860, at *2 (C.D. Cal. Apr. 26, 2012) (transferring case to defendant's home state because defendant's alleged

misrepresentations stemmed from the transferee district). The formulation information and responsibilities for the Products and decisions about their labeling are located and occur in New Jersey. Fleckney Decl. ¶¶ 18, 20. Indeed, virtually every aspect of these claims arises from decisions made by Defendants in New Jersey. *See, e.g.*, *Saunders*, 71 F. Supp. 3d at 1061 (transferring to the Western District of Texas a putative class action of insurance policyholders challenging a premium increase where "all of the conduct underlying the premium increase occurred in Texas").

Aside from distribution of the Products to California consumers, no relevant events occurred in this District. *Lou*, 834 F.2d at 739 (transfer is appropriate where "the operative facts have not occurred within the [transferor] forum"); *Schwartz v. Frito-Lay N. Am.*, No. 12-cv-02740(EDL), 2012 WL 8147135, at *5 (N.D. Cal. Sept. 12, 2012) (plaintiff's argument that there was a local interest tied to plaintiff's place of purchase was "weak, as the cases deal with products sold nationwide").

6. <u>It Will Be Less Expensive to Litigate This Case in New Jersey.</u>

It will be less expensive to litigate this case in the District of New Jersey, and this factor too weighs in favor of transfer. *See U.S. ex rel. Cody v. Mantech Int'l* Corp., No. 13-cv-9173-FMO(SSx), 2016 WL 10537807, at * 5 (C.D. Cal. Feb. 9, 2016) (considering the cost of witness "travel and lodging expenses" as a factor weighing in favor of transfer). All of the Defendants are located in either New Jersey or nearby Connecticut. Fleckney Decl. ¶¶ 6–7; Abrams Decl. ¶¶ 3–4. Defendants' employees with knowledge of formulation and labeling decisions who would be most likely to testify in this matter are all located in New Jersey or Connecticut. Fleckney Decl. ¶¶ 18. It would be expensive for all of these witnesses to travel to California. *Mantech*, 2016 WL 10537807, at *5 ("since most of the witnesses live in the Eastern District of Virginia or in close proximity to that District, travel and lodging expenses will be significantly reduced, further adding to the convenience of a witness"); *McCoy v. Stronach*, No. 12-cv-000983-AWI-SAB (PC), 2019 WL 6894429, at *2 (E.D. Cal. Dec. 18, 2019) (in considering motion to transfer, considering whether "the expected witnesses and other evidence are likely to be located in this district").

Moreover, potential non-party witnesses could more easily travel from Georgia, Kentucky, New York, and Virginia to New Jersey than to California. *See Park, Inc.*, 964 F. Supp. 2d at 1095

("litigation costs are reduced when venue is located near the most witnesses expected to testify"). And where potential non-party witnesses are beyond the scope of the Court's 100-mile subpoena authority, *see* Fed. R. Civ. P. 45(c)(1), the issues that distance may present "weigh[ ] heavily in favor of transfer." *Sutton v. Apple Inc.*, No. 10-cv-08176, 2011 WL 2550500, at *4 (N.D. Ill. June 23, 2011); *see also Doe v. Uber Techs., Inc.*, No. 17-cv-00950, 2017 WL 2352032, at *7 (N.D. Cal. May 31, 2017) ("because witnesses essential to this case reside in Minnesota and are not subject to this Court's subpoena power, I find that this factor weighs strongly in favor of transfer"). By contrast, it is at least possible that the District of New Jersey will have compulsory process over the potential witnesses in New York. *See Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 765 (C.D. Cal. 2016) (finding this factor weighed in favor of transfer where potential key witnesses were outside the compulsory power of the transferor court).

Additionally, all documents relevant to this litigation are stored in New Jersey or Connecticut; none are in California. Fleckney Decl. ¶ 20. *See Park*, 964 F. Supp. 2d at 1095 ("costs of litigation can still be substantially lessened if the venue is in the district in which most of the documentary evidence is stored").

7. <u>All Relevant Sources of Proof Are Located in New Jersey, Not California.</u>

As shown through this multi-factored analysis, this case is simply more connected to New Jersey than it is to California. The products are formulated in New Jersey, individuals who oversee packaging and labeling decisions are located in New Jersey, and relevant documents are located in New Jersey. The District of New Jersey therefore presents easier access to the relevant sources of proof. *See, e.g.*, *Jakusz v. Union Pac. R. R. Co.*, No. 05-cv-4842-JSW, 2006 WL 563055, at *3 (N.D. Cal. Mar. 6, 2006) ("it is apparent that the majority of the evidence is located in the Las Vegas area" and "this factor weighs in favor of transfer"); *Saunders*, 71 F. Supp. 3d at 1061 (factor weighed in favor of transfer because "most if not all of the other relevant sources of evidence and proof are in Texas, not California"). For this reason as well, transfer is appropriate.

## II. THIS COURT LACKS PERSONAL JURISDICTION OVER ALL DEFENDANTS AS TO CLAIMS BROUGHT ON BEHALF OF NON-CALIFORNIA CLASS MEMBERS.

Defendants have moved separately to dismiss or strike Plaintiffs' putative nationwide class allegations on lack of standing under Rule 12(b)(1) and the impossibility of satisfying Rule 23(b)(3), being filed concurrently herewith. Even if these nationwide class claims were allowed to continue, however, this Court cannot constitutionally exercise personal jurisdiction over any of the Defendants for the absent, non-California class members' claims.

There are two limitations on this Court's power to exercise personal jurisdiction over a non-resident Defendant: the applicable state personal jurisdiction rule and constitutional principles of due process. *Action Embroidery,* 368 F.3d at 1180. California's long-arm statute states that "[a] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ. Proc. Code § 410.10. Thus, the statutory and constitutional analyses merge into one. As to the constitutional analysis, performed under the Due Process Clause of the Fourteenth Amendment, "[t]he primary focus of [the] personal jurisdiction inquiry is the defendant's relationship to the forum State." *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779 (2017). A court may have either general or specific personal jurisdiction over a defendant. *Id.* at 1779–80. "A court with general jurisdiction may hear *any* claim against that defendant," no matter where the incidents underlying the claim occurred. *Id.* at 1780. A court may only exercise specific jurisdiction, however, when the claim "aris[es] out of" or "relat[es] to" the defendant's specific contacts with the forum. *Id*.

### A. None of the Defendants Are Subject to General Jurisdiction in California.

General jurisdiction exists only where a "corporation's affiliations with the State . . . are so constant and pervasive 'as to render [it] essentially at home in the forum State.'" *Daimler AG v. Bauman*, 571 U.S. 117, 122 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). In *Daimler*, the Court stated that a corporation is subject to general jurisdiction outside its place of incorporation and principal place of business only in "exceptional" cases. *Id.* at 139 n.19. The Court expressly refused to "approve the exercise of general jurisdiction in

every State in which a corporation engages in a substantial, continuous, and systematic course of business," holding that "formulation . . . [to be] unacceptably grasping." *Id*. at 138.

None of the Defendants have principal places of business in California or are incorporated in California. Compl. ¶¶ 12–17. While the Products are sold in California, *Daimler* rejects general jurisdiction based on sales in the forum state, reasoning that "[s]uch exorbitant exercises of all-purpose jurisdiction would scarcely permit out-of-state defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." *Daimler*, 571 U.S. at 139 (internal quotation marks omitted). Accordingly, Plaintiffs cannot establish facts showing that this Court may constitutionally exercise *general* jurisdiction over any of the Defendants in California.

### B. There Is No Specific Jurisdiction Over Any of the Defendants for the Non-California Plaintiffs' Claims.

Specific jurisdiction "exists when a case arises out of or relates to the defendant's contacts with the forum." *In re Nissan N. Am., Inc. Litig.*, No. 18-CV-07292-HSG, 2019 WL 4601557, at *3 (N.D. Cal. Sept. 23, 2019) (finding no specific jurisdiction over the claims of non-resident plaintiffs in a class action) (internal quotation marks omitted). "When there is no such connection, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781. The requirements of specific jurisdiction "'must be met as to each defendant over whom a state court exercises jurisdiction.'" *Id.* at 1783 (quoting *Rush v. Savchuk*, 444 U.S. 320, 332 (1980)).

Defendants Bayer HealthCare LLC and Beiersdorf, Inc. do not dispute that this Court has specific jurisdiction over them with respect to Plaintiffs' claims and the California subclass that Plaintiffs purport to represent. Compl. ¶ 48. However, this Court does not have specific jurisdiction over any of the Defendants with respect to claims brought on behalf of absent class members who reside outside of California and bought the Products in their home states: there is simply no connection between these claims and California. *See Carpenter v. PetSmart, Inc.*, No. 19-CV-1731-CAB-LL, 2020 WL 996947, at *6 (S.D. Cal. Mar. 2, 2020) ("this California court lacks personal jurisdiction over claims based on [] purchases made outside of California").

Specific jurisdiction is only justified in a forum where a defendant has "certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). In the Ninth Circuit, a court may only exercise specific jurisdiction "when three requirements are satisfied: (1) the defendant either purposefully directs its activities or purposefully avails itself of the benefits afforded by the forum's laws; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction comports with fair play and substantial justice, i.e., it is reasonable." *William v. Yamaha Motor Co. Ltd.*, 851 F.3d 1015, 1023 (9th Cir. 2017) (internal quotation marks omitted).

For this Court to exercise specific jurisdiction over a claim, "there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." *Bristol-Myers Squibb*, 137 S. Ct. at 1781 (citations omitted). In other words, each claim must arise from Defendants' forum-related activities. *Matus v. Premium Nutraceuticals, LLC*, 715 F. App'x 662, 663 (9th Cir. 2018) (no personal jurisdiction over a California plaintiff's false advertising claims against a Georgia defendant when plaintiff purchased relevant product from a third-party). Rather, "[w]hat is needed—and what is missing here—is a connection between the forum and the specific claims at issue." *Bristol-Myers Squibb*, 137 S. Ct. at 1781.

Although *Bristol-Myers Squibb* did not address class actions specifically, its logic applies here. *See, e.g.*, *In re Dental Supplies Antitrust Litig.*, No. 16-cv-696 (BMC)(GRB), 2017 WL 4217115, at *9 (E.D.N.Y. Sept. 20, 2017) ("The constitutional requirements of due process do [] not wax and wane when the complaint is individual or on behalf of a class."). Courts in the Ninth Circuit agree. *See, e.g.*, *Wenokur v. AXA Equitable Life Ins. Co.*, No. CV-17-00165-PHX-DLR, 2017 WL 4357916, at *4 n.4 (D. Ariz. Oct. 2, 2017) (*Bristol-Myers Squibb* applies to claims of non-resident absent class members) ("The Court also notes that it lacks personal jurisdiction over the claims of putative class members with no connection to Arizona and therefore would not be able to certify a nationwide class.").

For example, in *Carpenter*, the California Court held that it lacked specific jurisdiction over the defendant with respect to the claims of absent class members who purchased the relevant products outside of California. 2020 WL 996947, at *6 (the "court lacks personal jurisdiction over the defendant with respect to out of state claims regardless of the composition of the named plaintiffs"). The Court determined that the fact that "the Supreme Court did not consider whether its holding in *Bristol-Myers Squibb* would apply to class actions is hardly supportive of a holding that it does not apply to class actions." *Id.* at 5 ("Whether the individuals who made those out of state purchases are named plaintiffs as part of a mass action, named as representatives for out of state class members, or unnamed members of a putative nationwide class of plaintiffs is a distinction without a difference."). *Id.* at 6.

Plaintiffs cannot bootstrap specific jurisdiction for out-of-state class members' claims through their own individual claims. *Bristol-Myers Squibb*, 137 S. Ct. at 1781 ("The mere fact that *other* plaintiffs were prescribed, obtained, and ingested [the drug at issue] in California—and allegedly sustained the same injuries as did the non-residents—does not allow the State to assert specific jurisdiction over the non-residents' claims."). Plaintiffs allege no connection between non-California absent class members' claims and California; in fact, this Court would lack specific jurisdiction over their claims if those non-California absent class members were to try to bring their claims individually in California themselves. *Id.* at 1780 (requiring "an affiliation between the forum and the underlying controversy" for the exercise of specific jurisdiction.).

Because this Court lacks both general and specific jurisdiction over Defendants with regard to non-California putative class members' claims, it should dismiss Plaintiffs' breach of express warranty and unjust enrichment claims brought on behalf of a putative nationwide class. *Carpenter*, 2020 WL 996947, at *5–7 ("That [defendant] sold some [product] in California does not create a sufficient relationship between [defendant] and California such that it should be subject to specific personal jurisdiction in California for the claims of a nationwide class with no connection to California.").

## III. THIS COURT LACKS PERSONAL JURISDICTION OVER BAYER HEALTHCARE PHARMACEUTICALS INC. AND BEIERSDORF NORTH AMERICA, INC. FOR ALL CLAIMS.

Finally, this Court must dismiss all claims (whether brought by California residents or not) against Defendant Bayer HealthCare Pharmaceuticals Inc. and Defendant Beiersdorf North America, Inc. for lack of personal jurisdiction. As noted above, *supra*, Section II, a court may have either general or specific personal jurisdiction over a defendant, and neither exist here as to BHP or BNA.

As to general jurisdiction, neither of these entities are incorporated in nor do they have principal places of business in California. Compl. ¶¶ 12–17. Thus, under *Daimler*, this Court does not have general jurisdiction over either BHP or BNA. 571 U.S. at 139.

As to specific jurisdiction, BHP and BNA are entities completely separate from Defendants Bayer HealthCare LLC and Beiersdorf, Inc., respectively. Fleckney Decl. ¶¶ 9–12; Abrams Decl. ¶¶ 5–9. Neither company has contacts with California connected to Plaintiffs' claims. Neither of these two Defendants have formulated, labeled, advertised, manufactured, nor sold the Products anywhere, let alone in California. Fleckney Decl. at ¶¶ 14–16; Abrams Decl. ¶ 11. It would be unfair to exercise specific jurisdiction over either of these Defendants. *See Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970 (N.D. Cal. 2016) (declining to exercise personal jurisdiction over holding company). Nor is this one of the "narrow circumstances" in which it is appropriate to pierce the corporate veil to establish personal jurisdiction, as the requisite "unity of interest and ownership" is absent. *See id.* at 983 (no personal jurisdiction over holding companies, and the holding companies were not the alter ego of the national retail pharmacy chain). BHP and BNA are distinct legal entities from Bayer HealthCare LLC and Beiersdorf, Inc. respectively and do not control these Defendants. Fleckney Decl. at ¶¶ 9–12; Abrams Decl. ¶¶ 5–9.

This Court should dismiss all claims against Defendants Bayer HealthCare Pharmaceuticals Inc. and Beiersdorf North America, Inc. for lack of personal jurisdiction.

## CONCLUSION

Defendants respectfully request that (1) this case be transferred to the District of New Jersey under 28 U.S.C. § 1404(a); (2) all claims brought on behalf of non-California class members against

all Defendants be dismissed for lack of personal jurisdiction; and (3) all claims against Bayer HealthCare Pharmaceuticals Inc. and Beiersdorf North America, Inc. be dismissed for lack of personal jurisdiction.

Dated: May 1, 2020

SIDLEY AUSTIN LLP

By: */s/ Alycia A. Degen*
Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants*