# EXHIBIT J



null / ALL
**Transmittal Number: 20934421**
**Date Processed: 01/07/2020**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Romaine Fulton<br>Bayer Corporation<br>100 Bayer Rd<br>Pittsburgh, PA 15205-9741 |
| **Electronic copy provided to:** | Aggie Markanich<br>Ana Hartner<br>Jennifer Makuch<br>Avery Stemmler |

| | |
|---|---|
| **Entity:** | Bayer Healthcare Pharmaceuticals Inc.<br>Entity ID Number  2636824 |
| **Entity Served:** | Bayer Healthcare Pharmaceuticals, Inc. |
| **Title of Action:** | Mike Xavier vs. Bayer Healthcare Pharmaceuticals, Inc. |
| **Document(s) Type:** | Demand Letter |
| **Nature of Action:** | Class Action |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/07/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Shireen Clarkson<br>213-788-4580 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# CLARKSON
## LAW FIRM

Experience. Integrity. Justice.

Shireen Clarkson, Esq.
Partner

Clarkson Law Firm, P.C.
9255 Sunset Ave., Ste. 804
Los Angeles, CA 90069
(213) 788-4050 (Main)
(213) 788-4580 (Direct)
(213) 788-4070 (Fax)
(855) 876-1300 (Toll-Free)
www.clarksonlawfirm.com
sclarkson@clarksonlawfirm.com

January 3, 2020

## VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED

Bayer Healthcare Pharmaceuticals, Inc.
Attn: Philip Blake, CEO/President
100 Bayer Boulevard
Whippany, NJ 07981

CSC Lawyers Incorporating Service
Re: Bayer Healthcare Pharmaceuticals, Inc.
2710 Gateway Oaks Dr., Ste 150 N
Sacramento, CA 95833

Beiersdorf, Inc.
45 Danbury Road
Wilton, CT 06897

Peter Metzer, Agent of Service
Re: Beiersdorf, Inc.
31 Blueberry LA
Darien, CT 06820

Corporation Service Company
Re: Beiersdorf AG
251 Little Falls Drive
Wilmington, DE 19808

      Re:    Coppertone California Litigation

To Whom It May Concern:

      Pursuant to California Civil Code § 1782 (a)(1), we write to notify Bayer Healthcare Pharmaceuticals, Inc. and Beiersdorf, Inc. (collectively, "Defendants") that they have violated, and continue to violate, the Consumer Legal Remedies Act (Civ. Code § 1750, et seq.) and other applicable laws.

## Background

      There are two types of sunscreen products: chemical-based and mineral-based. Chemical-based sunscreens contain various synthetic, active chemical ingredients, such as Octisalate and Octinoxate, which protect the skin by absorbing UV radiation and

dissipating it as heat.[1] Conversely, mineral-based sunscreens use active mineral ingredients (zinc oxide and/or titanium dioxide), which deflect or scatter UV rays.

In recent years, consumers have become increasingly concerned about using chemical-based sunscreens because the active chemical ingredients have been shown to have adverse health effects, including endocrine disruption, skin irritation, allergic reactions, and causing the production of dangerous free radicals. In fact, state lawmakers in Hawaii recently banned two chemical sunscreen ingredients, Octinoxate and Oxybenzone. In explaining its decision to ban those ingredients, the Hawaii legislature stated:

> Oxybenzone and octinoxate cause mortality in developing coral; increase coral bleaching that indicates extreme stress, even at temperatures below 87.8 degrees Fahrenheit; and cause genetic damage to coral and other marine organisms. These chemicals have also been shown to degrade corals' resiliency and ability to adjust to climate change factors and inhibit recruitment of new corals. Furthermore, oxybenzone and octinoxate appear to increase the probability of endocrine disruption. Scientific studies show that both chemicals can induce feminization in adult male fish and increase reproductive diseases in marine invertebrate species (e.g., sea urchins), vertebrate species (e.g., fish such as wrasses, eels, and parrotfish), and mammals (in species similar to the Hawaiian monk seal). The chemicals also induce deformities in the embryonic development of fish, sea urchins, coral, and shrimp and induce neurological behavioral changes in fish that threaten the continuity of fish populations. In addition, species that are listed on the federal Endangered Species Act and inhabit Hawaii's waters, including sea turtle species, marine mammals, and migratory birds, may be exposed to oxybenzone and octinoxate contamination.

*See* https://legiscan.com/HI/text/SB2571/2018.

Because of their concerns about chemical sunscreens, consumers have increasingly sought out mineral-based sunscreens, the sales of which have surged in recent years. This is particularly true among consumers of sunscreens intended for use on babies and children.

**Sunscreen Claims**

Defendants manufacture, market, advertise, label, and sell various Coppertone sunscreen products, including Coppertone Water Babies Mineral-Based Sunscreen Lotion (in various sizes); Coppertone Water Babies Mineral-Based Sunscreen Stick; Coppertone Kids Mineral-Based Formula Sunscreen Lotion (collectively, "Mineral-Based Products").[2]

Defendants prominently and uniformly label the front display panel of the Mineral-Based Products with the label "Mineral-Based." The labels are set against—and highlighted by—an eye-catching, polished-silver background.

---

[1] "Active" ingredients are those that produce the desired or intended result. In the case of sunscreens, they are the ingredients that protect the skin from harmful UV rays.

[2] See Exhibit One for images of the Products

Based on the "Mineral-Based" representations, reasonable consumers believe the Products contain only active mineral ingredients. Put differently, reasonable consumers do not believe the Products contain any active synthetic chemical ingredients. This understanding is further reinforced by the fact that *virtually all* sunscreens on the market that are advertised as mineral or mineral-based contain only active mineral ingredients.

However, in spite of the labeling, the Products actually contain the active chemical ingredients Octinoxate (banned in Hawaii) and Octisalate, in addition to Zinc Oxide. Even more misleading, in the Coppertone Water Babies Mineral-Based Sunscreen Stick Products, the active chemical ingredients comprise a *larger* percentage of the Products than the active mineral ingredients:

<u>**Mineral-Based Sunscreen Stick Products:**</u>
- Active Chemical Ingredients: 17.5%
- Active Mineral Ingredients: 15%

As to the remaining Products, the percentage of active chemical ingredients is nearly equal to the percentage of active mineral ingredients (12.5% chemical vs. 14.5% mineral).

Therefore, labeling the Products as "Mineral-Based" where the percentage of active mineral ingredients is actually *less than*, or *nearly equal to*, the percentage of active chemical ingredients is wholly misleading and deceptive.

## Violation of California Consumer Protection Statutes

Accordingly, Defendants have violated, and continue to violate, the CLRA and California law. Specifically, in connection with the advertising, labeling, packaging, and marketing of the Products, Defendants have violated the following subdivisions of California Civil Code section 1770(a):

- Representing that the Products have (i) "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which [they do] not have" (1770(a)(5));
- Representing that the Products are of "a particular standard, quality, or grade," when they are of another (1770(a)(7)); and
- "Advertising goods…with the intent not to sell them as advertised" (1770(a)(9)).

In addition, Defendants' conduct violates California Business & Professions Code § 17500, which prohibits "unfair, deceptive, untrue or misleading advertising." Defendants violate § 17500 by representing, through false and misleading advertising, and through other express representations, that the Products are mineral-based, when, in fact, the Products contain substantial active synthetic chemical ingredients. As described above, these statements are false and misleading.

Defendants' conduct also violates California Business & Professions Code §§ 17200, *et seq*. Among other things, Defendants' conduct constitutes an unfair or fraudulent business practice. Defendants make material false representations to consumers

concerning the Products that are likely to deceive consumers into purchasing the Products on the mistaken belief that the mineral-based representations are true. Consumers have been directly injured by Defendants' conduct in that they would not have purchased the Products, or would have purchased them on different terms, had they known the truth about the Products.

As a proximate and direct result of Defendants' conduct, our clients, Mike Xavier and Steven Prescott (together, "Plaintiffs") and similarly situated consumers, have been injured and suffered damages by purchasing the Products. Likewise, Defendants have unreasonably profited from their conduct.

**How to Resolve These Matters**

Plaintiffs demand that Defendants immediately cease the unlawful business practices described herein, disgorge the profits derived from these unlawful business practices and false advertising, and make restitution to our client and all similarly situated consumers of the Products, without limitation.

In addition, Plaintiffs request that Defendants allow us to verify, by depositions or other methods, how many consumers were affected by Defendants' improper conduct, that Defendants have implemented any resolution we reach, and that Defendants have implemented procedures to prevent the improper conduct from reoccurring.

Furthermore, on behalf of Plaintiffs and similarly situated consumers, we request that Defendants institute a recall program, to be approved and supervised by us, as counsel to Plaintiffs and a putative class of similarly situated consumers, of all Products that presently have packaging or labeling that makes any of the claims as described herein.

**Preservation Request**

This letter also constitutes notice to Defendants that they are not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronic data and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to your processes for advertising products, your process for creating marketing materials and product labels regarding the Products, including, but not limited to, the following:

1. All documents concerning the ingredients, formula, and manufacturing processes for the Products;
2. All communications with any U.S. administrative entity, or complaints by any private person or entity concerning product development, manufacturing, marketing and sales of the Products;
3. All documents concerning the advertisement, manufacturing, marketing, labeling, distribution, or sale of the Products; and
4. All communications with customers concerning complaints or comments concerning the Products and their advertising and labeling.

We are willing to negotiate to attempt to resolve the demands in this letter. If you wish to enter into such discussions, then please contact us immediately. If you contend that any statement in this letter is inaccurate in any respect, the please provide us with your contentions and supporting documents promptly.

Thank you for your attention to this matter.

CLARKSON LAW FIRM, P.C.

Shireen Clarkson, Esq.

# EXHIBIT ONE

**<u>Coppertone Water Babies Mineral-Based Sunscreen Lotion (in various sizes)</u>**





**Coppertone Water Babies Mineral-Based Sunscreen Stick**



SUNSCREEN STICK

water
**babies**
Pure & Simple



Mineral-Based
Formula

Paraben and
PABA Free

Water Resistant
(80 Minutes)

Broad Spectrum
SPF 50



NET WT 0.49 OZ (13.9 g)

## Coppertone Kids Mineral-Based Formula Sunscreen Lotion



Clarkson Law Firm, P.C.
9255 Sunset Blvd., Ste 804
Los Angeles, CA 90069



CERTIFIED MAIL

7018 3090 0000 5073 2670



CSC Lawyers Incorporating Service
Re: Bayer Healthcare Pharmaceuticals, In
2710 Gateway Oaks Dr. Ste 150N
Sacramento CA 95833-3502

$6.80
US POSTAGE
FIRST-CLASS
FROM 90069
JAN 03 2020
stamps
endicia



# CSC

## Notice of Service of Process

null / ALL
**Transmittal Number: 20936708**
**Date Processed: 01/08/2020**

| | |
|---|---|
| **Primary Contact:** | Corporate Officer null<br>Beiersdorf, Inc.<br>45 Danbury Road<br>Wilton, CT 06856 |

| | |
|---|---|
| **Entity:** | Beiersdorf, Inc.<br>Entity ID Number 0059213 |
| **Entity Served:** | Beiersdorf AG |
| **Title of Action:** | Mike Xavier vs. Healthcare Pharmaceuticals, Inc. |
| **Document(s) Type:** | Demand Letter |
| **Nature of Action:** | Product Liability |
| **Case/Reference No:** | Not Shown |
| **Jurisdiction Served:** | Delaware |
| **Date Served on CSC:** | 01/07/2020 |
| **Answer or Appearance Due:** | Other/NA |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Shireen Clarkson<br>213-788-4050 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



# CLARKSON
## LAW FIRM

Experience. Integrity. Justice.

Shireen Clarkson, Esq.
Partner

Clarkson Law Firm, P.C.
9255 Sunset Ave., Ste. 804
Los Angeles, CA 90069
(213) 788-4050 (Main)
(213) 788-4580 (Direct)
(213) 788-4070 (Fax)
(855) 876-1300 (Toll-Free)
www.clarksonlawfirm.com
sclarkson@clarksonlawfirm.com

January 3, 2020

## VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED

Bayer Healthcare Pharmaceuticals, Inc.
Attn: Philip Blake, CEO/President
100 Bayer Boulevard
Whippany, NJ 07981

CSC Lawyers Incorporating Service
Re: Bayer Healthcare Pharmaceuticals, Inc.
2710 Gateway Oaks Dr., Ste 150 N
Sacramento, CA 95833

Beiersdorf, Inc.
45 Danbury Road
Wilton, CT 06897

Peter Metzer, Agent of Service
Re: Beiersdorf, Inc.
31 Blueberry LA
Darien, CT 06820

Corporation Service Company
Re: Beiersdorf AG
251 Little Falls Drive
Wilmington, DE 19808

Re:    Coppertone California Litigation

To Whom It May Concern:

Pursuant to California Civil Code § 1782 (a)(1), we write to notify Bayer Healthcare Pharmaceuticals, Inc. and Beiersdorf, Inc. (collectively, "Defendants") that they have violated, and continue to violate, the Consumer Legal Remedies Act (Civ. Code § 1750, et seq.) and other applicable laws.

## Background

There are two types of sunscreen products: chemical-based and mineral-based. Chemical-based sunscreens contain various synthetic, active chemical ingredients, such as Octisalate and Octinoxate, which protect the skin by absorbing UV radiation and

dissipating it as heat.[1] Conversely, mineral-based sunscreens use active mineral ingredients (zinc oxide and/or titanium dioxide), which deflect or scatter UV rays.

In recent years, consumers have become increasingly concerned about using chemical-based sunscreens because the active chemical ingredients have been shown to have adverse health effects, including endocrine disruption, skin irritation, allergic reactions, and causing the production of dangerous free radicals. In fact, state lawmakers in Hawaii recently banned two chemical sunscreen ingredients, Octinoxate and Oxybenzone. In explaining its decision to ban those ingredients, the Hawaii legislature stated:

> Oxybenzone and octinoxate cause mortality in developing coral; increase coral bleaching that indicates extreme stress, even at temperatures below 87.8 degrees Fahrenheit; and cause genetic damage to coral and other marine organisms. These chemicals have also been shown to degrade corals' resiliency and ability to adjust to climate change factors and inhibit recruitment of new corals. Furthermore, oxybenzone and octinoxate appear to increase the probability of endocrine disruption. Scientific studies show that both chemicals can induce feminization in adult male fish and increase reproductive diseases in marine invertebrate species (e.g., sea urchins), vertebrate species (e.g., fish such as wrasses, eels, and parrotfish), and mammals (in species similar to the Hawaiian monk seal). The chemicals also induce deformities in the embryonic development of fish, sea urchins, coral, and shrimp and induce neurological behavioral changes in fish that threaten the continuity of fish populations. In addition, species that are listed on the federal Endangered Species Act and inhabit Hawaii's waters, including sea turtle species, marine mammals, and migratory birds, may be exposed to oxybenzone and octinoxate contamination.

*See* https://legiscan.com/HI/text/SB2571/2018.

Because of their concerns about chemical sunscreens, consumers have increasingly sought out mineral-based sunscreens, the sales of which have surged in recent years. This is particularly true among consumers of sunscreens intended for use on babies and children.

**Sunscreen Claims**

Defendants manufacture, market, advertise, label, and sell various Coppertone sunscreen products, including Coppertone Water Babies Mineral-Based Sunscreen Lotion (in various sizes); Coppertone Water Babies Mineral-Based Sunscreen Stick; Coppertone Kids Mineral-Based Formula Sunscreen Lotion (collectively, "Mineral-Based Products").[2]

Defendants prominently and uniformly label the front display panel of the Mineral-Based Products with the label "Mineral-Based." The labels are set against—and highlighted by—an eye-catching, polished-silver background.

---

[1] "Active" ingredients are those that produce the desired or intended result. In the case of sunscreens, they are the ingredients that protect the skin from harmful UV rays.

[2] See Exhibit One for images of the Products

We are willing to negotiate to attempt to resolve the demands in this letter. If you wish to enter into such discussions, then please contact us immediately. If you contend that any statement in this letter is inaccurate in any respect, the please provide us with your contentions and supporting documents promptly.

Thank you for your attention to this matter.

CLARKSON LAW FIRM, P.C.

Shireen Clarkson, Esq.

Based on the "Mineral-Based" representations, reasonable consumers believe the Products contain only active mineral ingredients. Put differently, reasonable consumers do not believe the Products contain any active synthetic chemical ingredients. This understanding is further reinforced by the fact that *virtually all* sunscreens on the market that are advertised as mineral or mineral-based contain only active mineral ingredients.

However, in spite of the labeling, the Products actually contain the active chemical ingredients Octinoxate (banned in Hawaii) and Octisalate, in addition to Zinc Oxide. Even more misleading, in the Coppertone Water Babies Mineral-Based Sunscreen Stick Products, the active chemical ingredients comprise a *larger* percentage of the Products than the active mineral ingredients:

### Mineral-Based Sunscreen Stick Products:
- Active Chemical Ingredients: 17.5%
- Active Mineral Ingredients: 15%

As to the remaining Products, the percentage of active chemical ingredients is nearly equal to the percentage of active mineral ingredients (12.5% chemical vs. 14.5% mineral).

Therefore, labeling the Products as "Mineral-Based" where the percentage of active mineral ingredients is actually *less than*, or *nearly equal to*, the percentage of active chemical ingredients is wholly misleading and deceptive.

### Violation of California Consumer Protection Statutes

Accordingly, Defendants have violated, and continue to violate, the CLRA and California law. Specifically, in connection with the advertising, labeling, packaging, and marketing of the Products, Defendants have violated the following subdivisions of California Civil Code section 1770(a):

- Representing that the Products have (i) "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which [they do] not have" (1770(a)(5));
- Representing that the Products are of "a particular standard, quality, or grade," when they are of another (1770(a)(7)); and
- "Advertising goods…with the intent not to sell them as advertised" (1770(a)(9)).

In addition, Defendants' conduct violates California Business & Professions Code § 17500, which prohibits "unfair, deceptive, untrue or misleading advertising." Defendants violate § 17500 by representing, through false and misleading advertising, and through other express representations, that the Products are mineral-based, when, in fact, the Products contain substantial active synthetic chemical ingredients. As described above, these statements are false and misleading.

Defendants' conduct also violates California Business & Professions Code §§ 17200, *et seq.* Among other things, Defendants' conduct constitutes an unfair or fraudulent business practice. Defendants make material false representations to consumers

concerning the Products that are likely to deceive consumers into purchasing the Products on the mistaken belief that the mineral-based representations are true. Consumers have been directly injured by Defendants' conduct in that they would not have purchased the Products, or would have purchased them on different terms, had they known the truth about the Products.

As a proximate and direct result of Defendants' conduct, our clients, Mike Xavier and Steven Prescott (together, "Plaintiffs") and similarly situated consumers, have been injured and suffered damages by purchasing the Products. Likewise, Defendants have unreasonably profited from their conduct.

## How to Resolve These Matters

Plaintiffs demand that Defendants immediately cease the unlawful business practices described herein, disgorge the profits derived from these unlawful business practices and false advertising, and make restitution to our client and all similarly situated consumers of the Products, without limitation.

In addition, Plaintiffs request that Defendants allow us to verify, by depositions or other methods, how many consumers were affected by Defendants' improper conduct, that Defendants have implemented any resolution we reach, and that Defendants have implemented procedures to prevent the improper conduct from reoccurring.

Furthermore, on behalf of Plaintiffs and similarly situated consumers, we request that Defendants institute a recall program, to be approved and supervised by us, as counsel to Plaintiffs and a putative class of similarly situated consumers, of all Products that presently have packaging or labeling that makes any of the claims as described herein.

## Preservation Request

This letter also constitutes notice to Defendants that they are not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronic data and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to your processes for advertising products, your process for creating marketing materials and product labels regarding the Products, including, but not limited to, the following:

1. All documents concerning the ingredients, formula, and manufacturing processes for the Products;
2. All communications with any U.S. administrative entity, or complaints by any private person or entity concerning product development, manufacturing, marketing and sales of the Products;
3. All documents concerning the advertisement, manufacturing, marketing, labeling, distribution, or sale of the Products; and
4. All communications with customers concerning complaints or comments concerning the Products and their advertising and labeling.