Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, CA 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT and MIKE XAVIER, individually and on behalf of all Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> BAYER HEALTHCARE LLC, a Delaware limited liability company; BEIERSDORF, INC., a Delaware corporation, <br><br> Defendants. | ) Case No. 5:20-cv-00102 <br> ) <br> ) **DEFENDANTS' REQUEST FOR** <br> ) **JUDICIAL NOTICE IN SUPPORT OF** <br> ) **MOTION TO DISMISS FIRST AMENDED** <br> ) **COMPLAINT PURSUANT TO FED. R.** <br> ) **CIV. P. 8, 12(b)(1), AND 12(b)(6) OR TO** <br> ) **STRIKE PURSUANT TO RULE 12(f)** <br> ) <br> ) Judge: Hon. Nathanael M. Cousins <br> ) <br> ) Date: Wednesday, July 22, 2020 <br> ) Time: 1:00 p.m. <br> ) Place: Courtroom 5 <br> ) *Oral Argument Requested <br> ) <br> ) <br> ) |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on July 22 or as soon thereafter as counsel may be heard before the Honorable Judge Nathanael M. Cousins, in Courtroom 5 of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants Bayer HealthCare LLC and Beiersdorf, Inc. (collectively "Defendants") will and hereby do request that the Court take judicial notice of the documents attached as Exhibits A-M to this Request.

This Request is being submitted in support of Defendants' Notice of Motion and Motion to Dismiss First Amended Complaint Pursuant to Federal Rule of Civil Procedure 8, 12(b)(1), and 12(b)(6) or to Strike Pursuant to Rule 12(f), and is based on this Notice and Request; the Memorandum of Points and Authorities; all the papers, records, and pleadings on file in this action; and such other evidence as may be presented at the hearing on Defendants' Motion to Dismiss.

DATED: May 29, 2020

SIDLEY AUSTIN LLP

By: /s/ Alycia A. Degen
Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants*

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS OR STRIKE
CASE NO. 5:20-CV-00102

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rule of Evidence 201, and in connection with the concurrently filed Notice of Motion and Motion to Dismiss First Amended Complaint ("Motion"), Defendants respectfully request that the Court take judicial notice of the following documents, which are referenced in Defendants' Memorandum of Points and Authorities in Support of the Motion:

- Attached hereto as Exhibit A is a true and correct copy of 84 Fed. Reg. 6204 ("Sunscreen Drug Products for Over-the-Counter Human Use") (Feb. 28, 2019).

- Attached hereto as Exhibit B is a true and correct copy of FDA publication, *Sunscreen: How to Help Protect Your Skin from the Sun, available at* https://www.fda.gov/drugs/understanding-over-counter-medicines/sunscreen-how-help-protect-your-skin-sun (last visited April, 15, 2020).

- Attached hereto as Exhibit C is a true and correct copy of FDA publication, *FDA Advances New Proposed Regulation to Make Sure that Sunscreens Are Safe and Effective, available at* https://www.fda.gov/news-events/press-announcements/fda-advances-new-proposed-regulation-make-sure-sunscreens-are-safe-and-effective (last visited April 16, 2020).

- Attached hereto as Exhibit D is a true and correct copy of the full labels for the products at issue.

- Attached hereto as Exhibit E is a true and correct copy of FDA publication, *Questions and Answers: FDA Announces New Requirements For Over-the-Court (OTC) Sunscreen Products Marketed in the U.S., available at* https://www.fda.gov/drugs/understanding-over-counter-medicines/questions-and-answers-fda-announces-new-requirements-over-counter-otc-sunscreen-products-marketed-us (last visited April 23, 2020).

- Attached hereto as Exhibit F is a true and correct copy of FDA publication, *Enforcement Policy—OTC Sunscreen Drug Products Marketed Without an Approved Application, Guidance for Industry, available at* https://www.fda.gov/media/80403/download (May 22, 2018).

2

- Attached hereto as Exhibit G is a true and correct copy of 72 Fed. Reg. 49,070 ("Sunscreen Drug Products for Over-the-Counter Human Use; Proposed Amendment of Final Monograph") (August 27, 2007).

- Attached hereto as Exhibit H is a true and correct copy of the December 2012 FDA publication, *Guidance for Industry Labeling and Effectiveness Testing: Sunscreen Drug Products for Over-the-Counter Human Use—Small Entity Compliance Guide, available at* https://www.fda.gov/media/85172/download (December 6,  2012).

- Attached hereto as Exhibit I is a true and correct copy of 64 Fed. Reg. 13,260 ("Over-the-Counter Human Drugs: Labeling Requirements") (March 17, 1999).

- Attached hereto as Exhibit J is a true and correct copy of Katherine D. McManus, *What Is A Plant Based Diet And Why Should You Try It*, Harvard Health Publishing (Sept. 27, 2018), available at https://www.health.harvard.edu/blog/what-is-a-plant-based-diet-and-why-should-you-try-it-2018092614760.

- Attached hereto as Exhibit K is a true and correct copy of *What Are the Ingredients?* Impossible Foods FAQ, available at https://faq.impossiblefoods.com/hc/en-us/articles/360018937494-What-are-the-ingredients-.

- Attached hereto as Exhibit L are copies of the January 3, 2020 letters from the Clarkson Law Firm to Bayer HealthCare Pharmaceuticals Inc. and Beiersdorf, Inc.

- Attached hereto as Exhibit M is a copy of the September 10, 2018 letter from the Moon Law Firm to Bayer Corporation and Bayer HealthCare Pharmaceuticals Inc. on behalf of Kevin Terry and similarly situated consumers.

Federal Rule of Evidence 201(b) authorizes the Court to take judicial notice of facts that are "not subject to reasonable dispute" because they "can be accurately and readily determined from

3

sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). This Court should take judicial notice of the above documents for the following reasons.

Pursuant to Rule 201(b), courts routinely take judicial notice of documents that appear on FDA's website. *See, e.g., Gustavson v. Wrigley Sales Co.*, 961 F. Supp. 2d 1100, 1113 n.1 (N.D. Cal. 2013) ("[A] court may take judicial notice of . . . matters of public record," including documents "available on the FDA's website"); *Eidson v. Medtronic, Inc.*, 981 F. Supp. 2d 868, 878–79 (N.D. Cal. 2013) (taking judicial notice of documents that "appear on the FDA's public website"); *Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014) (taking judicial notice of documents from FDA's website, because "[u]nder Rule 201, the court can take judicial notice of public records and government documents available from reliable sources on the Internet, such as websites by government agencies") (internal quotations omitted); *Erickson v. Boston Scientific Corp.*, 846 F. Supp. 2d 1085, 1088–89 (C.D. Cal. 2011) (taking judicial notice of documents that are "published by the Food and Drug Administration ("FDA") and are located . . . on the FDA's online database").

The Court may also take judicial notice of other non-government websites. *See, e.g., O'Toole v. Northrop Grumman Corp.*, 499 F.3d 1218, 1225 (10th Cir. 2007) (noting that it "is not uncommon for courts to take judicial notice of factual information found on the world wide web"); *Matthews v. Nat'l Football League Mgmt. Council*, 688 F.3d 1107, 1113 (9th Cir. 2012) (taking judicial notice of football statistics found on the NFL's website); *Allphin v. Peter K. Fitness, LLC*, No. 13-cv-01338, 2014 WL 6997653, at *2-3 (N.D. Cal. Dec. 11, 2014) (taking judicial notice of "screenshots" of the defendant corporation's website); *Barnes v. Marriott Hotel Servs., Inc*., No. 15-cv-01409, 2017 WL 635474, at *4 (N.D. Cal. Feb. 16, 2017) (taking judicial notice of "several pages of the Marriott website describing the accessibility features of the Hotel"); *Liberty Mut. Ins. Co. v. Consol. Elec. & Tech. Assocs. Corp.*, No. 06-cv-10217, 2007 WL 118938, at *3 n.2 (E.D. Mich. Jan. 10, 2007) (taking judicial notice of company information from plaintiff's corporate website).

Additionally, under the "incorporation by reference" doctrine, a district court may consider, on a motion to dismiss, "documents whose contents are alleged in a complaint and whose

4

authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading." *Gustavson*, 961 F. Supp. 2d at 1113 n.1 (taking judicial notice of packaging labels referenced and quoted in the complaint).

Finally, Congress requires that Courts judicially notice federal register cites. *See* 44 U.S.C. § 1507 ("The contents of the Federal Register shall be judicially noticed and without prejudice to any other mode of citation, may be cited by volume and page number."); *M. Westland, LLC v. California Dept. of Trans.*, No. 19-cv-1661, 2020 WL 1652551, at *5 (C.D. Cal. Feb. 21, 2020) ("[t]he Federal Register is judicially noticeable pursuant to 44 U.S.C. § 1507"); *McMorrow v. Modelez Intl., Inc.*, No. 17-cv-02327, 2018 WL 3956022, at *3 (S.D. Cal. Aug. 17, 2018) ("The Court will take judicial notice of the Federal Drug Administration's regulations because the Court must judicially notice federal regulations and the contents of the Federal Register.").

Accordingly, Defendants respectfully request that the Court take judicial notice of the material referenced above and in the Memorandum of Points and Authorities in Support of the Motion, and consider these documents in connection with Defendants' concurrently filed Motion.

DATED: May 29, 2020

SIDLEY AUSTIN LLP

By: */s/ Alycia A. Degen*
Alycia A. Degen (SBN 211350)
adegen@sidley.com
SIDLEY AUSTIN LLP
555 West 5th Street, Suite 4000
Los Angeles, California 90013
Telephone: (213) 896-6000
Facsimile: (213) 896-6600

Kara L. McCall (*Pro Hac Vice*)
kmccall@sidley.com
Elizabeth M. Chiarello (*Pro Hac Vice*)
echiarello@sidley.com
SIDLEY AUSTIN LLP
1 South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036

*Attorneys for Defendants*

5