**CLARKSON LAW FIRM, P.C.**
Matthew T. Theriault (SBN 244037)
*mtheriault@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

**MOON LAW APC**
Christopher D. Moon (SBN 246622)
*chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
*kevin@moonlawapc.com*
600 West Broadway, Suite 700
San Diego, California 92101
Tel: (619) 915-9432
Fax: (650) 618-0478

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIKE XAVIER and STEVEN PRESCOTT, individually and on behalf of all others similarly situated,<br><br>            Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE LLC, a Delaware limited liability company; BEIERSDORF, INC., a Delaware corporation,<br><br>            Defendants. | Case No. 5:20-CV-00102<br><br>**[CLASS ACTION]**<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Hon. Nathanael M. Cousins<br><br>Date: Wednesday, July 22, 2020<br>Time: 1:00 pm<br>Place: Courtroom 5<br>*Oral Argument Requested |

Plaintiffs Mike Xavier and Steven Prescott, individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their counsel, hereby submit the following Memorandum in Opposition to Bayer Healthcare LLC's and Beiersdorf, Inc.'s ("Defendants") Motion to Dismiss First Amended Complaint (Dkt. 36) Plaintiffs' First Amended Complaint (Dkt. 28).

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

**TABLE OF CONTENTS**

Page(s)

I.   INTRODUCTION ...................................................................................................1

II.  FACTS ...................................................................................................................1

     A.   Mineral Sunscreen Defined.........................................................................1

     B.   Despite "Mineral Based" Labels, the Products Contain Harmful Chemicals..........2

     C.   Plaintiff's Reasonably Interpreted the "Mineral Based" Labeling and Advertising to Mean the Products Contained Only Mineral Active Ingredients........................2

III. LEGAL STANDARD..............................................................................................2

IV.  ARGUMENT ..........................................................................................................3

     A.   Plaintiffs' Claims are not Preempted ..........................................................3

     B.   The Court–Not the FDA–Has Primary Jurisdiction over Plaintiffs' Claims ...........7

     C.   Plaintiffs Have Plausibly Alleged that Defendants' Product Labeling and Advertising is False, Deceptive, and Misleading to Reasonable Consumers..........9

          a.   Whether Consumers Are Deceived by Defendants' Labeling is a Question of Fact that Cannot Be Decided on a Motion to Dismiss......................................9

          b.   Plaintiffs Have Adequately Alleged that Reasonable Consumers Are Misled ................................................................................................9

          c.   The Products' Ingredient List Is Not a Defense to Deceptive Advertising .....12

     D.   Plaintiffs Sufficiently Allege Breach of Express Warranty...................................14

     E.   Plaintiffs Have Sufficiently Alleged Unjust Enrichment.....................................15

     F.   Plaintiffs Have Standing to Pursue Claims for Subsequently Similar Products....16

     G.   Plaintiffs Have Standing to Seek Injunctive Relief  ...........................................18

     H.   Plaintiffs Have Standing to Bring Claims on Behalf of Non-Resident Class Members ..........................................................................................20

i

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

a.   Plaintiffs' Nationwide Class Allegations Are Properly Pleaded ....................22

I.        Plaintiffs Gave More than Sufficient Notice as Required by the CLRA ...............24

V.   OBJECTION ..............................................................................................................25

VI.   IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND ..................25

VII.   CONCLUSION...........................................................................................................25

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

## TABLE OF AUTHORITIES

### CASES

In re 100% Grated Parmesan Cheese Mktg. and Sales Practices. Litig.,
      275 F. Supp. 3d 910 (N.D. Ill. 2017) ...............................................................................13

*Astiana v. Hain Celestial Grp., Inc*,
      783 F.3d 753 (9th Cir. 2015) ...............................................................................3, 4, 6

*Astiana v. Dreyer's Grand Ice Cream, Inc.,*
      2012 U.S. Dist. LEXIS 101371 (N.D. Cal. July 20, 2012)......................................................16

*Barker v. Riverside County Office of Educ.,*
      584 F.3d 821 (9th Cir. 2009) ...............................................................................3

*Bates v. Dow Agrosciences* LLC
      544 U.S. 431 (2005).............................................................................................4

*Baum v. J-B Weld Co.*
      2019 U.S. Dist. LEXIS 216052 (N.D. Cal. Dec. 16, 2019) .....................................................1

*Beccerra v. Dr. Pepper/Seven Up, Inc.*,
      2018 U.S. Dist. LEXIS 142074 (N.D. Cal. Aug. 21, 2018)...................................................15

*Bell Atlantic Corp. v. Twombly*,
      550 U.S. 544 (2007)...........................................................................................3

*Bohac v. Gen. Mills, Inc.,*
      2014 U.S. Dist. LEXIS 41454 (N.D. Cal. 2014) ...................................................................12

*Brazil v. Dole Packaged Foods, LLC,*
      2014 U.S. Dist. LEXIS 74234 (N.D. Cal. 2014) ...........................................................17, 23

*Brown v.Hain Celestial Grp., Inc,*
      2015 U.S. Dist. LEXIS 70659 (N.D. Cal. May 30, 2015) .......................................................5

*Cadena v. Am. Hona Motor. Co., Inc,*
      2018 U.S. Dist. LEXIS 225506 (C.D. Cal. Nov. 14, 2018 ...................................................15

*Campen v. Frito-Lay N. Am., Inc.,*
      2013 U.S. Dist. LEXIS 47126 (N.D. Cal. 2013) ...................................................................12

*Carter v. Novartis Consumer Health Inc.,*
      582 F.Supp.2d 1271 (C.D. Cal. 2008) ...................................................................................6

*Castagnola v. Hewlett-Packard Co.,*
      2012 U.S. Dist. LEXIS 82026 (N.D. Cal. June 13, 2012) ...................................................18

*Chester v. TJX Companies, Inc.,*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

iii

2016 U.S. Dist. LEXIS 110342 (C.D. Cal. 2016)...................................................................19

*Clancy v. The Bromley Tea,*
   308 F.R.D. 564, (N.D. Cal. 2013)...........................................................................................23

*Critcher v. L'Oreal USA, Inc.,*
   959 F.3d 31 (2d Cir. May 11, 2020) .........................................................................................7

*Colucci v. ZonePerfect Nutrition Co.,*
   2012 U.S. Dist. LEXIS 183050 (N.D. Cal. Dec. 28, 2012)...................................................16

*Cordes v. Boulder Brands USA, Inc.,*
   2018 U.S. Dist. LEXIS 217534 (C.D. Cal. Oct. 17, 2018).....................................................18

*Corra v. Energizer Holdings, Inc.,*
   962 F. Supp. 2d 1207, 1218 (E.D. Cal. 2013).............................................................5, 7, 8, 17

*Crozier v. Johnson & Johnson Consumer Cos.,*
   901 F. Supp. 2d 494 (D.N.J. 2012), .........................................................................................6

*Curran v. Bayer Healthcare LLC,*
   2019 U.S. Dist. LEXIS 15362 (N.D. Ill. Jan. 31, 2019) ..........................................................8

*Czuchaj v. Conair Corp.,*
   2014 U.S. Dist. LEXIS 54413 (S.D. Cal. Apr. 17, 2014)........................................................23

*Dapeer v. Neutrogena Corp.,*
   95 F. Supp. 3d 1366 (S.D. Fla. 2015) ......................................................................................8

*Davidson v. Kimberly-Clark Corp.,*
   873 F.3d 1103 (9th Cir. 2017) .....................................................................................18, 19, 20

*Davis v. HBSC Bank,*
   691 F.3d 1152 (9th Cir. 2012) ................................................................................................24

*Day v. AT & T Corp.,*
   63 Cal. App. 4th 325 (1998) ...................................................................................................10

*Delarosa v. Boiron, Inc.,*
   2014 U.S. Dist. LEXIS 53258, (N.D. Cal. 2014) .....................................................................5

*Dinan v. SanDisk LLC,*
   U.S. Dist. LEXIS 10155 (N.D. Cal. Jan. 22, 2020)................................................................13

*Doe v. Succesfulmatch.com*
   U.S. Dist. LEXIS 10155 (N.D. Cal. Jan. 22, 2020)................................................................23

*Duran v. Creek,*
   2016 U.S. Dist. LEXIS 41650 (N.D. Cal. Mar. 28, 2016)......................................................19

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

iv

*Dysthe v. Basic Research LLC,*
    U.S. Dist. LEXIS 138028 (C.D. Cal. June 13, 2011)**.** .........................................................18

*Ebner v. Fresh, Inc.,*
    838 F.3d 958 (9th Cir. 2016) .......................................................................................12

*Fagan v. Neutrogena Corp*,
    2014 U.S. Dist. LEXIS 2795 (C.D. Cal. Jan. 8, 2014) ...........................................................4

*Fehrenbach v. Hewlett Packard Co.,*
    2017 U.S. Dist. LEXIS 224552 (S.D. Cal. Jan. 5, 2017)......................................................22

*Forcellati v. Hyland's Inc.,*
    2014 U.S. Dist. LEXIS 50600 .........................................................................22, 23

*Gasser v. Kiss My Face, LLC,*
    2017 U.S. Dist. LEXIS 175273 (N.D. Cal. Oct. 23, 2017)....................................................15

*Gisvold v. Merck & Co.,*
    62 F. Supp. 3d 1198 (S.D. Cal. 2014)....................................................................7, 8

*Gyorke-T v. Nestle United States,*
    2016 Cal. Super. LEXIS 3434 (San Francisco Sup. Ct., 2016) .............................................12

*Ham v. Hain Celestial Grp., Inc.,*
    70 F. Supp. 3d 1188 (N.D. Cal. 2014) .......................................................................9

*Henderson v. Gruma Corp.,*
    2011 U.S. Dist. LEXIS 41077 (C.D. Cal. 2011)............................................................12, 20

*Hodgers-Durgin v. de la Vina,*
    199 F.3d 1037 (9th Cir. 1999) .......................................................................................18

*In re Chrysler-Dodge-Jeep Ecodiesel Litig.*
    295 F. Supp. 3d 927 (N.D. Cal. 2018) .....................................................................21

*In re Clorox Consumer Litig.*
    894 F. Supp. 2d 1224, (N.D. Cal. 2012) ...................................................................21

*In re Tobacco II Cases,*
    46 Cal. 4th 298 (2009) .................................................................................................9

*In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Product Liab. Litig.*
    2017 U.S. Dist. LEXIS 150427 (N.D. Cal. 2017). ...........................................................21

*Johns v. Bayer Corp.,*
    2010 U.S. Dist. LEXIS 10926 (S.D. Cal. Feb 9, 2010) .......................................................18

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Johnson v. Fujistsu Tech & bus. of Am. Inc.,*
    250 F. Supp. 3d 460 (N.D. Cal. 2017) ..............................................................................21

*Kanter v. Warner-Lambert Co.,*
    99 Cal. App. 4th 780 (2002) .............................................................................................7

*Kasky v. Nike, Inc.*,
    27 Cal. 4th 939 (2002) ......................................................................................................9

*Keilholtz v. Lennox Hearth Prods., Inc.,*
    2009 U.S. Dist. LEXIS 81108 (N.D. Cal. Sept. 8, 2009) ...............................................24

*Kennard v. Lamb Weston Holdings, Inc.,*
    2019 U.S. Dist. LEXIS 63637 (N.D. Cal. Apr. 12, 2019*)* ............................................13

*Keskinen v. Edgewell Personal Care Co.,*
    Case No. 2:17-CV-07721-AB (PJWx) (C.D. Cal. Apr. 17, 2018)   ...................................8

*Klein v. Chevron,*
    202 Cal. App. 4th 1342 (2012) .......................................................................................10

*Koh v. S.C. Johnson & Son. Inc.*
    2010 U.S. Dist. LEXIS 654 (N.D. Cal. Jan. 6, 2010) .....................................................16

*Kutza v. Williams-Sonoma, Inc..*
    2018 U.S. Dist. LEXIS 192456 (N.D. Cal. 2018) ...........................................................21

*Lam v. Gen. Mills, Inc.,*
    859 F. Supp. 2d 1097 (N.D. Cal. 2012) ..........................................................................12

*Larsen v. Trader Joe's Co.,*
    2012 U.S. Dist. LEXIS 162402 (N.D. Cal. 2012) ...........................................................20

*Lilly v. Jamba Juice Co.*,
    2015 U.S. Dist. LEXIS 34498 (N.D. Cal. 2015) ........................................................18, 20

*Linear Technology Corp. v. Applied Materials, Inc.*,
    152 Cal. App. 4th 115, 134–35, 61 Cal.Rptr.3d 221 (2007).............................................3

*Mack v. LLR, Inc.,*
    2018 U.S. Dist. LEXIS 227380 (C.D. Cal. Aug. 15, 2018)............................................22

*Machlan v. P&G,*
    77 F. Supp. 3d 954 (N.D. Cal. 2015) ..............................................................................20

*Mason v. Ashbritt. Inc.,*
    2020 U.S. Dist. LEXIS 27333 (N.D. Cal. Feb. 17, 2020) .........................................21, 22

*Mattero v. Costco Wholesale Corp.,*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

336 F. Supp. 3d 1109 (N.D. Cal. 2018) ................................................................................15, 16

*Mazza. v. Am. Honda Motor Co.,*
666 F.3d 581 (9th Cir. 2012) ...............................................................................................22, 23

*McAdams v. Monier, Inc.,*
182 Cal. App. 4th 174 (2010) .....................................................................................................10

*Medtronic Inc. v. Lohr,*
518 U.S. 470 (1996)......................................................................................................................4

*Melendres v. Arpaio,*
784 F.3d 1254 (9th Cir. 2015) ...............................................................................................20, 21

*Miller v. Ghirardelli Chocolate Co.,*
912 F. Supp. 2d 861 (N.D. Cal. 2012) .....................................................................................18

*Miss. Power & Light Co. v. United Gas Pipe line Co.,*
532 F.2d 412, 420 (5th Cir. 1976) ..............................................................................................9

*Mlejnecky v. Olympus Imaging Am. Inc.,*
2011 U.S. Dist. LEXIS 42333 (E.D. Cal. Apr. 9, 2011).........................................................18

*Morgan v. AT&T Wireless Servs. Inc.,*
177 Cal. App. 4th 1235 (2009) .................................................................................................25

*Morrison v. Ross Stores, Inc.,*
2018 U.S. Dist. LEXIS 194431 (N.D. Cal. Nov. 14, 2018)....................................................24

*Morongo Band of Mission Indians v. Rose,*
893 F.2d 1074 (9th Cir. 1990) ..................................................................................................25

*Palmer v. Cognizant Tech Sols. Corp.,*
2018 U.S. Dist. LEXIS 221058, at *12 (C.D. Cal. 2018).......................................................21

*Pecanha v. The Hain Celestial Grp., Inc,,*
2018 U.S. Dist. LEXIS 11739 (N.D. Cal. Jan. 24, 2018) ..................................................16, 21

*Pelayo v. Nestle USA, Inc.,*
989 F. Supp. 2d 973 (C.D. Cal. 2013) ......................................................................................13

*Plumlee v. Pfizer, Inc.,*
2014 U.S. Dist. LEXIS 23172 (N.D. Cal. 2014) ......................................................................14

*Punian v. Gillette Co.,*
2015 U.S. Dist. LEXIS 111208 (N.D. Cal. 2015) ....................................................................24

*Rahman v. Motts, LLP.,*
2018 U.S. Dist. LEXIS 164620 (N.D. Cal. 2018) ....................................................................18

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

vii

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Red v. Kraft Foods, Inc.,*
    2012 U.S. Dist. LEXIS 164461 (C.D. Cal. Oct. 25, 2012)......................................................13

*Reid v. Johnson & Johnson,*
    780 F.3d 952 (9th Cir. 2015) ................................................................................................12

*Rice-Sherman v. Big Heart Pet Brands, Inc.,*
    2020 U.S. Dist. LEXIS 46197 (N.D. Cal. Mar. 16, 2020)...............................................15, 16

*Ries v. Arizona Beverages USA LLC,*
    2012 U.S. Dist. LEXIS 169853 (N.D. Cal. 2012) ...................................................................20

*Robinson v. Wells Fargo Home Mortg.,*
    2016 U.S. Dist. LEXIS 152925 (N.D. Cal. Nov. 3, 2016).......................................................15

*Robinson v. Unilever United States, Inc..,*
    2018 U.S. Dist. LEXIS 225254 (C.D. Cal. June 25, 2018) .....................................................21

*Rooney v. Cumberland Packaging Corp.,*
    2012 U.S. Dist. LEXIS 58710, (S.D. Cal. Apr. 16, 2012) ......................................................13

*Rosales v. FitFlop USA, LLC,*
    2012 U.S. Dist. LEXIS 111023 (S.D. Cal. Feb. 8, 2012) ........................................................24

*Shahinian v. Kimberly-Clark Corp.,*
    2015 U.S. Dist. LEXIS 92782 (C.D. Cal. 2015).....................................................................19

*Snarr v. Cento Fine Foods, Inc,*
    2019 U.S. Dist. LEXIS 220063, at *22 (N.D. Cal. Dec. 23, 2019) ........................................16

*Smith v. Jackson*,
    84 F.3d 1213 (9th Cir. 1996) ..............................................................................................2, 25

*Smith v. Keurig Green Mt. Inc.*,
    393 F. Supp. 3d 837 (N.D. Cal. 2019) ............................................................................15, 16

*Stearns v. Select Comfort Retail Corp.,*
    2009 U.S. Dist. LEXIS 48367 (N.D. Cal. June 5, 2009) ...................................................22, 24

*Syntek Semiconductor Co. v. Microchip Tech, Inc.,*
    307 F.3d 775 (9th Cir. 2002) ..................................................................................................9

*Torres v.Mercer Canyons Inc.*,
    835 F.3d 1125 (9th Cir. 2016) ................................................................................................21

*Vess v. Ciba-Geigy Corp. USA*,
    317 F.3d 1097 (9th Cir. 2003) ................................................................................................25

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

*Viggiano v. Hansen Nat. Corp.,*
    944 F. Supp. 2d 877 (C.D. Cal. 2013) ................................................................................14

*Weeks v. Google LLC,*
    2018 U.S. Dist. LEXIS 139265, at *33 (N.D. Cal. Aug. 16, 2018).......................................24

*Weinstat v. Detsply Internat., Inc,*
    180 Cal. App. 4th 1213 (Cal. Ct. App. 2010) ......................................................................14

*Werdebaugh v. Blue Diamond Growers,*
    2013 U.S. Dist. LEXIS 144178 (N.D. Cal. Oct. 2, 2013)......................................................16

*Won Kyung Hwang v. Ohso Clean Inc.,*
    2013 U.S. Dist. LEXIS 54002 (N.D. Cal. 2013) ..................................................................23

*Workman v. Plum, Inc.,*
    141 F. Supp. 3d 1032 (N.D. Cal. 2015) ..............................................................................13

*Wolf v. Hewlett Packard Co.,*
    2016 U.S. Dist. LEXIS 199618 (C.D. Cal. 2016)..................................................................23

*Williams v. Gerber Prods. Co.,*
    552 F.3d 934 (9th Cir. 2008) ...................................................................................... *passim*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

**OTHER AUTHORITIES**

Federal Rules of Civil Procedure 8 ............................................................................................3

Federal Rules of Civil Procedure 23(b)(3)................................................................................22

Title 21 Code of Fed. Reg. § 201.327(g) ...................................................................................5

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

## I.    INTRODUCTION

Despite their "mineral-based" labels, the Coppertone brand sunscreens (the "Products") contain chemical active ingredients, which have been shown to cause adverse health effects, including endocrine disruption, skin irritation and allergic reactions. Reasonable consumers, including Plaintiffs, interpret the Products' "mineral-based" labels as representations that the Products are free of chemical active ingredients. In fact, several Products contain *higher* percentages of chemical active ingredients than mineral active ingredients. Defendants mislabel the Products to take advantage of consumers' desire for mineral-based sunscreens while reaping the financial benefits of using less-desirable, potentially harmful chemical active ingredients. The Defendants have done so at the expense of unwitting consumers and Defendants' lawfully acting competitors, over whom Defendants maintain an unfair competitive advantage.

Regardless of  whether the Court considers Defendants' improper evidence (*see* Section V, *infra*), Defendants' Motion should be denied because (1) Plaintiffs' claims are not preempted; (2) courts—not the FDA—have primary jurisdiction over cases like this one; (3) Plaintiffs have alleged sufficient facts showing that Defendants' Product labeling and advertising are false, deceptive, and misleading in violation of the UCL, FAL, and CLRA; (4) Plaintiffs have sufficiently alleged breach of express warranty and unjust enrichment; (5) Plaintiffs have standing to pursue claims for substantially similar products; (6) Plaintiffs have standing to seek injunctive relief against Defendants' deceptive conduct as a matter of public policy and to uphold the objectives of the California consumer protection laws; (7) Plaintiffs have standing to seek relief on behalf of a nationwide class; and, (8) Plaintiffs satisfied the CLRA's notice requirement. Alternatively, any pleading defects can be cured by amendment.

## II.    FACTS

### A.    Mineral Sunscreen Defined

There are two types of sunscreen products: mineral-based and chemical-based. Mineral-based sunscreens use mineral active ingredients—specifically, zinc oxide and/or titanium dioxide—which cover the skin and act as a physical barrier, deflecting and scattering UV radiation. Dkt. 28 ¶ 18. Conversely, chemical-based sunscreens contain various synthetic,

1

chemical active ingredients, such as Octisalate, Octocrylene, and Octinoxate, which protect the skin by absorbing ultraviolet ("UV") radiation and dissipating it as heat. *Id.* ¶ 18.

In recent years, consumers have become increasingly concerned about using chemical-based sunscreens because they have been shown to cause adverse health effects, including endocrine disruption, skin irritation, allergic reactions, and the production of dangerous free radicals. *Id.* ¶ 19. Reasonable consumers believe that sunscreens labeled as "mineral" or "mineral based" only contain mineral active ingredients and do not contain chemical active ingredients. *Id.* ¶ 30.

**B. Despite Being Labeled "Mineral Based," the Products Contain Harmful Chemicals**

The Products are labeled "mineral-based." In fact, Defendants' labeling and advertising of the Products highlight the "mineral-based" label claim. *Id.* ¶ 29. The net impression of Defendants' labeling and advertising is that the Products contain only mineral active ingredients. *Id.* ¶ 30. In actuality, the Products also contain chemical active ingredients, such as Octinoxate, Octocrylene, and Octisalate, in addition to Zinc Oxide. *Id.* ¶ 31. Indeed, some products contain a *higher* percentage of chemical active ingredients than mineral active ingredients.

**C. Plaintiffs Reasonably Interpreted the "Mineral-Based" Labeling and Advertising to Mean the Products Contained Only Mineral Active Ingredients**

Plaintiffs purchased the Products relying on their labeling and advertising, which caused them to reasonably believe that the Products contained only mineral active ingredients. *Id.* ¶¶ 10-11. Plaintiffs' reasonable belief is reinforced by the fact that nearly all sunscreens on the market that are advertised as mineral or mineral-based contain only mineral active ingredients. *Id.* ¶ 30. Had Plaintiffs known that the Products were not mineral sunscreens, they would not have purchased them. *Id.* ¶¶ 10-11, 42, 44.

**III. LEGAL STANDARD**

On an FRCP 12(b)(6) motion to dismiss for failure to state a claim, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." Fed. R. Civ. P. 12(b)(6); *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996); *Williams v. Gerber Products Co.,* 552 F.3d 934, 937 (9th Cir. 2008). "[FRCP] 8(a)(2) requires only a 'short and plain

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

2

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). In addition, the Court must also "draw inferences in the light most favorable to the plaintiff." *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). In *Williams v. Gerber,* the Ninth Circuit explained why "the motion to dismiss is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case," as follows:

> It is true that "the primary evidence in a false advertising case is the advertising itself." [citation omitted]. California courts, however, have recognized that whether a business practice is deceptive will usually be a question of fact not appropriate for decision on demurrer. *See e.g., Linear Technology Corp. v. Applied Materials, Inc.,* 152 Cal. App. 4th 115, 134–35, 61 Cal.Rptr.3d 221 (2007) ("Whether a practice is deceptive, fraudulent, or unfair is generally a question of fact which requires 'consideration and weighing of evidence from both sides' and which usually cannot be made on demurrer.") [citation omitted]; *Committee on Children's Television,* 35 Cal.3d at 197, 197 Cal.Rptr. 783, 673 P.2d 660 (finding demurrer inappropriate in case where parents alleged deceptive advertising of sugar cereals).

*Williams v. Gerber,* 552 F. 3d at 938-939 (reversing trial court's dismissal of false advertising claims).

## IV.    ARGUMENT

### A.    Plaintiffs' Claims Are Not Preempted

"Mineral-based" is a marketing term that Defendants concocted to mislead and "take advantage of Plaintiffs' and other reasonable consumers' desire for true mineral-based sunscreens." Dkt 28 ¶ 35. "Mineral-based" is not a term that is regulated by the FDA or under the Food, Drug, and Cosmetic Act, 21 U.S.C. § 301 et seq. ("FDCA"). Nor are Defendants required by federal law to label their sunscreen products "mineral-based." Accordingly, Plaintiffs' state law claims cannot be preempted. The Ninth Circuit has rejected similar preemption claims.

In *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 758 (9th Cir. 2015), the plaintiff alleged that certain cosmetic products, ***including sunscreens***, were misleadingly labeled as "natural" when, in fact, they contained synthetic and artificial ingredients. *Id.* at 756; *see also* Second Amended Complaint, *Astiana v. Hain Celestial Grp., Inc.*, 2012 U.S. Dist. LEXIS 199556

(N.D. Cal. 2012). The defendant argued that the FDCA preempted plaintiff's state law claims, which argument the Ninth Circuit flatly rejected.

Citing to *Medtronic, Inc. v. Lohr*, 518 U.S. 470 (1996) and *Bates v. Dow Agrosciences LLC*, 544 U.S. 431 (2005), the Ninth Circuit explained that the defendant's preemption argument "does not square with Supreme Court precedent." *Astiana*, 783 F.3d at 757. The Ninth Circuit reasoned:

> Like the statutes at issue in those cases, the FDCA bars states from imposing new or additional labeling "requirements," but is silent with regards to states' ability to provide remedies for violations of federal law. In light of this similarity, we have little difficulty concluding that the ***FDCA does not preempt state laws that allow consumers to sue cosmetics manufacturers that label or package their products in violation of federal standards***.

*Id.* (emphasis added); *see also id* at 756 ("We conclude that the [FDCA] does not expressly preempt California's state law causes of action that create consumer remedies for false or misleading cosmetics labels."). Turning to the case before it, the Ninth Circuit determined that "[plaintiff] is not asking [defendant] to modify or enhance any aspect of its cosmetics labels that are required by federal law. Rather, she claims deception as a result of advertising statements that contradicted the true ingredients listed on the FDA-mandated label."[1] *Id.* at 758. Accordingly, "If [plaintiff's] suit ultimately requires [defendant] to remove these allegedly misleading advertising statements from its product labels, such a result does not run afoul of the FDCA, which prohibits 'requirement[s]' that are 'different from,' 'in addition to,' or 'not identical with' federal rules." *Id; see also Fagan v. Neutrogena Corp.*, 2014 U.S. Dist. LEXIS 2795, at *1 (C.D. Cal. Jan. 8, 2014) (same).

Here, just as in *Astiana*, Plaintiffs are not asking Defendants to modify or enhance any aspect of their cosmetics labels that are required by federal law. That is because, like the term "Natural" in *Astiana*, federal law does not require Defendants to label the Products as "mineral-based." Indeed, none of the numerous exhibits Defendants improperly introduce in this pleading

[1] The Ninth Circuit cited its decision in *Williams v. Gerber Prods. Co.,* 552 F.3d 934, 939 (9th Cir. 2008), in which the Court explained, "We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception." For this reason, the Court should also reject Defendants' argument that the "FDA already considered the general consumer's attention to the ingredients on a label and concluded that the required label and ingredient list (pursuant to FDA regulations) is sufficient to inform consumers about active ingredients." Dkt. 36 at 10.

4

challenge supports their position that the term "mineral-based" is required by federal law. *See Delarosa v. Boiron, Inc.*, 818 F. Supp. 2d 1177, 1190 n.8 (C.D. Cal. 2011) ("Because the Court concludes that federal regulations do not explicitly sanction or require the 'business practice complained of,' in this case [Defendant's] alleged misleading labeling, the Court concludes that Defendant is not shielded from Plaintiff's consumer protection claims.").

Nor can Defendants successfully argue that the FDA's **failure** to issue specific regulations concerning the term "mineral-based" is tantamount to a conscious decision by the agency to permit use of this term as a manufacturer sees fit. This argument was also rejected by the Ninth Circuit. *See Astiana*, 783 F.3d at 758. "By this logic, a manufacturer could make any claim—wild, untruthful, or otherwise—about a product whose contents are not addressed by a specific regulation. The statute, however, proscribes statements that are 'false or misleading in any particular,' not statements that are 'prohibited by specific FDA regulations.'" *Id.; see also Corra v. Energizer Holdings, Inc.*, 962 F. Supp. 2d 1207, 1215 (E.D. Cal. 2013) ("As to claims on sunscreen products considered to be false and/or misleading, the C.F.R. prefaces the (brief) list of delineated claims with the phrase '[t]hese claims include but are not limited to[.]' 21 C.F.R. § 201.327(g). The inclusion of this phrase means the list of delineated claims is not exclusive to other claims, and, in the Court's view, clearly evinces no intent to preempt state consumer fraud claims. Accordingly, the Court shall not find Plaintiff's claims expressly preempted."); *Brown v. Hain Celestial Grp., Inc.*, 2015 U.S. Dist. LEXIS 70659, at *27 (N.D. Cal. May 30, 2015). Similarly, here, Defendants do not have unfettered license to "make any claim—wild, untruthful, or otherwise" because the FDA did not specifically prohibit such a claim.

Defendants again overreach by suggesting that any claim concerning any sunscreen labeling statement is necessarily preempted. For example, Defendants claim the "2011 final rule **regulates the entirety of sunscreen labels**, including principal display panels, uses, warnings, and directions."  Dkt. 36 at 6 (emphasis added). That is false. The 2011 final rule—codified at 21 C.F.R § 327—enumerates "specific labeling requirements" for sunscreens, such as "SPF" and "water resistance statements." *See generally* 21 C.F.R § 327. There is no authority in 21 C.F.R §

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

327—or elsewhere—for the proposition that the 2011 final rule "regulates the **entirety** of sunscreen labels."

Because Defendants fail to support their preemption argument based on the allegations as plead, Defendants resort to rewriting plaintiffs' allegations. For example:

- "Each active and inactive ingredient is disclosed on the Products' labels in compliance with the extensive regulatory regime that governs ingredient lists on OTC sunscreens." Dkt. 36 at 9.
- "Moreover, FDA has expressly concluded that sunscreen products many contain 'combinations of active ingredients,' including the active ingredients in the Products[.]" *Id.*
- "Plaintiffs claim, however, that Defendants' compliance is insufficient, and demand that Defendants take action *different from* or *in addition to* federal compliance." *Id.*
- "Ultimately, despite Defendants' compliance with FDA labeling requirements and FDA's express acknowledgement that sunscreens may contain active ingredient combinations, Plaintiffs assert that the Products' labels are not 'accurate or adequate.'" *Id.* at 9-10.

Contrary to Defendants' assertions, the claims at issue do not concern whether the Products' disclosure of active and inactive ingredients complies with the FDA's "regulatory regime." Nor do the claims concern whether the Products may contain combinations of active ingredients. And whether the Products' labeling complies with specific federal requirements is not the question before the Court. Just as in *Astiana*, "[Plaintiffs are] not asking [Defendants] to modify or enhance any aspect of its cosmetics labels that are required by federal law." *Astiana,* 783 F.3d at 758. Rather, Plaintiffs claim that the Products' "mineral-based" representations are misleading because they cause reasonable consumers to believe the Products contain only mineral active ingredients when, in fact, the Products contain chemical active ingredients. *See generally* FAC. *See also Astiana,* 783 F.3d at 758 (finding no preemption where the claims concerned whether certain cosmetic products, including sunscreens, were misleadingly labeled as "natural" when, in fact, they contained synthetic and artificial ingredients). Accordingly, the Court must find that Plaintiffs claims are not preempted.

Defendants' authorities are distinguishable. In *Crozier v. Johnson & Johnson Consumer Cos.* 901 F. Supp. 2d 494, 504 (D.N.J. 2012), plaintiffs' claims concerned brand confusion but were preempted because "[t]he FDA promulgated [certain] rules specifically to address potential problems arising from brand confusion." In addition, *Carter v. Novartis Consumer Health, Inc.*, 582 F.Supp.2d 1271 (C.D. Cal. 2008) is inapposite because, unlike the claims here, the challenged

6

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

claims had been "specifically" approved by the FDA. In *Critcher v. L'Oreal USA, Inc.,* 959 F.3d 31 at *1 (2d Cir. May 11, 2020), plaintiffs sought to require Defendant to include on the products' packaging **additional** disclosures that were not federally required. Therefore, such disclosures were "in addition to" those required by federal law and were thus preempted. Unlike in *Critcher,* here, Plaintiffs do not seek to impose any such additional disclosures. For the same reason, *Gisvold v. Merck & Co.*, 62 F. Supp. 3d 1198, 1203 (S.D. Cal. 2014) is inapplicable, as the additional disclaimer on the product label that plaintiffs sought to impose "plainly adds to and is not identical with the FDA's requirements." Finally, *Kanter v. Warner-Lambert Co.*, 99 Cal. App. 4th 780, 797 (2002) concerned drug labels that were either specifically approved through the FDA's new drug application process or were required to make specific statements under the relevant monograph—none of which apply here. Thus, Plaintiffs' claims are not preempted.

### B.    The Court—Not the FDA—Has Primary Jurisdiction Over Plaintiffs' Claims

The doctrine of primary jurisdiction gives deference to an administrative agency where (1) the issue is not within the conventional experiences of judges, (2) the issue involves technical or policy considerations within the agency's particular field of expertise, (3) the issue is particularly within the agency's discretion, or (4) there exists a substantial danger of inconsistent rulings. *Corra v. Energizer Holdings, Inc.,* 962 F. Supp. 2d 1207, 1215 (E.D. Cal. 2013). None of the above circumstances apply, and Plaintiffs' claims should be adjudicated in this Court.

Defendants mischaracterize Plaintiffs' state law false advertising claims as congressionally delegated to the FDA, which they are not. Dkt. 36, 12:5-7. Furthermore, Defendants implausibly assert that Plaintiffs' state law false advertising claims "require[] peculiar expertise," which they do not. Defendants also incorrectly describe Plaintiffs' reference to certain FDA guidance as some sort of "conce[ssion]," which it is not. Dkt. 36, 12:8; 13:4-6. Contrary to Defendants' position, "the doctrine is not designed to secure expert advice from agencies every time a court is presented with an issue conceivably within the agency's ambit." *Corra,* 962 F. Supp. 2d at 1216 (internal quotations omitted). That is especially true where, as here, the dispute involves a marketing term that Defendants use to mislead consumers, which term is not even regulated by the FDA or under the FDCA. In addition, at the motion to dismiss stage, there is a presumption against applying the

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

doctrine. *See Corra v. Energizer Holdings, Inc*., 962 F. Supp. 2d 1207, 1216 (E.D. Cal. 2013).

Whether Defendants label and advertise their sunscreen products in a false and misleading manner is a factual question routinely adjudicated by courts, not the FDA. Dkt. 28 ¶¶ 1-45. Accordingly, courts have consistently rejected similar primary jurisdiction arguments made in the context of false and misleading sunscreen labeling cases. *See, e.g., Corra v. Energizer Holdings, Inc.*, 962 F. Supp. 2d 1207, 1216 (E.D. Cal. 2013) (declining to apply the primary jurisdiction doctrine to mislabeled sunscreen); *Curran v. Bayer Healthcare LLC*, 2019 U.S. Dist. LEXIS 15362, at *8 (N.D. Ill. Jan. 31, 2019) (declining to apply the primary jurisdiction doctrine in a sunscreen mislabeling case because "[f]ederal district courts are well-equipped to interpret agency regulations, ... [and] this case primarily concerns allegations of false and misleading representations, the sort of allegations that district courts routinely address.") (internal citations and quotation marks omitted); *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1376 (S.D. Fla. 2015) (declining to apply the primary jurisdiction doctrine because "determining whether a [sunscreen] manufacturer has misled consumers," "is squarely within the judicial function"); *Keskinen v. Edgewell Personal Care Co.*, Case No. 2:17-CV-07721-AB (PJWx), slip. op. at 6 (C.D. Cal. Apr. 17, 2018) (citation omitted) (declining to apply the primary jurisdiction doctrine in a sunscreen case, noting "[c]ourts are generally well-equipped to handle state-law challenges to labeling of FDA-regulated products" and, "[t]hus, courts routinely retain jurisdiction over false advertising cases involving such products, even when some scientific examination might be necessary").

Further, there is no issue for the Court to cede to the FDA, because the FDA does not specifically regulate the "mineral-based" labels. *See generally* Dkt. 36. In other words, where there are no "specific regulatory proceedings that will impact the resolution of this case," "deference to the FDA is unwarranted." *Curran,* 2019 U.S. Dist. LEXIS 15362, at *7 (rejecting vague and general FDA sunscreen regulations as basis for primary jurisdiction). Indeed, Defendants' cited authorities found primary jurisdiction appropriate only where the specific issue before the court was also presently before the federal agency. *See Gisvold v. Merck & Co., Inc.,* 62 F. Supp. 3d 1198, 1204 (S.D. Cal. 2014) (specific issue of additional clinical benefit of sunscreen

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

products with values above SPF 50 pending before FDA); *Syntek Semiconductor Co. v. Microchip Tech., Inc.,* 307 F.3d 775, 780 (9th Cir. 2002) (ceding jurisdiction to Register of Copyrights where the Copyright Office had affirmatively registered the copyright at issue); *Miss. Power & Light Co. v. United Gas Pipe Line Co.,* 532 F.2d 412, 420 (5th Cir. 1976) (Federal Power Commission was "presently involved" in specific issue of curtailment plans). That is not the posture of this case. Accordingly, like the many previous courts to have adjudicated claims regarding misleadingly labeled sunscreen products, this Court should reject Defendants' primary jurisdiction argument.

**C.    Plaintiffs Have Plausibly Alleged That Defendants' Product Labeling and Advertising Are False, Deceptive, and Misleading to Reasonable Consumers**

**a.    Whether Consumers Are Deceived by Defendants' Labeling Is a Question of Fact that Cannot Be Decided on a Motion to Dismiss**

Defendants' Motion ignores fundamental tenets of the motion-to-dismiss procedure: All allegations of material fact in the complaint must be taken as true and construed in the light most favorable to the plaintiffs. *Williams,* 552 F.3d at 937. Indeed, a motion to dismiss is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case. *Id*. at 938-939. That is because "[w]hether a reasonable consumer would be deceived . . . is generally a question of fact not amenable to determination on a motion to dismiss." *Ham v. Hain Celestial Grp., Inc*., 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014); *accord Williams*, 552 F.3d at 938-39. Notably, the only cases where motions to dismiss have been granted in false advertising cases is where "the advertisement itself made it *impossible* for the plaintiff to prove that a reasonable consumer was likely to be deceived." *Williams,* 552 F.3d at 939. This is not one of those cases.

**b.    Plaintiffs Have Adequately Alleged that Reasonable Consumers Are Misled**

"To state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, 'it is necessary only to show that members of the public are *likely to be deceived*.'" *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 951 (2002) ("[T]hese laws prohibit 'not only advertising which is false, but also advertising which[,] although true, is either actually misleading or which has a *capacity, likelihood*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

9

*or tendency* to deceive or confuse the public."); *McAdams v. Monier, Inc.,* 182 Cal. App. 4th 174, 185 (2010) ("a CLRA claim may be predicated on 'an alleged failure to disclose a material fact that is misleading in light of other facts . . . that [the defendant] did disclose."). Therefore, "[a] perfectly true statement couched in such a manner that it is likely to mislead or deceive the consumer, such as by failure to disclose other relevant information, is actionable under [the UCL and FAL]." *Day v. AT & T Corp.*, 63 Cal. App. 4th 325, 332-33 (1998).

Whether "members of the public are likely to be deceived" is governed by the "reasonable consumer standard." *Williams*, 552 F.3d at 938 ("Under the reasonable consumer standard, [plaintiff] must show that members of the public are *likely* to be deceived.") (internal quotations omitted); *Klein v. Chevron,* 202 Cal. App. 4th 1342, 1382 (2012) (UCL and CLRA claims are governed by the reasonable consumer standard).

Plaintiffs have sufficiently alleged consumer deception based on the Products' misleading advertising and labeling. *See* Dkt. 28 ¶¶ 4, 5, 11, 30, 34, 40. ("Contrary to their labeling, the purported mineral-based sunscreen Products contain chemical active ingredients.") ("Through falsely, misleadingly, and deceptively labeling the Products, Defendants sought to take advantage of consumers' desire for mineral-based sunscreens, while reaping the financial benefits of using less desirable chemical active ingredients in the Products.") ("If Plaintiff had known that the Product contained chemical active ingredients, he would not have purchased the Product.") ("Based on the "Mineral-Based" representations, reasonable consumers believe the Products contain only active mineral ingredients. Put differently, Plaintiffs did not believe the Products contain any active synthetic chemical ingredients. This understanding is further reinforced by the fact that nearly all sunscreens on the market that are advertised as mineral or mineral-based contain only active mineral ingredients.") ("Labeling the Products as "Mineral-Based" when they contain **any** chemical active ingredients is wholly misleading and deceptive. Worse, however, is Defendants' practice of labeling the Products as "mineral-based" where the percentage of mineral active ingredients is actually less than, or nearly equal to, the percentage of chemical active ingredients.") ("The Mineral-Based representations were and are material to reasonable consumers, including Plaintiffs, in making purchasing decisions.").

10

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Defendants incorrectly argue that reasonable consumers are not deceived by the "mineral-based" labeling because "these statements indicate that the base of the Products—or the main ingredient that functions as the sun protectant—is a mineral, zinc oxide." Dkt. 36 at 24:7-9. Defendants' argument is meritless.

First, Defendants' argument is premised on an irrelevant and arbitrary distinction: the Products' **predominant** single active ingredient versus **all** active ingredients. According to Defendants, reasonable consumers supposedly only care about the individual active ingredient with the highest percentage in the Products. However, under Defendants' reasoning, a sunscreen with 98 different chemical active ingredients, each making up 1% of the product, and a single mineral active ingredient, comprising 2% of the product, would still be "mineral-based."  In other words, under Defendants' logic, because the predominant single ingredient is a mineral, the product would be "mineral-based," even though it contains 98% chemical active ingredients. That is nonsensical.

Second, Defendants' analogy to "water-based" paints is entirely misguided. Specifically, Defendants argue that "[c]onsumers do not expect 'water-based' paints to be pure water." Dkt. 36 at 14:18-20. This comparison completely misses the mark. Of course no reasonable consumer would expect a water-based paint to be "pure water." However, a reasonable consumer would not expect a water-based paint to use oil as a solvent, which is what distinguishes an "oil-based" paint from a "water-based" paint. Similarly, a reasonable consumer would not expect a "plant-based" diet to include animal products, or for animal products to comprise an equal or greater portion of the diet than the "plant" ingredients.[2] In any event, whether a reasonable consumer would be misled by Defendants' advertising and labeling of the Products is a question of fact that is "not

---

[2] Contrary to Defendants' contention, California and other state legislatures uniformly define "plant-based" as being free of animal products, just as reasonable consumers understand that mineral-based sunscreens are free of chemical active ingredients. *See*, *e.g.*, Cal. Health & Safety Code § 1265.10 ("For purposes of this section, 'plant-based meals' shall mean entire meals that contain no animal products or byproducts, including meat, poultry, fish, dairy, or eggs."); Cal. Penal Code § 2084 (same); N.Y. Pub. Health Law § 2827 ("'Plant-based food option'" means food or beverage that is free of animal products and that has nutritional value comparable to the non-plant-based food option that it replaces.").

11

amenable to determination on a motion to dismiss." *Ham*, 70 F. Supp. 3d at 1193.

### c.    The Products' Ingredient List Is Not a Defense to Deceptive Advertising

Defendants' argument that the ingredient list on the back of the Product absolves it of liability has been repeatedly rejected by the Ninth Circuit. Dkt. 36 at 13:27-14:1; 14:8-9; 14:21-15:1; 16:15-16. For example, the Ninth Circuit found in *Williams*, 552 F.3d at 940:

> We do not think that the FDA requires an ingredient list so that manufacturers can mislead consumers and then rely on the ingredient list to correct those misinterpretations and provide a shield for liability for the deception. Instead, reasonable consumers expect that the ingredient list contains more detailed information about the product that confirms other representations on the packaging.

The Ninth Circuit has further held that where the front of a product's packaging is deceptive, the reasonable consumer will not be "expected to look beyond misleading representations on the front of the box to discover the truth from the ingredients list in small print on the side of the box." 552 F.3d at 939. In other words, "if the defendant commits an act of deception, the presence of fine print revealing the truth is insufficient to dispel that deception." *Ebner v. Fresh, Inc*., 838 F.3d 958, 966 (9th Cir. 2016); *see also Reid v. Johnson & Johnson*, 780 F.3d 952, 958-59 (9th Cir. 2015) (consumer's challenge to a statement that the product contained 'no trans fat' survived motion to dismiss despite the disclosure in ingredient list); *Henderson v. Gruma Corp.,* 2011 U.S. Dist. LEXIS 41077, at *32-33 (C.D. Cal. 2011) ("consumers are not expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list"); *Bohac v. Gen. Mills, Inc.,* 2014 U.S. Dist. LEXIS 41454, at *27 (N.D. Cal. 2014) ("The mere presence of ingredients in the ingredients list does not refute the explicit message that reasonable consumers may take from the rest of the packaging."); *Lam v. Gen. Mills, Inc.,* 859 F. Supp. 2d 1097, 1105 (N.D. Cal. 2012) ("ingredients list cannot be used to correct the message that reasonable consumers may take from the rest of the packaging"); *Campen v. Frito-Lay N. Am., Inc.,* 2013 U.S. Dist. LEXIS 47126, at *35 (N.D. Cal. 2013) ("Plaintiffs have adequately pled that a reasonable consumer could interpret a bag of chips claiming to have been 'Made with ALL NATURAL Ingredients' to consist exclusively of natural ingredients, contrary to the reality described in the nutrition box."); and *Gyorke-T v. Nestle United States,* 2016 Cal. Super. LEXIS 3434 at *7 (San Francisco Sup. Ct., 2016) (citing *Williams,* 552 F.3d at 939-40)

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

("Reasonable consumers should not 'be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box'").

Defendants' case law is inapposite. *See Red v. Kraft Foods, Inc.,* No. cv-10-1028, 2012 U.S. Dist. LEXIS 164461, at *9 (C.D. Cal. Oct. 25, 2012) (no deception where consumers would have to disregard "well-known facts of life" in interpretation of cracker product as primarily fresh vegetables). *In re 100% Grated Parmesan Cheese Mktg. and Sales Practices. Litig.*, 275 F. Supp. 3d 910 (N.D. Ill. 2017) (holding that the front label, "100% Grated Parmesan Cheese," of a shelf-stable cheese product containing cellulose was not deceitful because reasonable customers would know that pure cheese is not shelf-stable); *Pelayo v. Nestle USA, Inc.*, 989 F. Supp. 2d 973, 980 (C.D. Cal. 2013) (finding ingredient list instructive *only* when the ingredient list is "entirely consistent" with the use of the challenged label claim on the front of the product); *Workman v. Plum Inc.*, 141 F. Supp. 3d 1032 (N.D. Cal. 2015) (no deception when *images* of certain fruits on a package are not the main ingredients in the product); *Dinan v. SanDisk LLC*, No. 18-cv-05420, 2020 U.S. Dist. LEXIS 10155 (N.D. Cal. Jan. 22, 2020) (holding that a front label term "GB" is not deceptive when defendant's interpretation is the "preferred" interpretation in "United States trade and commerce"); *Kennard v. Lamb Weston Holdings, Inc.,* No. 18-cv-04665, 2019 U.S. Dist. LEXIS 63637 (N.D. Cal. Apr. 12, 2019) (holding that fries bag containing more than 50% empty space is not deceiving because bag clearly provided actual count of fries in bag, and thus a reasonable consumer would not infer the bag to be full).

In *Rooney v. Cumberland Packing Corp.,* No. 12-CV-0033-H (DHB), 2012 U.S. Dist. LEXIS 58710, at *12-13 (S.D. Cal. Apr. 16, 2012), cited by Defendants, the court's analysis of whether the "raw sugar" label was deceptive was informed by the "common industry marketing" of turbinado sugar as raw cane sugar. In contrast, here, Defendants' "mineral based" label claims defy common industry practice. Typically, "mineral based" sunscreens do not include chemical active ingredients (Dkt. 28 ¶ 30) and reasonable consumers are entitled to rely on the front labeling of products without relying on ingredient lists. *Williams,* 552 F.3d at 940.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

In addition, Defendants' "mineral based" label is not consistent with its statement of ingredients, which lists many chemical sunscreens. Dkt. 28 ¶¶ 4, 31-33. Therefore, Defendants' "ingredients list" defense fails as a matter of law. *See Viggiano v. Hansen Natural Corp.*, 944 F. Supp. 2d 877, 892 n.38 ("In cases where a product's front label is accurate and consistent with the statement of ingredients, courts routinely hold that no reasonable consumer could be misled.") In sum, Defendants market the Products as "mineral based," which—contrary to industry practice and consumer expectations—contain chemical active ingredients, including in a larger percentage than mineral active ingredients in certain of the Products. Dkt. 28 ¶¶ 1-36. The Court cannot grant Defendants' motion to dismiss without making a factual finding that no reasonable consumer could believe the Products are entirely mineral based. *See Plumlee v. Pfizer, Inc.*, 2014 U.S. Dist. LEXIS 23172, at *21 (N.D. Cal. 2014) (internal citation omitted) ("Whether an advertisement is 'misleading' must be judged by the effect it would have on a reasonable consumer."). Construing all reasonable inferences in favor of Plaintiffs, which the Court must do on a motion to dismiss, the Court should not conclude as a matter of law that the representations are not deceptive.

### D.    Plaintiffs Sufficiently Allege Breach of Express Warranty

To prevail on a breach of express warranty claim, a plaintiff must prove (1) the seller's statements constitute an "affirmation of fact or promise" or a "description of the goods;" (2) the statement was part of the basis of the bargain; and (3) the warranty was breached. *Weinstat v. Detsply Internat., Inc.*, 180 Cal. App. 4th 1213, 1227 (Cal. Ct. App. 2010). Courts routinely hold that any message delivered on a product is part of the bargain between buyer and seller. *See id.*

Here, Defendants expressly warrant that each Product is a "mineral-based" sunscreen, and this was the basis of the bargain creating an express warranty that the goods would conform to the stated promise. Dkt. 28 ¶¶ 104, 105. Defendants breached their express warranty by selling "mineral-based" sunscreen products that contain chemical active ingredients. *Id.* ¶¶ 104-107. Plaintiffs relied on Defendants' warranties when purchasing the Products. *Id.* ¶¶ 10, 11. As a result, Defendants breached the contract, and Plaintiffs and the class have been damaged. *Id.* ¶ 107-08.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

Accordingly, Plaintiffs have properly alleged breach of express warranty. *See Smith v. Keurig Green Mt., Inc.*, 393 F. Supp. 3d 837, 847 (N.D. Cal. 2019) (finding breach of express warranty claim sufficiently pled where plaintiff identified the "recyclable" label claim and reliance thereon; ruling breach of express warranty claim stands despite other qualifying statements on the Keurig pods packaging; and "Defendant has not proven that its interpretation is the only reasonable interpretation, which means the Court cannot resolve this dispute at the dismissal stage." ); *Gasser v. Kiss My Face, LLC*, 2017 U.S. Dist. LEXIS 175273, at *20-21 (N.D. Cal. Oct. 23, 2017) (sunscreen label "100% natural mineral advanced protection" constitutes an express warranty and "the statement is part of the bargain because Plaintiffs allege that they would not purchase the KMF Sunscreen and Sun Spray on the same terms if they knew the truth about the unnatural ingredients."); *Rice-Sherman v. Big Heart Pet Brands, Inc.*, 2020 U.S. Dist. LEXIS 46197 , at *33 (N.D. Cal. Mar. 16, 2020) ("Plaintiffs contend that the labels on Big Heart's Product constitute express warranties, including the promises of 'Grain Free,' 'No Corn,' and 'No Soy Protein.' These claims are sufficient under California law to constitute express warranties.") (internal citation omitted); *Mattero v. Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1115-16 (N.D. Cal. 2018) (finding "environmentally responsible" labeling claim on soap products constitutes an express warranty and listing similar cases labeling statements create express warranties).

Defendants' authorities are inapposite. *See Cadena v. Am. Honda Motor Co., Inc.*, No. 18-cv-4007, 2018 U.S. Dist. LEXIS 225506 (C.D. Cal. Nov. 14, 2018) (plaintiffs failed to identify the exact terms of the express warranty); *Beccerra v. Dr. Pepper/Seven Up, Inc.*, No. 17-cv-05921, 2018 U.S. Dist. LEXIS 142074 (N.D. Cal. Aug. 21, 2018) ("diet" soda label made no promise of weight loss).

### E.    Plaintiffs Have Sufficiently Alleged Unjust Enrichment

Defendants' argument against unjust enrichment rests on the incorrect and conclusory assertion that there is "no fraud, deception or breach of warranty." Dkt. 36, 17:19-20. Unlike in *Robinson v. Wells Fargo Home Mortg.*, No. 16-cv-01619, 2016 U.S. Dist. LEXIS 152925 (N.D. Cal. Nov. 3, 2016), here, Plaintiffs have sufficiently pled Defendants' specific wrongdoing:

15

Defendants misleadingly label and advertise the Products as "mineral based," when, in reality, the Products contain chemical active ingredients. Dkt. 28 ¶¶ 1, 2, 4, 29-33. Defendants retain the wrongful benefits and funds from Plaintiffs and the class, and Defendants' unjust enrichment is traceable to the wrongful conduct alleged. *Id.* at ¶ 111-114. It would be inequitable for Defendants to retain the benefits. *Id.* at ¶ 114. Accordingly, Plaintiffs have properly alleged unjust enrichment. *See Smith v. Keurig Green Mt.*, 393 F. Supp. 3d at 848-49; *Rice-Sherman v. Big Heart Pet Brands, Inc.,* 2020 U.S. Dist. LEXIS 46197, at *26 (N.D. Cal. Mar. 16, 2020); *Snarr v. Cento Fine Foods Inc.*, 2019 U.S. Dist. LEXIS 220063, at *22 (N.D. Cal. Dec. 23, 2019); *Pecanha v. The Hain Celestial Grp., Inc.*, 2018 U.S. Dist. LEXIS 11739, at *24 (N.D. Cal. Jan. 24, 2018).

### F.    Plaintiffs Have Standing to Pursue Claims for Substantially Similar Products

California courts have consistently found that plaintiffs have standing to pursue claims involving "substantially similar" unpurchased products. *See, e.g.*, *Werdebaugh v. Blue Diamond Growers*, 2013 U.S. Dist. LEXIS 144178 (N.D. Cal. Oct. 2, 2013) (finding standing for purchaser of chocolate almond milk to pursue claims related to unpurchased products of flavored almonds, 16 other varieties of almond milk, and nut chips); *Colucci v. ZonePerfect Nutrition Co.*, 2012 U.S. Dist. LEXIS 183050 (N.D. Cal. Dec. 28, 2012) ("more than enough similarity" between purchased nutrition bar and 19 others not purchased); *Astiana v. Dreyer's Grand Ice Cream, Inc.*, 2012 U.S. Dist. LEXIS 101371 (N.D. Cal. July 20, 2012) (purchaser of ice cream permitted to pursue claims involving unpurchased ice cream because "Plaintiffs are challenging the same basic mislabeling practice across different product flavors"); *Koh v. S.C. Johnson & Son, Inc.*, 2010 U.S. Dist. LEXIS 654 (N.D. Cal. Jan. 6, 2010) (allowing plaintiff to sue for purchased product (Shout) and unpurchased product (Windex) because the challenged representation on the labels was the same; finding "no bright line rule that different product lines cannot be covered by a single class.").[3]

---

[3] *See also Baum v. J-B Weld Co., LLC*, 2019 U.S. Dist. LEXIS 216052, at *13 (N.D. Cal. Dec. 16, 2019) ("Pursuant to *Morales*, *Astiana*, and *Koh*, similarity in packaging or (mis)labeling can establish substantial similarity even among diverse products."); *Mattero v. Costco Wholesale Corp.*, 336 F. Supp. 3d 1109, 1114–15 (N.D. Cal. 2018) ("Here, Costco has not alleged, much less shown, that the Statements and imagery that plaintiff complains of differ in a legally significantly way between the purchased-Dish Soap and the unpurchased Laundry Detergent. Nor has Costco explained how the facts that the Laundry Detergent and Dish Soap have different ingredients, different uses, and share only one of the 'toxic' ingredients plaintiff complains of are legally

16

In addition, courts have found that where class claims include products that a named representative did not purchase, that representative's claims can still be typical of the class. *See Brazil v. Dole Packaged Foods, LLC*, 2014 U.S. Dist. LEXIS 74234, *31 (N.D. Cal. 2014). In *Brazil*, the class included buyers of seven products that the named plaintiff did not purchase. *Id.* The court held that because the product that plaintiff did buy had the same claims as the other products ("natural fruit"), the injury was substantially similar for all class members. *Id.*

Here, Plaintiff Prescott purchased Coppertone Sport Face Mineral-Based Sunscreen Lotion, and Plaintiff Xavier purchased Coppertone Sport Face Mineral-Based Sunscreen Lotion as well as Coppertone Kids Mineral-Based Sunscreen Lotion. Dkt. 28 ¶ 10-11. The purchased Products are substantially similar to the unpurchased Products:[4] All four products are sunscreens sold by Defendants. *Id.* ¶ 37-38. All four products are sold under the Coppertone brand. *Id.* All four products are sold to consumers as "mineral-based" sunscreens. *Id.* All four products are labeled with the same "mineral-based" claim, which is presented in the same metallic silver banner. *Id.* All four products are labeled as SPF 50. *Id.* All four products contain a similar active ingredient formulation, including Zinc Oxide, Octinoxate, and either Octisalate or Octocrylene. *Id.* In addition, Coppertone Water Babies Mineral-Based Sunscreen Lotion and Coppertone Water Babies Mineral-Based Sunscreen Stick, like the Coppertone Kids Product purchased by Plaintiff Xavier, are marketed and sold for use on children. *Id.* Furthermore, the two unpurchased products share many label claims with the Coppertone Kids Product purchased by Plaintiff Xavier, including: "tear free," "water resistant," "broad spectrum SPF 50," and "#1 Pediatrician Recommended Brand." *Id. See also Corra v. Energizer Holdings, Inc.*, 962 F. Supp. 2d 1207, 1218 (E.D. Cal. 2013) ("the Court further finds the [sunscreen] product Plaintiff purchased is sufficiently similar to the nine [sunscreen] products Plaintiff did not purchase in that Plaintiff alleges (1) they all contained virtually identical active ingredients and (2) Defendants marketed them in virtually the same manner.")

significant to whether reasonable consumers will be misled or what reasonable consumers expect from those Products given the Products' labeling and imagery.").

[4] The unpurchased Products are the Coppertone Water Babies Mineral-Based Sunscreen Stick and the Coppertone Water Babies Mineral-Based Sunscreen Lotion.

17

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

The cases cited by Defendants are inapplicable. *See Johns v. Bayer Corp.*, N0. 09-cv-1935, 2010 U.S. Dist. LEXIS 10926 (S.D. Cal. Feb. 9, 2010) (no standing where plaintiff had not purchased sole product at issue); *see also Dysthe v. Basic Research LLC*, No. 09-cv-8013, 2011 U.S. Dist. LEXIS 138028 (C.D. Cal. June 13, 2011) (no standing where plaintiff's claims based solely on diet product she did not purchase); *Miller v. Ghirardelli Chocolate Co.*, 912 F.Supp.2d 861 (ND. Cal. 2012) (no sufficient similarity where unpurchased products were of a different product category and had different label claims); *Mlejnecky v. Olympus Imaging Am. Inc.*, No. 10-cv-2630, 2011 U.S. Dist. LEXIS 42333 (E.D. Cal. Apr. 9, 2011) (noting that many Ninth Circuit courts have found class standing for unpurchased substantially similar products).

### G.    Plaintiffs Have Standing to Seek Injunctive Relief

Defendants argue that Plaintiffs lack standing to seek injunctive relief because they cannot allege any threat of future harm. Dkt. 26, 18:16-28. Defendants' argument is meritless and based on distinguishable authority where plaintiffs failed to allege any threat of future harm. *See Castagnola v. Hewlett-Packard Co.*, No. 11-cv-05772, 2012 U.S. Dist. LEXIS 82026, \*16 (N.D. Cal. June 13, 2012); *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1042 (9th Cir. 1999); *Rahman v. Motts LLP,* 2018 U.S. Dist. LEXIS 164620 (N.D. Cal. 2018); *Cordes v. Boulder Brands USA, Inc.*, No. 18-cv-6534, 2018 U.S. Dist. LEXIS 217534, at \*12 (C.D. Cal. Oct. 17, 2018).

Plaintiffs' discovery of Defendants' deceptive labeling and advertising does not make the labeling and advertising less misleading, nor does it mean that the deception is not ongoing. In addition, Defendants' argument is at odds with Ninth Circuit precedent. In *Davidson v. Kimberly-Clark Corp.*, 873 F. 3d 1103 (9th Cir. 2017), the Ninth Circuit held:

> "[A] previously deceived consumer may have standing to seek an injunction against false advertising or labeling, even though the consumer now knows or suspects that the advertising was false at the time of the original purchase, because the consumer may suffer an 'actual and imminent, not conjectural or hypothetical' threat of future harm. [Internal citation omitted.] **Knowledge that the advertisement or label was false in the past does not equate to knowledge that it will remain false in the future. In some cases, the threat of future harm may be the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to.** *See, e.g., Ries*, 287 F.R.D. at 533; *Lilly v. Jamba Juice Co.*, No. 13-cv-02998-JT, 2015 U.S. Dist. LEXIS 34498, 2015 WL 1248027, at \*4 (N.D. Cal. Mar. 18, 2015) ('[U]nless the manufacturer or seller has been enjoined from making the same

18

representation, [the] consumer . . . won't know whether it makes sense to spend her money on the product.'). In other cases, the threat of future harm may be the consumer's plausible allegations that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved. [Internal citations omitted.] Either way, we share one district court's sentiment that **we are 'not persuaded that injunctive relief is *never* available for a consumer who learns after purchasing a product that the label is false.'** *Duran v. Creek*, 2016 U.S. Dist. LEXIS 41650, 2016 WL 1191685, at *7 (N.D. Cal. Mar. 28, 2016) (emphasis added)."

*Davidson*, 873 F.3d at 1115. In *Davidson*, the plaintiff filed a false advertising suit seeking injunctive relief under the UCL, CLRA, and FAL against a hygiene product manufacturer who advertised its wipes as "flushable" when they actually were not. *Id.* at 1103. The court looked to plaintiff's allegations to determine whether she had Article III standing to seek injunctive relief and held that it is "required at this stage of the proceedings to presume the truth of plaintiff's allegations and to construe all of the allegations in her favor" and ruled "that Davidson's allegation that she has "no way of determining whether the representation 'flushable' is in fact true" when she "regularly visits stores …where Defendants' 'flushable' wipes are sold'" constitutes a 'threatened injury [that is] certainly impending,' thereby establishing Article III standing to assert a claim for injunctive relief." *Id*. This case mirrors *Davidson*. Plaintiffs allege that "If Plaintiff[s] had known that the Product[s] contained chemical active ingredients, [they] would not have purchased the Product[s]. Plaintiff[s] would purchase the Product[s] in the future if the advertising and label claims were accurate." Dkt. 28 at ¶ 10, 11.

Furthermore, precluding injunctive relief in this case would thwart the objective of California consumer protection laws. In *Chester v. TJX Companies, Inc.*, 2016 U.S. Dist. LEXIS 110342 at *24 (C.D. Cal. Aug. 18, 2016), the court held that, "[i]t is inconceivable to think prospective relief in the false advertising context is bound by the rules of 'fool me once, shame on you; fool me twice shame on me.' The Court . . . refuses to find that, once a plaintiff has alleged that she was deceived, she likely will not voluntarily be deceived again—and thus no court can enjoin deceptive practices without ignoring Article III's standing requirements." *See Shahinian v. Kimberly-Clark Corp.*, 2015 U.S. Dist. LEXIS 92782 at *11 (C.D. Cal. 2015).

Indeed, were injunctive relief unavailable to a consumer who learns after purchasing a product that the product's label is false, California's consumer protection laws would be

19

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

effectively gutted. *Machlan v. P&G*, 77 F. Supp. 3d 954, 961 (N.D. Cal. 2015). As the district court in *Machlan* explained, by finding that these plaintiffs fail to allege Article III standing for injunctive relief, we risk creating a 'perpetual loop' of plaintiffs filing their state law consumer protection claims in California state court, defendants removing the case to federal court, and the federal court dismissing the injunctive relief claims for failure to meet Article III's standing requirements. *Id.* On our Article III standing analysis, fully supported for the reasons we have explained by established standing principles, this 'perpetual loop' will not occur." *Davidson*, 873 F.3d at 1115-16; *see Henderson v. Gruma Cor.,* 2011 U.S. Dist. LEXIS 41077 at *20 (C.D. Cal. Apr. 11, 2011) ("to prevent [plaintiffs] from bringing suit on behalf of a class in federal court [because they are now aware of the true content of the products] would surely thwart the objective of California's consumer protection laws."); *see also Lilly v. Jamba Juice Co.*, 2015 U.S. Dist. LEXIS 34498 at *15 (N.D. Cal. 2015); *Larsen v. Trader Joe's Co.*, 2012 U.S. Dist. LEXIS 162402 at *12 (N.D. Cal. 2012); *Ries v. Arizona Beverages USA LLC*, 2012 U.S. Dist. LEXIS 169853 at *25 (N.D. Cal. 2012) (noting that defendant's position would mean that "injunctive relief would never be available in false advertising cases, a wholly unrealistic result."). In short, per the Ninth Circuit and California's consumer protection laws, injunctive relief is necessary to prevent harm to future purchasers.

### H.    Plaintiffs Have Standing to Bring Claims on Behalf of Non-Residents

Defendants do not dispute that Plaintiffs have standing to bring claims under the laws of California. The Ninth Circuit has made clear that no more is required to satisfy Article III standing.

By arguing that "Plaintiffs lack standing to bring claims on behalf of consumers residing outside of California," Defendants improperly conflate the issue of standing with class certification. Dkt. 26 at 19:18-19. Defendants' misstep is especially clear in light of *Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir. 2015), where the Ninth Circuit adopted the "class certification approach," which "holds that once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met" (quoting NEWBERG

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

ON CLASS ACTIONS § 2:6.).[5] "Stated differently, '[r]epresentative parties who have a direct and substantial interest have standing; the question whether they may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation.'" *Id.* at 1262 (quoting 7AA CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 1785.1 (3d ed.)). Because Defendants do not dispute Plaintiffs' individual standing to bring a claim, "the standing inquiry is concluded," and any additional inquiries regarding this issue are reserved for class certification. *Id*; *see also Torres v. Mercer Canyons Inc.,* 835 F.3d 1125, 1137 n.6 (9th Cir. 2016).

This Court previously adopted the class certification approach.  In *Johnson v. Fujitsu Tech. & Bus. of Am., Inc.*, 250 F. Supp. 3d 460, 465 (N.D. Cal. 2017) (Cousins, J.), and citing to *Melendres v. Arpaio*, 784 F.3d 1254, 1261-62 (9th Cir. 2015), the Court explained that

> The class certification approach . . . holds that once the named plaintiff demonstrates her individual standing to bring a claim, the standing inquiry is concluded, and the court proceeds to consider whether the Rule 23(a) prerequisites for class certification have been met. Here, defendants do not dispute that plaintiffs have standing to bring their own claims under ERISA, or that other individuals in the putative class did invest in the other options. Thus, whether the named plaintiffs are appropriate class representatives will be resolved at the class certification stage.

(Internal citations and quotations omitted). As in *Johnson*, whether the named Plaintiffs are appropriate class representatives will be resolved at the class certification stage, not on an early motion to dismiss.

---

[5] In adopting the "class certification approach," the Ninth Circuit explained, "This approach has been embraced several times (though not always) by the Supreme Court, and is the one adopted by 'most' other federal courts to have addressed the issue." *Melendres*, 784 F.3d at 1262; *See also Kutza v. Williams-Sonoma, Inc.*, 2018 U.S. Dist. LEXIS 192456, at *8-9 (N.D. Cal. 2018) (applying the "class action approach" and explaining that the nationwide "claims are brought under a federal statute [Magnuson-Moss Warranty Act], and the common law [breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, negligent misrepresentation, and fraud], **which likely will not vary much among the states**") (emphasis added).  *See also In re Chrysler-Dodge-Jeep Ecodiesel Litig.*, 295 F. Supp. 3d 927, 953-56 (N.D. Cal. 2018); *Pecanha v. The Hain Celestial Grp., Inc.*, 2018 U.S. Dist. LEXIS 11739, at *25 (N.D. Cal. Jan. 24, 2018); *Robinson v. Unilever United States, Inc.*, 2018 U.S. Dist. LEXIS 225254, at *8 (C.D. Cal. June 25, 2018); *Palmer v. Cognizant Tech. Sols. Corp.*, 2018 U.S. Dist. LEXIS 221058, at *12 (C.D. Cal. 2018); *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Products Liab. Litig.*, 2017 U.S. Dist. LEXIS 150427, at *313 (N.D. Cal. 2017).

21

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

In support of their standing argument, Defendants surprisingly cite *Mason v. Ashbritt, Inc.*, 2020 U.S. Dist. LEXIS 27333 (N.D. Cal. Feb. 17, 2020), which held that *only the named plaintiff must meet Article III's standing requirements*, in direct contravention of Defendants' position. Defendants also cite *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012), however, as the *Mason* court explained, after *Mazza*, the Ninth Circuit in *Torres* "seemed to walk back" *Mazza* and require "only that it must be possible that class members have suffered injury, not that they did suffer injury, or that they must prove such injury at the certification phase." *Mason*, 2020 U.S. Dist. LEXIS 27333, at *18. And "[s]ubsequent district court cases have held that the clarification in *Torres* reaffirms the holding in *Stearns* and *Bates* that only the named plaintiff must establish Article III standing in a class action." *Id.*

This Court should continue to apply the class certification approach and deny Defendants' motion to dismiss or strike Plaintiffs' nationwide class allegations.

### a.    Plaintiffs' Nationwide Class Allegations Are Properly Pleaded

Defendants once again improperly attempt to litigate class certification issues at the pleadings stage. Specifically, Defendants request that the Court strike Plaintiffs' nationwide claims "because individual issues will predominate in any class action adjudication of these claims." Dkt. 26 at 22:12-13. To justify doing so, Defendants cite *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012). However, Defendants' reliance on *Mazza* is misplaced.

*Mazza* was decided at the ***class certification stage*** and depended heavily on a detailed choice-of-law analysis that compared how various states' consumer protection laws applied to the specific facts of the claims in that case. *Id.* at 589-94. Yet "[s]uch a detailed choice-of-law analysis 'should occur during the class certification stage, after discovery.'" *Fehrenbach v. Hewlett Packard Co.*, 2017 U.S. Dist. LEXIS 224552, at *17 (S.D. Cal. Jan. 5, 2017); *see also* Rule 23(b)(3) of the Federal Rules of Civil Procedure (addressing whether "questions of ***law*** or fact common to class members predominate over any questions affecting only individual members) (emphasis added).[6]

---

[6]A legion of district courts in California agree. *See, e.g., Mack v. LLR, Inc.*, 2018 U.S. Dist. LEXIS 227380, at *15 (C.D. Cal. Aug. 15, 2018) (denying defendant's motion to strike nationwide class allegations because "it would be premature to engage in a detailed choice-of-law analysis" at the

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

In addition, even if the Court determines it is appropriate to engage in a choice-of-law analysis at this early juncture, Defendants have plainly failed to satisfy their burden. In *Mazza*, the Ninth Circuit explained that ***Defendants*** bear the burden to demonstrate "that foreign law, rather than California law, should apply to class claims." *Mazza,* 666 F.3d at 590 (internal citation and quotation marks omitted). To determine whether the interests of other states outweigh California's interest, Defendants must satisfy a three-step governmental interest test. *Id.* Here, Defendants have made no attempt to satisfy any of the steps of the governmental interest test. *See Forcellati*, 2014 U.S. Dist. LEXIS 50600, at *10 ("Defendants—as the party bearing the burden of demonstrating that foreign law, rather than California law, should apply to class claims—have failed to satisfy their burden under California's governmental interest analysis test" (internal citation and quotation marks omitted)). Accordingly, Defendants have failed to carry their burden and the Court should deny their premature attempt to litigate issues reserved for the class certification stage of the litigation.

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

---

pleadings stage, and finding defendant's reliance on *Mazza* "misplaced"); *Forcellati v. Hyland's, Inc.*, 876 F. Supp. 2d 1155, 1159-60 (C.D. Cal. 2012) (denying defendant's motion to strike nationwide class claims and explaining that "[c]ourts rarely undertake choice-of-law analysis to strike class claims at this early stage in litigation."); *In re Clorox Consumer Litig.*, 894 F. Supp. 2d 1224, 1237 (N.D. Cal. 2012) (rejecting defendant's motion to strike plaintiff's nationwide class allegations under *Mazza* and explaining that "*Mazza* was decided on a motion for class certification, not a motion to strike. At this stage of the instant litigation, a detailed choice-of-law analysis would be inappropriate."); *Brazil v. Dole Food Co., Inc.*, 2013 U.S. Dist. LEXIS 136921, at *40 (N.D. Cal. Sept. 23, 2013) ("find[ing] that striking the nationwide class allegations at this stage of this case would be premature."); *Doe v. Successfulmatch.com*, 2014 U.S. Dist. LEXIS 53258, at *27 (N.D. Cal. 2014) ("Here, the Court finds that striking the nationwide class allegations at this stage of the case would be premature."); *Wolf v. Hewlett Packard Co.*, 2016 U.S. Dist. LEXIS 199618, at *19 (C.D. Cal. 2016) ("It is unnecessary at this time to strike Plaintiff's FAC to the extent Plaintiff seeks to represent a class of out-of-state consumers. That issue is more properly addressed at the class certification stage."); *Czuchaj v. Conair Corp.*, 2014 U.S. Dist. LEXIS 54413, at *6 (S.D. Cal. Apr. 17, 2014) ("determination of the choice of law issue is premature at this stage of litigation" and denying defendant's motion to strike nationwide classes); *Won Kyung Hwang v. Ohso Clean, Inc.*, 2013 U.S. Dist. LEXIS 54002, at *59 (N.D. Cal. 2013) ("The Court finds the choice of law question raised by Defendants to be premature" because "[s]uch an inquiry is most appropriate at the class certification stage of the case, after the parties have engaged in discovery."); *Clancy v. The Bromley Tea Co.*, 308 F.R.D. 564, 572 (N.D. Cal. 2013) ("Such a detailed choice-of-law analysis is not appropriate at this stage of the litigation. Rather, such a fact-heavy inquiry should occur during the class certification stage, after discovery.").

23

## I.    Plaintiffs Gave More than Sufficient Notice as Required by the CLRA

Defendants claim that Plaintiffs failed to provide notice of their CLRA claims. Defendants' argument ignores reality: Defendants have been notified at least *twice* of their CLRA violations pursuant to California Civil Code section 1782(a). *See* Dkt. 28 ¶ 100.

On September 18, 2018, counsel Christopher D. Moon served a CLRA notice letter on Defendant Bayer, alleging false and misleading advertising of Defendants' "mineral based" sunscreens and advising Defendant of counsels' intention to proceed with a class action lawsuit. *See* Declaration of Christopher D. Moon, Exhibit A, ¶ 3.[7] Accordingly, Defendants' position that Plaintiffs have not provided "*prior* notice of this lawsuit" is meritless. *See* Dkt. 36, 24:26 (emphasis theirs).  *See also Weeks v. Google LLC*, 2018 U.S. Dist. LEXIS 139265, at \*33 (N.D. Cal. Aug. 16, 2018) (Cousins, J.) ("Google was well-aware of the alleged defect, and so it can hardly be said that Google had not been given an opportunity to cure."). Additionally, as a courtesy, Plaintiffs served a supplemental notice letter on January 3, 2020, alleging and advising the same. *See* Declaration of Christopher D. Moon, Exhibit B ¶ 4.

Defendants attempt to bolster their position with inapposite cases. *See Morrison v. Ross Stores, Inc*., No. 18-cv-02671, 2018 U.S. Dist. LEXIS 194431, at \*14 (N.D. Cal. Nov. 14, 2018) (rejecting argument that unspecified prior consumer complaints constituted notice; finding letter served three days prior to complaint inadequate notice); *Stearns v. Select Comfort Retail Corp.*, No. 08-cv-2746, 2009 U.S. Dist. LEXIS 48367 (N.D. Cal. June 5, 2009) (holding that notice cannot be provided by third parties). Regardless, had Plaintiffs failed to provide adequate notice— which they did not—any such defect has been cured by amendment. *See, e.g., Keilholtz v. Lennox Hearth Prods., Inc*, 2009 U.S. Dist. LEXIS 81108, at \*13 (N.D. Cal. Sept. 8, 2009) (allowing plaintiff leave to amend to include a damages claim after sufficient notice was provided to defendant); *Rosales v. FitFlop USA, LLC* (S.D. Cal. Feb. 8, 2012), 882 F. Supp. 2d 1168, 2012

---

[7] The September 18, 2018 notice letter should be incorporated by reference into Plaintiffs' complaint. *See Davis v. HSBC Bank*, 691 F.3d 1152, 1160 (9th Cir. 2012). A court may treat such a document as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). *Id; see Punian v. Gillette Co.*, No. 14-CV-05028-LHK, 2015 U.S. Dist. LEXIS 111208, at \*16 (N.D. Cal. 2015) (a document may be incorporated by reference "in situations where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint.").

24

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

U.S. Dist. LEXIS 111023 (consumers properly sought monetary damages under 1782(a) where required notice letter mailed to defendant at time of filing, and complaint was amended after 30-day period to include monetary damages); *Morgan v. AT&T Wireless Servs., Inc.,* 177 Cal. App. 4th 1235, 1261, 99 Cal. Rptr. 3d 768, 790 (2009) ("Because plaintiffs in this case alleged that they sent the required notice to AT&T more than 30 days before they filed the third amended complaint and that AT&T failed to correct the alleged wrongs, the trial court erred by sustaining the demurrer for failure to comply the CLRA notice requirements.").

## V.    OBJECTION

Pursuant to Local Rule 7-3(a), Plaintiffs object to Defendants' Request for Judicial Notice on the grounds that it incorporates evidence outside of the pleadings, which is beyond the scope of Defendants' 12(b)(6) motion. To the extent the Court considers Defendants' unauthorized evidence and thereby transforms Defendants' Motion into a Rule 56 motion, Plaintiffs request the Court lift the discovery stay to allow Plaintiffs to conduct merits discovery on these issues.

## VI.    IN THE ALTERNATIVE, PLAINTIFFS REQUEST LEAVE TO AMEND

Alternatively, Plaintiffs respectfully request leave to amend their complaint to cure any pleading defects. Dismissal of a Plaintiffs' complaint, without leave to amend, is proper only where "it appears beyond doubt that plaintiff can prove no set of facts that would entitle her to relief." *Smith v. Jackson*, 84 F. 3d 1213, 1217 (9th Cir. 1996). A Rule 12(b)(6) dismissal "should ordinarily be without prejudice." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Leave to amend should be "freely given" when the plaintiff could cure the pleadings defects and present viable claims. Fed. R. Civ. P. 15(a); *see Foman v. Davis*, 371 U.S. 178, 182 (1962); *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (The Ninth Circuit requires that this policy favoring amendment be applied with "extreme liberality.").

## VII.  CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court **DENY** in its entirety Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint.

DATED: June 12, 2020

**CLARKSON LAW FIRM, P.C.**
 /s/ Matthew T. Theriault_____
Matthew T. Theriault
Ryan J. Clarkson
Shireen M. Clarkson

**MOON LAW APC**
Christopher D. Moon
Kevin O. Moon

*Attorneys for Plaintiffs*

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

26