**CLARKSON LAW FIRM, P.C.**
Matthew T. Theriault (SBN 244037)
*mtheriault@clarksonlawfirm.com*
Shireen M. Clarkson (SBN 237882)
*sclarkson@clarksonlawfirm.com*
Ryan J. Clarkson (SBN 257074)
*rclarkson@clarksonlawfirm.com*
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiffs*

**MOON LAW APC**
Christopher D. Moon (SBN 246622)
*chris@moonlawapc.com*
Kevin O. Moon (SBN 246792)
*kevin@moonlawapc.com*
228 Hamilton Ave., 3rd Floor
Palo Alto, California 94301
Tel: (619) 915-9432
Fax: (650) 618-0478

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NOTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT and MIKE XAVIER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>BAYER HEALTHCARE LLC, a Delaware limited liability company; BEIERSDORF, INC., a Delaware corporation;<br><br>    Defendants. | Case No.   5:20-cv-00102-NC<br><br>**DECLARATION OF CHRISTOPHER D. MOON IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Judge: Hon. Nathanael M. Cousins<br>Date:  July 22, 2020<br>Time:  1:00 p.m.<br>Place:  Courtroom 5 |

CLARKSON LAW FIRM, P.C.
9255 Sunset Blvd., Suite 804
Los Angeles, CA 90069

DECLARATION OF CHRISTOPHER D. MOON ISO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

## DECLARATION OF CHRISTOPHER D. MOON

I, Christopher D. Moon, declare as follows:

1.    I am counsel of record for named Plaintiffs Steven Prescott and Mike Xavier ("Plaintiffs"). I am licensed to practice in all state and federal courts in the State of California, and I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would testify competently thereto.

2.    I make this declaration in support of Plaintiffs' opposition to Defendants Bayer HealthCare LLC's and Beiersdorf, Inc.'s ("Defendants") Motion to Dismiss Plaintiffs' First Amended Complaint.

3.    On September 18, 2018, I served a Consumers Legal Remedies Act notice letter pursuant to California Civil Code section 1782(a), alleging false and misleading advertising of Defendants' "mineral based" sunscreens and advising Defendant Bayer of counsels' intention to proceed with a class action lawsuit. Attached as Exhibit A is a true and correct copy of the September 18, 2018 statutory notice letter.

4.    Additionally, as a courtesy, Plaintiffs served a supplemental notice letter on January 3, 2020, alleging and advising the same. Attached as Exhibit B is a true and correct copy of the January 3, 2020 statutory notice letter.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed on June 12, 2020 at Palo Alto, California.

_____
Christopher D. Moon

# EXHIBIT A



Christopher D. Moon
600 West Broadway, Suite 700
San Diego, CA 92101
619.915.9432
chris@moonlawapc.com

September 18, 2018

***Via Certified Mail - Return Receipt Requested***

Philip Blake, CEO/President
Bayer Corporation
100 Bayer Boulevard
Whippany, NJ 07981

Bayer Healthcare Pharmaceuticals, Inc.
100 Bayer Boulevard
Whippany, NJ 07981

Bayer Healthcare Pharmaceuticals, Inc.
c/o CSC Lawyers Incorporating Service
Registered Agent
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833

*Re:    Demand Letter Pursuant to California Civil Code § 1750, et seq.*

Dear Mr. Blake:

Pursuant to California Civil Code § 1782 (a)(1), we write to notify Bayer Corporation and Bayer Healthcare Pharmaceuticals, Inc. ("Defendant") that Defendant has violated, and continues to violate, the Consumer Legal Remedies Act (Civ. Code § 1750, et seq.) and other applicable laws. Pursuant to § 1782(b), Defendant has 30 days to rectify the violations, as discussed below, or we intend to file a class-action lawsuit.

## Background

There are two types of sunscreen products: chemical-based and mineral-based. Chemical-based sunscreens contain various synthetic, active chemical ingredients, such as Octisalate and Octinoxate, which protect the skin by absorbing UV radiation and

1

dissipating it as heat.[1]    Conversely, mineral-based sunscreens use active mineral ingredients (zinc oxide and/or titanium dioxide), which deflect or scatter UV rays.

In recent years, consumers have become increasingly concerned about using chemical-based sunscreens because the active chemical ingredients have been shown to have adverse health effects, including endocrine disruption, skin irritation, allergic reactions, and causing the production of dangerous free radicals.  In fact, state lawmakers in Hawaii recently banned two chemical sunscreen ingredients, Octinoxate and Oxybenzone.  In explaining its decision to ban those ingredients, the Hawaii legislature stated:

> Oxybenzone and octinoxate cause mortality in developing coral; increase coral bleaching that indicates extreme stress, even at temperatures below 87.8 degrees Fahrenheit; and cause genetic damage to coral and other marine organisms.  These chemicals have also been shown to degrade corals' resiliency and ability to adjust to climate change factors and inhibit recruitment of new corals. Furthermore, oxybenzone and octinoxate appear to increase the probability of endocrine disruption.  Scientific studies show that both chemicals can induce feminization in adult male fish and increase reproductive diseases in marine invertebrate species (e.g., sea urchins), vertebrate species (e.g., fish such as wrasses, eels, and parrotfish), and mammals (in species similar to the Hawaiian monk seal). The chemicals also induce deformities in the embryonic development of fish, sea urchins, coral, and shrimp and induce neurological behavioral changes in fish that threaten the continuity of fish populations.  In addition, species that are listed on the federal Endangered Species Act and inhabit Hawaii's waters, including sea turtle species, marine mammals, and migratory birds, may be exposed to oxybenzone and octinoxate contamination.

*See* https://legiscan.com/HI/text/SB2571/2018.

Because of their concerns about chemical sunscreens, consumers have increasingly sought out mineral-based sunscreens, the sales of which have surged in recent years.  This is particularly true among consumers of sunscreens intended for use on babies and children.

**Sunscreen Claims**

Defendant manufactures, markets, advertises, labels, and sells various Coppertone sunscreen products, including Coppertone Water Babies Mineral-Based Sunscreen Lotion (in various sizes); Coppertone Water Babies Mineral-Based Sunscreen Stick; Coppertone Kids Mineral-Based Formula Sunscreen Lotion (collectively, "Mineral-Based Products"),

---

[1] "Active" ingredients are those that produce the desired or intended result.  In the case of sunscreens, they are the ingredients that protect the skin from harmful UV rays.

as well as Coppertone Clear Zinc Sunscreen Lotion (in various sizes) ("Clear Zinc Products").[2]

Defendant prominently and uniformly labels the front display panel of the Mineral-Based Products with the label "Mineral-Based."  Defendant also prominently and uniformly labels the front display panel of the Clear Zinc Products with the label "Clear Zinc."  The labels are set against—and highlighted by—an eye-catching, polished-silver background.

Based on the "Mineral-Based" and "Clear Zinc" representations, reasonable consumers believe the Products contain only active mineral ingredients.  Put differently, reasonable consumers do not believe the Products contain any active synthetic chemical ingredients.  This understanding is further reinforced by the fact that *virtually all* sunscreens on the market that are advertised as mineral or mineral-based contain only active mineral ingredients.

However, in spite of the labeling, the Products actually contain the active chemical ingredients Octinoxate (banned in Hawaii) and Octisalate, in addition to Zinc Oxide.  Even more misleading, in the Clear Zinc Products and the Coppertone Water Babies Mineral-Based Sunscreen Stick Products, the active chemical ingredients comprise a *larger* percentage of the Products than the active mineral ingredients:

**Clear Zinc Products:**
- Active Chemical Ingredients: 12%
- Active Mineral Ingredients: 9.7%

**Mineral-Based Sunscreen Stick Products:**
- Active Chemical Ingredients: 17.5%
- Active Mineral Ingredients:  15%

As to the remaining Products, the percentage of active chemical ingredients is nearly equal to the percentage of active mineral ingredients (12.5% chemical vs. 14.5% mineral).

Therefore, labeling the Products as "Mineral-Based" where the percentage of active mineral ingredients is actually *less than*, or *nearly equal to*, the percentage of active chemical ingredients is wholly misleading and deceptive.  Similarly, labeling the Products as "Clear Zinc" where the percentage of Zinc Oxide is *less than* the percentage of active chemical ingredients is similarly misleading and deceptive.

---

[2] *See* Exhibit One for images of the Products

## Violation of California Consumer Protection Statutes

Accordingly, Defendant has violated, and continues to violate, the CLRA and California law. Specifically, in connection with the advertising, labeling, packaging, and marketing of the Products, Defendant has violated the following subdivisions of California Civil Code section 1770(a):

- Representing that the Products have (i) "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which [they do] not have" (1770(a)(5));
- Representing that the Products are of "a particular standard, quality, or grade," when they are of another (1770(a)(7)); and
- "Advertising goods…with the intent not to sell them as advertised" (1770(a)(9)).

In addition, Defendant's conduct violates California Business & Professions Code § 17500, which prohibits "unfair, deceptive, untrue or misleading advertising." Defendant violates § 17500 by representing, through false and misleading advertising, and through other express representations, that the Products are mineral-based, when, in fact, the Products contain substantial active synthetic chemical ingredients. As described above, these statements are false and misleading.

Defendant's conduct also violates California Business & Professions Code §§ 17200, *et seq*. Among other things, Defendant's conduct constitutes an unfair or fraudulent business practice. Defendant makes material false representations to consumers concerning its Products that are likely to deceive consumers into purchasing the Products on the mistaken belief that the mineral-based representations are true. Consumers have been directly injured by Defendant's conduct in that they would not have purchased the Products, or would have purchased them on different terms, had they known the truth about the Products.

As a proximate and direct result of Defendant's conduct, our client, Kevin Terry, and similarly situated consumers, have been injured and suffered damages by purchasing the Products. Likewise, Defendant has unreasonably profited from its conduct.

## How to Resolve These Matters

Defendant has thirty (30) days from the date on which this notice is served upon Defendant to correct, repair, replace, or otherwise rectify the aforementioned violations. Mr. Terry demands that Defendant immediately cease the unlawful business practices described herein, disgorge the profits derived from these unlawful business practices and false advertising, and make restitution to our client and all similarly situated consumers of the Products, without limitation.

4

In addition, Mr. Terry requests that Defendant allow us to verify, by depositions or other methods, how many consumers were affected by Defendant's improper conduct, that Defendant has implemented any resolution we reach, and that Defendant has implemented procedures to prevent the improper conduct from reoccurring.

Furthermore, on behalf of Mr. Terry and similarly situated consumers, we request that Defendant institute a recall program, to be approved and supervised by us, as counsel to Mr. Terry and a putative class of similarly situated consumers, of all Products that presently have packaging or labeling that makes any of the claims as described herein.

## Preservation Request

This letter also constitutes notice to Defendant that it is not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronic data and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to your processes for advertising products, your process for creating marketing materials and product labels regarding the Products, including, but not limited to, the following:

1. All documents concerning the ingredients, formula, and manufacturing processes for the Products;
2. All communications with any U.S. administrative entity, or complaints by any private person or entity concerning product development, manufacturing, marketing and sales of the Products;
3. All documents concerning the advertisement, manufacturing, marketing, labeling, distribution, or sale of the Products; and
4. All communications with customers concerning complaints or comments concerning the Products and their advertising and labeling.

If we do not hear from you within the 30-day time period, we will assume that you will not take the corrective action requested and will proceed to file suit.

If you contend that any of the facts contained in this letter are inaccurate in any respect, please provide us with all of your facts, contentions, and supporting documents as quickly as possible, but in no event later than fourteen (14) days from the date of your receipt of this letter.  We are available if you want to discuss the issues raised in this letter.

Respectfully,

Christopher D. Moon
MOON LAW APC

5

# EXHIBIT ONE

**Coppertone Water Babies Mineral-Based Sunscreen Lotion (in various sizes)**



**Coppertone Water Babies Mineral-Based Sunscreen Stick**



**<u>Coppertone Kids Mineral-Based Formula Sunscreen Lotion</u>**



**<u>Coppertone Clear Zinc Sunscreen Lotion (in various sizes)</u>**



# EXHIBIT B



**CLARKSON**
LAW FIRM

Experience. Integrity. Justice.

Shireen Clarkson, Esq.
Partner

Clarkson Law Firm, P.C.
9255 Sunset Ave., Ste. 804
Los Angeles, CA 90069
(213) 788-4050 (Main)
(213) 788-4580 (Direct)
(213) 788-4070 (Fax)
(855) 876-1300 (Toll-Free)
www.clarksonlawfirm.com
sclarkson@clarksonlawfirm.com

January 3, 2020

## VIA U.S. CERTIFIED MAIL RETURN RECEIPT REQUESTED

Bayer Healthcare Pharmaceuticals, Inc.  
Attn: Philip Blake, CEO/President  
100 Bayer Boulevard  
Whippany, NJ 07981  

CSC Lawyers Incorporating Service  
Re: Bayer Healthcare Pharmaceuticals, Inc.  
2710 Gateway Oaks Dr., Ste 150 N  
Sacramento, CA 95833  

Beiersdorf, Inc.  
45 Danbury Road  
Wilton, CT 06897  

Peter Metzer, Agent of Service  
Re: Beiersdorf, Inc.  
31 Blueberry LA  
Darien, CT 06820  

Corporation Service Company  
Re: Beiersdorf AG  
251 Little Falls Drive  
Wilmington, DE 19808  

   Re:  Coppertone California Litigation

To Whom It May Concern:

  Pursuant to California Civil Code § 1782 (a)(1), we write to notify Bayer Healthcare Pharmaceuticals, Inc. and Beiersdorf, Inc. (collectively, "Defendants") that they have violated, and continue to violate, the Consumer Legal Remedies Act (Civ. Code § 1750, et seq.) and other applicable laws.

## Background

  There are two types of sunscreen products: chemical-based and mineral-based. Chemical-based sunscreens contain various synthetic, active chemical ingredients, such as Octisalate and Octinoxate, which protect the skin by absorbing UV radiation and

dissipating it as heat.[1] Conversely, mineral-based sunscreens use active mineral ingredients (zinc oxide and/or titanium dioxide), which deflect or scatter UV rays.

In recent years, consumers have become increasingly concerned about using chemical-based sunscreens because the active chemical ingredients have been shown to have adverse health effects, including endocrine disruption, skin irritation, allergic reactions, and causing the production of dangerous free radicals. In fact, state lawmakers in Hawaii recently banned two chemical sunscreen ingredients, Octinoxate and Oxybenzone. In explaining its decision to ban those ingredients, the Hawaii legislature stated:

> Oxybenzone and octinoxate cause mortality in developing coral; increase coral bleaching that indicates extreme stress, even at temperatures below 87.8 degrees Fahrenheit; and cause genetic damage to coral and other marine organisms. These chemicals have also been shown to degrade corals' resiliency and ability to adjust to climate change factors and inhibit recruitment of new corals. Furthermore, oxybenzone and octinoxate appear to increase the probability of endocrine disruption. Scientific studies show that both chemicals can induce feminization in adult male fish and increase reproductive diseases in marine invertebrate species (e.g., sea urchins), vertebrate species (e.g., fish such as wrasses, eels, and parrotfish), and mammals (in species similar to the Hawaiian monk seal). The chemicals also induce deformities in the embryonic development of fish, sea urchins, coral, and shrimp and induce neurological behavioral changes in fish that threaten the continuity of fish populations. In addition, species that are listed on the federal Endangered Species Act and inhabit Hawaii's waters, including sea turtle species, marine mammals, and migratory birds, may be exposed to oxybenzone and octinoxate contamination.

*See* https://legiscan.com/HI/text/SB2571/2018.

Because of their concerns about chemical sunscreens, consumers have increasingly sought out mineral-based sunscreens, the sales of which have surged in recent years. This is particularly true among consumers of sunscreens intended for use on babies and children.

**Sunscreen Claims**

Defendants manufacture, market, advertise, label, and sell various Coppertone sunscreen products, including Coppertone Water Babies Mineral-Based Sunscreen Lotion (in various sizes); Coppertone Water Babies Mineral-Based Sunscreen Stick; Coppertone Kids Mineral-Based Formula Sunscreen Lotion (collectively, "Mineral-Based Products").[2]

Defendants prominently and uniformly label the front display panel of the Mineral-Based Products with the label "Mineral-Based." The labels are set against—and highlighted by—an eye-catching, polished-silver background.

---

[1] "Active" ingredients are those that produce the desired or intended result. In the case of sunscreens, they are the ingredients that protect the skin from harmful UV rays.

[2] See Exhibit One for images of the Products

Based on the "Mineral-Based" representations, reasonable consumers believe the Products contain only active mineral ingredients. Put differently, reasonable consumers do not believe the Products contain any active synthetic chemical ingredients. This understanding is further reinforced by the fact that *virtually all* sunscreens on the market that are advertised as mineral or mineral-based contain only active mineral ingredients.

However, in spite of the labeling, the Products actually contain the active chemical ingredients Octinoxate (banned in Hawaii) and Octisalate, in addition to Zinc Oxide.  Even more misleading, in the Coppertone Water Babies Mineral-Based Sunscreen Stick Products, the active chemical ingredients comprise a *larger* percentage of the Products than the active mineral ingredients:

**<u>Mineral-Based Sunscreen Stick Products:</u>**
- Active Chemical Ingredients: 17.5%
- Active Mineral Ingredients:  15%

As to the remaining Products, the percentage of active chemical ingredients is nearly equal to the percentage of active mineral ingredients (12.5% chemical vs. 14.5% mineral).

Therefore, labeling the Products as "Mineral-Based" where the percentage of active mineral ingredients is actually *less than*, or *nearly equal to*, the percentage of active chemical ingredients is wholly misleading and deceptive.

**<u>Violation of California Consumer Protection Statutes</u>**

Accordingly, Defendants have violated, and continue to violate, the CLRA and California law. Specifically, in connection with the advertising, labeling, packaging, and marketing of the Products, Defendants have violated the following subdivisions of California Civil Code section 1770(a):

- Representing that the Products have (i) "sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which [they do] not have" (1770(a)(5));
- Representing that the Products are of "a particular standard, quality, or grade," when they are of another (1770(a)(7)); and
- "Advertising goods…with the intent not to sell them as advertised" (1770(a)(9)).

In addition, Defendants' conduct violates California Business & Professions Code § 17500, which prohibits "unfair, deceptive, untrue or misleading advertising." Defendants violate § 17500 by representing, through false and misleading advertising, and through other express representations, that the Products are mineral-based, when, in fact, the Products contain substantial active synthetic chemical ingredients. As described above, these statements are false and misleading.

Defendants' conduct also violates California Business & Professions Code §§ 17200, *et seq*.  Among other things, Defendants' conduct constitutes an unfair or fraudulent business practice. Defendants make material false representations to consumers

concerning the Products that are likely to deceive consumers into purchasing the Products on the mistaken belief that the mineral-based representations are true. Consumers have been directly injured by Defendants' conduct in that they would not have purchased the Products, or would have purchased them on different terms, had they known the truth about the Products.

As a proximate and direct result of Defendants' conduct, our clients, Mike Xavier and Steven Prescott (together, "Plaintiffs") and similarly situated consumers, have been injured and suffered damages by purchasing the Products. Likewise, Defendants have unreasonably profited from their conduct.

**How to Resolve These Matters**

Plaintiffs demand that Defendants immediately cease the unlawful business practices described herein, disgorge the profits derived from these unlawful business practices and false advertising, and make restitution to our client and all similarly situated consumers of the Products, without limitation.

In addition, Plaintiffs request that Defendants allow us to verify, by depositions or other methods, how many consumers were affected by Defendants' improper conduct, that Defendants have implemented any resolution we reach, and that Defendants have implemented procedures to prevent the improper conduct from reoccurring.

Furthermore, on behalf of Plaintiffs and similarly situated consumers, we request that Defendants institute a recall program, to be approved and supervised by us, as counsel to Plaintiffs and a putative class of similarly situated consumers, of all Products that presently have packaging or labeling that makes any of the claims as described herein.

**Preservation Request**

This letter also constitutes notice to Defendants that they are not to destroy, conceal or alter in any manner whatsoever any evidence, documents, merchandise, information, paper or electronic data and/or other tangible items or property potentially discoverable in the above-referenced matter, including but not limited to documents that relate to your processes for advertising products, your process for creating marketing materials and product labels regarding the Products, including, but not limited to, the following:

1. All documents concerning the ingredients, formula, and manufacturing processes for the Products;
2. All communications with any U.S. administrative entity, or complaints by any private person or entity concerning product development, manufacturing, marketing and sales of the Products;
3. All documents concerning the advertisement, manufacturing, marketing, labeling, distribution, or sale of the Products; and
4. All communications with customers concerning complaints or comments concerning the Products and their advertising and labeling.

We are willing to negotiate to attempt to resolve the demands in this letter. If you wish to enter into such discussions, then please contact us immediately. If you contend that any statement in this letter is inaccurate in any respect, the please provide us with your contentions and supporting documents promptly.

Thank you for your attention to this matter.

CLARKSON LAW FIRM, P.C.

Shireen Clarkson, Esq.

# EXHIBIT ONE

**<u>Coppertone Water Babies Mineral-Based Sunscreen Lotion (in various sizes)</u>**



**Coppertone Water Babies Mineral-Based Sunscreen Stick**



**Coppertone Kids Mineral-Based Formula Sunscreen Lotion**

