UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT and MIKE XAVIER, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>BAYER HEALTHCARE LLC, a Delaware limited liability company; BEIERSDORF, INC., a Delaware corporation,<br><br>        Defendants. | Case No. 5:20-cv-00102-NC<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT AGREEMENT** |

**RECITALS**

Plaintiffs Mike Xavier and Steven Prescott ("**Plaintiffs**" and/or "**Class Representatives**") have moved the Court for preliminary approval of a proposed class action settlement with Defendants Bayer Healthcare LLC and Beiersdorf Inc. ("**Defendants**"), the terms and conditions of which are set forth in the Settlement Agreement filed with the Court on July 14, 2021 ("**Settlement Agreement**"). In the instant motion, Plaintiffs request preliminary approval of the settlement, certification of the class for settlement purposes only, and appointment of Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel for purposes of settlement.

This case concerns the marketing and labeling of Defendants' sunscreen products that include "mineral-based" on the label in various sizes and forms: Coppertone Water Babies Pure & Simple, Coppertone Kids Tear Free, and Coppertone Sport Face (collectively, the "**Products**"), purchased in the United States, for use and not for resale, up to and including the date that the Settlement Class is first notified of the Settlement pursuant to the Court's preliminary approval order ("**Class Period**"). The Settlement Class is defined below in Findings and Conclusions § 3.

Plaintiffs, who purchased at least one of the Products during the Class Period, contend that they were mislabeled as "Mineral-Based." Plaintiffs contend that, by marketing the Products as "Mineral-Based," Defendants caused people to purchase the Products who would not otherwise have done so for the same price. Defendants deny that there is any factual or legal basis for Plaintiffs' allegations. They contend that the labeling of the Products was truthful and not misleading, and further deny that Plaintiffs or any other purchasers have suffered injury as a result of the "Mineral-Based" representation or are entitled to monetary or other relief. Defendants also deny that this case can be certified as a class action on behalf of the proposed settlement class, except for purposes of settlement.

The history of this litigation is summarized in Part I of the Settlement Agreement. In brief, this case was filed on January 3, 2020, and discovery was taken by both parties. The parties were ordered to participate in a settlement conference with the Hon. Virginia K. DeMarchi. Ultimately, they participated in five separate settlement conferences with the Hon. DeMarchi between September and December 2020 and again in June 2021. The settlement conferences, with an independent third-party neutral who is also an actively sitting judge for this Court, led to a settlement, the terms of which

are set forth in the Settlement Agreement and fairly and accurately summarized, in pertinent part, in the proposed Long Form and Short Form Notices to Settlement Class Members attached as Exhibit B1 to the Settlement Agreement.

In brief, the terms of the Settlement Agreement provide for the following benefits to the Settlement Class. Subject to the Settlement Agreement, if the term "mineral-based" is used on Coppertone sunscreen labels, during the period from the entry of this Order through December 31, 2023, in connection with any products that contain both mineral sunscreen active ingredients and other sunscreen active ingredients, Defendants have agreed to include a statement on the product packaging that states that the product contains other sunscreen active ingredients, such as, for example, "contains other sunscreen active ingredients" (hereinafter the "**Injunctive Relief Component**"). In addition, Defendants have agreed to pay a total monetary benefit of $2.25 million into a common fund, with no right to reversion, that will be used to pay valid claims from Settlement Class Members, attorneys' fees and litigation expenses awarded by this Court, incentive or service awards approved by this Court, and the costs of notice and claims administration, with any remaining amount to be disbursed *cy pres* to Look Good Feel Better (the "**Settlement Fund**").

All Settlement Class Members may submit a claim for a payment of $2.50 per unit of Product for which they have proof of purchase, without limitation to the number of Products. Settlement Class Members who cannot produce proof of purchase may submit a claim to receive $2.50 per unit of Product, up to a maximum of four (4) units per claimant, for a total of $10.00 with a corresponding sworn declaration confirming they purchased a Product, in the United States, during the Class Period, for the purpose of use and not for resale, including the approximate dates of purchase, and number of Products purchased, and stating that they would not have made the purchase but for the "mineral based" label. Each Settlement Class Member may submit a claim either electronically through a settlement website or by mail. The claims process will include an agreed-upon verification process designed by the claims administrator to reduce the risk of fraudulent claims.

The Claim Form process is simple and not burdensome, merely requiring Settlement Class members to provide their name, contact information, and chosen method for receipt of payment (by check or electronic payment), and to aver facts under penalty of perjury that establishes they are

N.D. Cal. Case No. 5:20-cv-00102-NC                -3-
ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

1  Settlement Class Members that would not have made the purchase(s) but for the phrase
2  "Mineral-Based." As part of the settlement, Plaintiffs' attorneys may apply to this Court to award
3  them up to thirty (30%) percent of the $2.25 million Settlement Fund to pay their attorneys' fees and
4  expenses. It also allows Plaintiffs to apply for an incentive or service award of up to $5,000 each.
5  Such amounts must be approved by the Court, and the Court will defer any ruling on the
6  appropriateness of such awards until the final approval hearing.

7  Notice is to be provided as described in the Settlement Agreement consistent with the notice
8  plan designed by Digital Settlement Group, a well-known and experienced class action administrator.
9  The notices are attached to the Settlement Agreement as Exhibit B. Digital Settlement Group also will
10 receive and process Claim Forms and any disbursements to Settlement Class Members. Digital
11 Settlement Group will be compensated up to $530,000.00, plus postage.

12 The Settlement Agreement utilizes a notice plan that is designed to reach at least 70% of
13 Settlement Class Members, whose identities are unknown, to advise them of their rights regarding a
14 settlement of claims related to a common household consumer good, in a cost-efficient and effective
15 manner. It largely entails digital advertising and press releases and a dedicated settlement website that
16 provides the claim form and its instructions, the long form and short form notice, important dates,
17 information responding to frequently asked questions, pertinent documents, and updates on the status
18 of the settlement. The notices provide information and instructions to Settlement Class Members who
19 wish to submit a claim, object to the settlement, or exclude themselves from the Settlement Class, and
20 an explanation of how these choices will impact their legal rights. Submission of claims and requests
21 for exclusions entail mail and/or online options. Instructions regarding the submission of objections
22 are consistent with this Court's procedures and applicable law. Neither the methodology for
23 exclusions nor objections presents any unreasonable or burdensome requirements.

24 On March 15, 2021, Plaintiffs filed the Settlement Agreement and moved for preliminary
25 approval of the class settlement. That motion was denied, without prejudice, by this Court. ECF 87.
26 The Settlement Agreement, including its exhibits, have been amended by the Parties in compliance
27 with the Court's Order. The Court has reviewed its prior Order and the amended Settlement
28 Agreement and finds that the new terms satisfy this Court's prior Order on preliminary approval.

## FINDINGS AND CONCLUSIONS

Having considered all matters submitted to it at the hearing on the instant motion and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Order shall have the same meaning as defined in the Settlement Agreement except as otherwise expressly provided.

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d) and has personal jurisdiction over the Parties and the Settlement Class Members. Venue is proper in this District.

3. All parties have consented to the jurisdiction of a magistrate judge. ECF 8, 10, 11, 12, 24.

4. The Court held a preliminary approval hearing by Zoom webinar on July 28, 2021, at 2:00 p.m. The purpose of the preliminary approval hearing was to address the parties' attempts to cure deficiencies identified in the initial proposed Settlement Agreement. *See* ECF 87. At the hearing, the Court instructed the parties to confirm that a Johnson & Johnson recall of similar products does not affect the Products at issue in the Settlement Agreement. Furthermore, the Court acknowledged that the parties adjusted request for attorneys' fees is within an acceptable range, but reserves final approval until after the final approval hearing. The parties agreed to set a final approval hearing for December 15, 2021.

5. On July 29, 2021, Defendants filed a statement with the Court confirming that: (1) Johnson & Johnson is an entity independently owned and operated from the Defendants; (2) neither Bayer HealthCare LLC nor Beiersdorf, Inc. are affiliates of Johnson & Johnson; and (3) the products subject to the Settlement Agreement are Coppertone-brand products owned by Beiersdorf, Inc, are not owned or distributed by Johnson & Johnson, and are not affiliated with the Johnson & Johnson recall. *See* ECF 106.

6. The Court preliminarily approves the Settlement Agreement as within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

7. For purposes of the settlement only, the Court certifies the Settlement Class, which

consists of retail consumers who purchased in the United States one or more Coppertone sunscreen products, for use and not for resale, prior to the date that the Settlement Class is first notified of the Settlement that included "mineral-based" on the label in various sizes and forms: Coppertone Water Babies Pure & Simple, Coppertone Kids Tear Free, and Coppertone Sport Face (collectively, **"Products"** or **"Qualifying Products"**). The settlement class does not include wholesale, resale, and distribution buyers, and the other **Excluded Persons**. Also excluded from the Settlement Class are (i) Defendants, their assigns, successors, and legal representatives; (ii) any entities in which Defendants have controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer; and (v) any persons who timely exclude themselves from the Settlement Class (collectively, the **"Excluded Persons"**).

8. The Court preliminarily finds, solely for purposes of considering this settlement, that the requirements of Rule 23 of the Federal Rules of Civil Procedure are conditionally satisfied, including requirements that the Settlement Class Members are too numerous to be joined in a single action; that common issues of law and fact exist and predominate; that the claims of the Class Representatives are typical of the claims of the Settlement Class Members; that the Class Representatives and Class Counsel can adequately and fairly protect the interests of the Settlement Class Members; and that a settlement class is superior to alternative means of resolving the claims and disputes at issue in this Litigation.

9. The Court conditionally designates Clarkson Law Firm, P.C. and Moon Law APC as Class Counsel and Mike Xavier and Steven Prescott as Class Representatives of the Settlement Class for purposes of this settlement. The Court designates, and approves, Digital Settlement Group to serve as Claim Administrator.

10. A Final Approval Hearing shall be held before this Court at 2:00 p.m. on December 15, 2021, via Zoom webinar, to address: (a) whether the proposed settlement should be finally approved as fair, reasonable, and adequate, and whether the Final Approval Order should be entered, and (b) whether Class Counsel's application for attorneys' fees, costs, and a payment to the Class

Representatives should be approved.

11. The Court approves, as to form and content, the Claim Form and the Notices, substantially similar to the forms attached as Exhibits A and B1 through B3 to the Settlement Agreement. The Claim Form and all of the notices are written in plain English, are easy to comprehend, and fully comply with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and applicable law. The Parties shall have discretion to jointly make non-material minor revisions to the Claim Form or Notices. Responsibility regarding settlement administration, including, but not limited to, notice and related procedures, shall be performed by the Claim Administrator, subject to the oversight of the Parties and this Court as described in the Settlement Agreement.

12. The Court finds that the Notice Plan is reasonably calculated to provide notice to the Settlement Class of the pendency of the Litigation, certification of the Settlement Class, the terms of the Settlement Agreement, the Final Approval hearing, and applicable deadlines, and complies fully with the requirements of the Due Process Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and applicable law. The Parties and the Claim Administrator shall comply with the Notice Plan and other deadlines as set forth in the Settlement Agreement and this Order.

13. Any member of the Settlement Class who desires to be excluded from the Settlement Class, and therefore not be bound by the terms of the Settlement Agreement, must submit a timely request for exclusion to the Claim Administrator, pursuant to the instructions set forth in the Long Form Notice. The request must be postmarked no later than November 17, 2021. No one shall be permitted to exercise any exclusion rights on behalf of any other person, whether as an agent or representatives of another or otherwise, except upon proof of a legal power of attorney, conservatorship, trusteeship, or other legal authorization, and no one may exclude other persons within the Settlement Class as a group, class, or in the aggregate.

14. No later than December 1, 2021, the Claim Administrator shall prepare a list of the names of the persons who, pursuant to the Class Notice described herein, have excluded themselves from the Settlement Class in a valid and timely manner, and Class Counsel shall file that list with the

1  Court. The Court retains jurisdiction to resolve any disputed exclusion requests.

2     15. Any member of the Settlement Class who elects to be excluded shall not receive any benefits of the settlement, shall not be bound by the terms of the Settlement Agreement, and shall have no standing to object to the settlement or intervene in the Litigation.

   16. Any Settlement Class Member who does not submit a valid and timely request for exclusion may submit an objection to the Settlement Agreement ("Objection"). The Objection must satisfy the requirements set forth in the Long Form Notice and must be filed with the Clerk of the Court (not postmarked) no later than November 17, 2021 or it will be rejected, absent a showing of good cause that supports its consideration.

   17. As set forth in the Long Form Notice, any objection must substantially comply with the following requirements: (i) include the case name and number *Prescott v. Bayer HealthCare LLC*, No. 5:20-cv-00102-NC; (ii) the objector's name, address, and telephone number; (iii) the name and address of the lawyer(s), if any, who are representing the objector in making the objection or who may be entitled to compensation in connection with the objection; (iv) documents or testimony sufficient to establish that the objector is a member of the Settlement Class; (v) a detailed statement of the objection(s), including the grounds for those objection(s); (vi) a statement as to whether the objector is requesting the opportunity to appear and be heard at the final approval hearing; (vii) the identity of all counsel (if any) who will appear on the objector's behalf at the final approval hearing and all persons (if any) who will be called to testify in support of the objection; (viii) copies of any papers, briefs, or other documents upon which the objection is based; (ix) a detailed list of any other objections the objector or objector's counsel have submitted to any class action in any state or federal court in the United States in the previous five years (or affirmatively stating that no such prior objection has been made); (x) statement of whether the objection applies only to the objector, to a specific subset of the class, or to the entire class ; and (xi) the objector's signature as objector, in addition to the signature of the objector's attorney, if an attorney is representing the objector with the objection. Failure to include this information and documentation may be grounds for overruling and rejecting the objection. All the information listed above must be electronically filed via the Court's ECF system, or delivered to the Clerk of the Court by mail, express mail, or personal delivery such that the objection

is *received by* the Clerk of the Court (not just postmarked or sent) on or before November 17, 2021. By filing an objection, the objector consents to the jurisdiction of the Court, including to any order of the Court to produce documents or provide testimony prior to the Final Fairness Hearing.

18. Any Settlement Class Member shall have the right to appear and be heard at the Final Approval hearing, either personally or through an attorney retained at the Settlement Class Member's own expense. However, if the Settlement Class Member wishes to object to the Settlement at the Final Approval Hearing (either personally or through counsel), the Settlement Class Member must submit a timely written objection in compliance with the requirements referenced in the prior paragraph of this Order or demonstrate good cause excusing the objector from compliance.

19. Plaintiffs shall file motions for Final Approval and for any award of attorneys' fees, costs and payments to class representatives no later than November 3, 2021. Any opposition shall be filed no later than 14 days after the filing of the motion. Any reply in support of that motion and responses to any objections and requests to intervene shall be filed no later than December 1, 2021. Those motions and all supporting documentation shall be posted to the Settlement Website within one day of filing.

20. No later than December 1, 2021, the Claim Administrator shall provide a declaration to the Court regarding the number and dollar amount of claims received.

21. In the event that the proposed settlement is not finally approved by the Court, or in the event that the Settlement Agreement becomes null and void or terminates pursuant to its terms, this Preliminary Approval Order and all orders entered in connection herewith (including any order amending the complaint) shall become null and void, shall be of no further force and effect, and shall not be used or referred to for any purposes whatsoever in this Litigation or in any other case or controversy; in such event the Settlement Agreement and all negotiations and proceedings directly related thereto shall be deemed to be without prejudice to the rights of any and all of the Parties, who shall be restored to their respective positions as of the date and time immediately preceding the execution of the Settlement Agreement. In the event that the Court does not approve the Settlement, the Parties have reserved all rights regarding class certification and the merits, including but not limited to the Parties' right to engage in discovery and bring or oppose any motion for class certification on

any and all factual and legal grounds in this or any other action.

22. This Order shall not be construed as an admission or concession by Defendants of the truth of any allegations made by the Plaintiffs or of liability or fault of any kind.

23. The Court may, for good cause, extend any of the deadlines set forth in this Order without further notice to the Settlement Class Members, though such extensions shall be posted to the Settlement Website. The Final Approval Hearing may, from time to time and without further notice to the Settlement Class Members beyond updates to the Court's docket and the Settlement Website, be continued by Order of the Court.

24. If the Court grants Final Approval to the Settlement Agreement, then Settlement Class Members who have not timely requested to be excluded, including persons who objected to the Settlement Agreement or submitted a Valid Claim, shall be deemed to have released their claims as set forth therein.

25. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

26. All further proceedings and deadlines in this action are hereby stayed except for those required to effectuate the Settlement Agreement and this Order.

**IT IS SO ORDERED**

Dated: July 29, 2021

HON. NATHANAEL M. COUSINS
UNITED STATES DISTRICT JUDGE