1

2

3

4

5

6

7

8

9

10

11

12                          **UNITED STATES DISTRICT COURT**

13                          **NORTHERN DISTRICT OF CALIFORNIA**

14   STEVEN PRESCOTT and MIKE XAVIER,          Case No. 5:20-cv-00102-NC
     individually and on behalf of all others
15   similarly situated,

16                  Plaintiffs,                [PROPOSED] ORDER GRANTING FINAL
                                               APPROVAL OF CLASS ACTION
17            vs.                              SETTLEMENT AND FOR ATTORNEYS'
                                               FEES, EXPENSES, AND SERVICE AWARDS
18   BAYER HEALTHCARE LLC, a
     Delaware limited liability company;
19   BEIERSDORF, INC., a Delaware
     corporation,
20                                             Date:      December 15, 2021
                    Defendants.                Time:      1:00 p.m. (PST)
21                                             CTRM:  5, Second Floor
                                               JUDGE: Hon. Nathanael M. Cousins
22

23

24

25

26

27

28

1

**RECITALS**

2        Plaintiffs Mike Xavier and Steven Prescott ("**Plaintiffs**" and "**Class Representatives**") have

3  moved the Court for final approval of a proposed class action settlement with Defendants Bayer

4  Healthcare LLC and Beiersdorf Inc. ("**Defendants**"), the terms and conditions of which are set forth

5  in the Settlement Agreement filed with the Court on July 14, 2021 ("**Settlement Agreement**").

6        In addition to the docket and filings on record, the facts and procedural history of this case, as

7  well as the terms of the settlement and the process of notifying Settlement Class Members, are more

8  fully explained in the Court's Order Granting Preliminary Approval of Class Action Settlement, which

9  is incorporated herein by reference.

10        The Parties and the Claim Administrator have submitted evidence, which the Court accepts,

11  showing the following:  Notice was provided as set forth in the Notice Plan attached the Settlement

12  Agreement. It targeted likely members of the Settlement Class based on demographic data, including

13  persons believed to have purchased Coppertone sunscreen products that include "mineral-based" on

14  the label in various sizes and forms: Coppertone Water Babies Pure & Simple, Coppertone Kids Tear

15  Free, and Coppertone Sport Face (collectively, the "**Products**"). The notices pointed to, and all the

16  online notices hyperlinked to, the Settlement Website, which contains a detailed class notice, including

17  the procedures for Settlement Class Members to submit claims, exclude themselves, or object to the

18  settlement, as well as a copy of the Settlement Agreement, motions and orders filed in connection with

19  the settlement.

20        A total of _____ persons filed timely requests to opt out of the Settlement Class.  In addition,

21  _____ persons filed objections to the settlement.

22                      **FINDINGS AND CONCLUSIONS**

23        Having considered all matters submitted to it at the hearing on the motion and otherwise,

24  including the complete record of this action, and good cause appearing therefore, the Court hereby

25  finds and concludes as follows:

26        1.       The capitalized terms used in this Final Approval Order and Judgment shall have the

27  same meaning as defined in the Settlement Agreement except as may otherwise be ordered.

28        2.       The Court has jurisdiction over this case, over all claims raised therein, all Parties

thereto, and Settlement Class Members.

3.    The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and/or settlement as a method for the fair and efficient resolution of this matter.

4.    For purposes of the settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class, which consists of all retail consumers who purchased in the United States one or more Coppertone sunscreen products, for use and not for resale, prior to September 17, 2021, that included "mineral-based" on the label in various sizes and forms: Coppertone Water Babies Pure & Simple, Coppertone Kids Tear Free, and Coppertone Sport Face. The Settlement Class does not include wholesale, resale, and distribution buyers, and the other Excluded Persons. Also excluded from the Settlement Class are (i) Defendants, their assigns, successors, and legal representatives; (ii) any entities in which Defendants have controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons currently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; (v) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer; and (vi) any persons who timely exclude themselves from the Settlement Class (collectively, the **"Excluded Persons"**).

5.    For the purpose of this settlement, the Court hereby finally appoints Clarkson Law Firm, P.C. and Moon Law APC as Class Counsel and Mike Xavier and Steven Prescott as Class

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT

1    Representatives of the Settlement Class for purposes of this settlement.

2            6.      The Parties and Claim Administrator complied in all material respects with the Notice

3    Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan set forth in the

4    Settlement Agreement, and effectuated pursuant to the Preliminary Approval Order, constituted the

5    best notice practicable under the circumstances and constituted due and sufficient notice to the

6    Settlement Class of the pendency of the Litigation; the existence and terms of the Settlement

7    Agreement; their rights to make claims, exclude themselves, or object; and the matters to be decided

8    at the Final Approval Hearing.  Further, the Notice Plan satisfied the requirements of the Due Process

9    Clause of the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and

10   applicable law.

11           7.      A full and fair opportunity has been given to the members of the Settlement Class to

12   exclude themselves from the settlement, object to the terms of the settlement or to Class Counsel's

13   request for attorneys' fees and expenses and a Class Representatives payment, and otherwise

14   participate in the Final Approval Hearing held on December 15, 2021. The Court has considered all

15   submissions and arguments made at the Final Approval Hearing provided by Settlement Class

16   Members objecting to the settlement as well as the Parties' responses to those objections, and has

17   determined, for all the reasons set forth in the Parties' responses, that none of the objections have any

18   merit or warrant disapproval of the Settlement Agreement. All such objections to the settlement are

19   overruled.

20           8.      The Court finds that the settlement is in all respects fair, reasonable, and adequate.  The

21   Court therefore finally approves the settlement for all the reasons set forth in the Motion for Final

22   Approval including, but not limited to, the fact that the Settlement Agreement was the product of

23   informed, arms-length negotiations between competent, able counsel and conducted with the oversight

24   and involvement of the settlement conference officer, the Honorable Virginia K. DeMarchi; the record

25   was sufficiently developed and complete through meaningful discovery and motion practice to have

26   enabled counsel for the Parties to have adequately evaluated and considered the strengths and

27   weaknesses of their respective positions; the Litigation involved disputed claims, and this dispute

28   underscores the uncertainty and risks of the outcome in this matter; the settlement provides meaningful

remedial and monetary benefits for the disputed claims; and the Parties were represented by highly qualified counsel who, throughout this case, vigorously and adequately represented their respective parties' interests.

9.     The Settlement is in the best interests of the Settlement Class in light of the degree of recovery obtained in relation to the risks faced by the Settlement Class in litigating the class claims. The relief provided to the Settlement Class Members under the Settlement Agreement is appropriate as to the individual members of the Settlement Class and to the Settlement Class as a whole. All requirements of statute, rule, and the Constitution necessary to effectuate the settlement have been met and satisfied.

10.     The Parties and the Claim Administrator shall continue to effectuate the Settlement Agreement in accordance with its terms.

11.     By operation of this Final Approval Order and Judgment, upon the Effective Date, the Releasing Parties hereby fully, finally, and forever release, relinquish, and discharge all Released Claims against the Released Parties. The Released Claims shall be construed as broadly as possible, consistent with all applicable law, to effect complete finality over this Litigation involving the advertising, labeling, and marketing of the Products.

A.     "Releasing Parties" means Plaintiffs, each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class, and all of the aforementioned entities' and individuals' present and former officers, directors, shareholders, partners, employees, agents, representatives, insurers, assigns, servants, attorneys, assignees, spouses, civil union partners, heirs, executors, whether specifically named and whether or not participating in the settlement by payment or otherwise.

B.     "Released Parties" means Bayer HealthCare LLC and Beiersdorf, Inc. and each and all of their predecessors and successors in interest to the Coppertone brand or the Products, former, present and future direct and indirect subsidiaries, parents, and affiliates involved in the development, manufacturing, distribution, marketing, advertising, labeling and/or sale of the Products, and each and all of the aforementioned entities' and individuals' former, present, and future officers, directors, shareholders, partners, employees, agents, representatives, suppliers, resellers, retailers, wholesalers,

1    distributors, customers, insurers, assigns, servants, and attorneys.

2         C.    "Released Claims" means any and all rights, duties, obligations, claims, actions, causes

3    of action, or liabilities, whether arising under local, state, or federal law, whether by statute, regulation,

4    contract, common law, or equity, whether known or unknown, suspected or unsuspected, asserted or

5    unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated that arise out of or

6    relate to: (a) the allegations, claims, or contentions that were or could have been asserted in the

7    Litigation regarding the Products; (b) any advertising, labeling (including but not limited to

8    packaging), marketing, claims, or representations of the sunscreen active ingredients in the Products;

9    (c) all labels or packaging for the Coppertone sunscreen products that conform to the terms of the

10   Settlement. Section 2.35(c) is intended to apply only to Settlement Class Members as of the date of

11   Preliminary Approval and who do not exclude themselves from the Settlement Class. For the

12   avoidance of doubt: (i) the Released Claims in this Section 2.35 are intended to reach the full scope of

13   claims that may be released under the identical factual predicate rule without exceeding or violating

14   it; (ii) the Released Claims do not include claims for personal injury allegedly arising out of use of the

15   Products. 12.   Plaintiffs and Defendants shall, by operation of this Final Approval Order and

16   Judgment, be deemed to have waived the provisions, rights and benefits of California Civil Code

17   § 1542, and any similar law of any state or territory of the United States or principle of common law.

18   Section 1542 provides:

19               **A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT
20               THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR
                 SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF
21               EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR
                 HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER
22               SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

23        13.    Nothing herein shall bar any action or claim to enforce the terms of the Settlement

24   Agreement.

25        14.    No action taken by the Parties, either previously or in connection with the negotiations

26   or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an

27   admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or

28   admission by any Party of any fault, liability or wrongdoing of any kind whatsoever to any other Party.

Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Final Approval Order and Judgment and the Settlement Agreement, or (b) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Final Approval Order and Judgment and the Settlement Agreement, in any proceeding in any court, administrative agency, or other tribunal.  Defendants' agreement not to oppose the entry of this Final Approval Order and Judgment shall not be construed as an admission or concession by Defendants that class certification was appropriate in the Litigation or would be appropriate in any other action.

15.     For the reasons stated in the separate Order on Class Counsel's Application for an award of attorneys' fees and costs and a class representative's payment, the following amounts shall be paid by Defendants:

a.     Fees and expenses to Class Counsel:  $ _____

b.     Class Representatives payment to Plaintiffs Mike Xavier and Steven Prescott: $ _____

Such amounts shall be due and paid according to the terms of the Settlement Agreement.

16.     Except as provided in this Order, Plaintiffs shall take nothing against Defendants by their Complaint.

17.     This order shall constitute a final judgment binding the Parties and Settlement Class Members with respect to this Litigation.

18.     Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement, including concerning the distribution of funds in the event settlement payments checks are not negotiated within one hundred and twenty (120) days of mailing.  In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to

their respective positions *ex ante*.

19.     Without further order of the Court, the parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED** this ___ day of _____, 2021.

_____
HON.  NATHANAEL M. COUSINS
UNITED STATES DISTRICT JUDGE