UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN PRESCOTT, and MIKE XAVIER, individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>v.<br><br>BAYER HEALTHCARE LLC, and others,<br><br>Defendants. | Case No. 20-cv-00102-NC<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND ATTORNEYS' FEES, EXPENSES, AND INCENTIVE AWARDS AND JUDGMENT**<br><br>Re: ECF 109, 111 |

**I.   RECITALS**

Plaintiffs and Class Representatives Mike Xavier and Steven Prescott move for final approval of a proposed class action settlement with Defendants Bayer Healthcare LLC and Beiersdorf Inc. Defendants have agreed to pay $2.25 million into a common fund, with no right to reversion, to reimburse the Settlement Class for past economic losses. The terms and conditions of the settlement are set forth in the Settlement Agreement, at ECF 99-11.

The factual and procedural history of this case, terms of the settlement, and process of notifying Settlement Class Members, are more fully explained in the Court's Order Granting Preliminary Approval of Class Action Settlement, at ECF 107.

//

The Parties and the Claim Administrator have submitted evidence, which the Court accepts, showing the following: Notice was provided as set forth in the Notice Plan attached to the Settlement Agreement. It targeted likely members of the Settlement Class based on demographic data, including persons believed to have purchased Coppertone sunscreen products that include "mineral-based" on the label in various sizes and forms: Coppertone Water Babies Pure & Simple, Coppertone Kids Tear Free, and Coppertone Sport Face (collectively the Products). The notices pointed to, and all the online notices hyperlinked to, the Settlement Website, which contains a detailed class notice, including the procedures for Settlement Class Members to submit claims, exclude themselves, or object to the settlement, as well as a copy of the Settlement Agreement, motions and orders filed in connection with the settlement.

At the Final Settlement Approval Hearing on December 15, 2021, Class Counsel informed the Court that since the date of their last filing, December 1, 2021, 13 additional claims for 257 products were timely submitted to the Claim Administrator. And as of December 15, 2021, no objections to the settlement or requests to opt out of the Settlement Class have been filed.

## II. FINDINGS AND CONCLUSIONS

Having considered all matters submitted to it at the hearing on the motion and otherwise, including the complete record of this action, and good cause appearing therefore, the Court hereby finds and concludes as follows:

1. The capitalized terms used in this Final Approval Order and Judgment shall have the same meaning as defined in the Settlement Agreement.

2. The Court has jurisdiction over this case, over all claims raised therein, all Parties thereto, and Settlement Class Members.

3. The Court finds that the prerequisites of Rule 23 of the Federal Rules of Civil Procedure have been satisfied for certification of the Settlement Class for settlement purposes because: Settlement Class Members are ascertainable and are so numerous that joinder of all members is impracticable; there are questions of law and fact common to the

Settlement Class; the claims and defenses of the Class Representatives are typical of the claims and defenses of the Settlement Class they represent; the Class Representatives and Class Counsel have fairly and adequately protected the interests of the Settlement Class with regard to the claims of the Settlement Class; common questions of law and fact predominate over questions affecting only individual Settlement Class Members, rendering the Settlement Class sufficiently cohesive to warrant a class settlement; and the certification of the Settlement Class is superior to individual litigation and settlement as a method for the fair and efficient resolution of this matter.

4. For purposes of the settlement and this Final Approval Order and Judgment, the Court hereby finally certifies the following Settlement Class, which consists of all retail consumers who purchased in the United States one or more Coppertone sunscreen products, for use and not for resale, prior to September 17, 2021, that included "mineral-based" on the label in various sizes and forms: Coppertone Water Babies Pure & Simple, Coppertone Kids Tear Free, and Coppertone Sport Face.  The Settlement Class does not include wholesale, resale, and distribution buyers, and the other Excluded Persons:  (1) Defendants, their assigns, successors, and legal representatives; (2) any entities in which Defendants have controlling interests; (3) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (4) all persons currently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (5) any judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

5. For the purpose of this settlement, the Court hereby finally appoints Clarkson Law Firm, P.C. and Moon Law APC as Class Counsel and Mike Xavier and Steven Prescott as Class Representatives of the Settlement Class for purposes of this settlement.

6. The Parties and Claim Administrator complied in all material respects with the Notice Plan set forth in the Settlement Agreement.  The Court finds that the Notice Plan set forth in the Settlement Agreement, and effectuated pursuant to the Preliminary

1  Approval Order, constituted the best notice practicable under the circumstances and
2  constituted due and sufficient notice to the Settlement Class of the pendency of the
3  Litigation; the existence and terms of the Settlement Agreement; their rights to make
4  claims, exclude themselves, or object; and the matters to be decided at the Final Approval
5  Hearing.  Further, the Notice Plan satisfied the requirements of the Due Process Clause of
6  the United States Constitution, Rule 23 of the Federal Rules of Civil Procedure, and
7  applicable law.

8    7.    Members of the Settlement Class have been given a full and fair opportunity
9  to exclude themselves from the settlement, object to the terms of the settlement, object to
10 Class Counsel's request for attorneys' fees and expenses and the Class Representatives'
11 award, and otherwise participate in the Final Approval Hearing.  As of December 15,
12 2021, no objections to the settlement have been filed

13    8.    The Court finds that the settlement is in all respects fair, reasonable, and
14 adequate.  The Court therefore finally approves the settlement for all the reasons set forth
15 in the Motion for Final Approval including, but not limited to, the fact that the Settlement
16 Agreement was the product of informed, arms-length negotiations between competent,
17 able counsel and conducted with the oversight and involvement of the settlement
18 conference officer, the Honorable Virginia K. DeMarchi; the record was sufficiently
19 developed and complete through meaningful discovery and motion practice to have
20 enabled counsel for the Parties to have adequately evaluated and considered the strengths
21 and weaknesses of their respective positions; the Litigation involved disputed claims, and
22 this dispute underscores the uncertainty and risks of the outcome in this matter; the
23 settlement provides meaningful remedial and monetary benefits for the disputed claims;
24 and the Parties were represented by highly qualified counsel who, throughout this case,
25 vigorously and adequately represented their respective parties' interests.

26    9.    The Settlement is in the best interests of the Settlement Class in light of the
27 degree of recovery obtained in relation to the risks faced by the Settlement Class in
28 litigating the class claims.  The relief provided to the Settlement Class Members under the

1    Settlement Agreement is appropriate as to the individual members of the Settlement Class
2    and to the Settlement Class as a whole.  All requirements of statute, rule, and the
3    Constitution necessary to effectuate the settlement have been met and satisfied.

4        10.    The Parties and the Claim Administrator shall continue to effectuate the
5    Settlement Agreement in accordance with its terms.

6        11.    Class Counsel must file a final accounting with the Court no later than 14
7    days after the Claim Administrator has completed the settlement fund distribution.

8        12.    By operation of this Final Approval Order and Judgment, upon the Effective
9    Date, the Releasing Parties hereby fully, finally, and forever release, relinquish, and
10   discharge all Released Claims against the Released Parties.  The Released Claims shall be
11   construed as broadly as possible, consistent with all applicable law, to effect complete
12   finality over this Litigation involving the advertising, labeling, and marketing of the
13   Products.

    a. "Releasing Parties" means Plaintiffs, each Settlement Class Member who has not validly excluded himself or herself from the Settlement Class, and all of the aforementioned entities' and individuals' present and former officers, directors, shareholders, partners, employees, agents, representatives, insurers, assigns, servants, attorneys, assignees, spouses, civil union partners, heirs, executors, whether specifically named and whether or not participating in the settlement by payment or otherwise.

    b. "Released Parties" means Bayer HealthCare LLC and Beiersdorf, Inc. and each and all of their predecessors and successors in interest to the Coppertone brand or the Products, former, present and future direct and indirect subsidiaries, parents, and affiliates involved in the development, manufacturing, distribution, marketing, advertising, labeling and/or sale of the Products, and each and all of the aforementioned entities' and individuals' former, present, and future officers, directors, shareholders, partners, employees, agents, representatives, suppliers, resellers, retailers,

5

1  wholesalers, distributors, customers, insurers, assigns, servants, and
2  attorneys.
3        c. "Released Claims" means any and all rights, duties, obligations, claims,
4  actions, causes of action, or liabilities, whether arising under local, state,
5  or federal law, whether by statute, regulation, contract, common law, or
6  equity, whether known or unknown, suspected or unsuspected, asserted
7  or unasserted, foreseen or unforeseen, actual or contingent, liquidated or
8  unliquidated that arise out of or relate to: (1) the allegations, claims, or
9  contentions that were or could have been asserted in the Litigation
10  regarding the Products; (2) any advertising, labeling (including but not
11  limited to packaging), marketing, claims, or representations of the
12  sunscreen active ingredients in the Products; and (3) all labels or
13  packaging for the Coppertone sunscreen products that conform to the
14  terms of the Settlement.  Section 2.35(c) is intended to apply only to
15  Settlement Class Members as of July 29, 2021, and who do not exclude
16  themselves from the Settlement Class.  For the avoidance of doubt:  (1)
17  the Released Claims in § 2.35 are intended to reach the full scope of
18  claims that may be released under the identical factual predicate rule
19  without exceeding or violating it; (2) the Released Claims do not include
20  claims for personal injury allegedly arising out of use of the Products.

21     13.    Plaintiffs and Defendants shall, by operation of this Final Approval Order
22  and Judgment, be deemed to have waived the provisions, rights, and benefits of California
23  Civil Code § 1542, and any similar law of any state or territory of the United States or
24  principle of common law.  Section 1542 provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

28  //

14. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement.

15. No action taken by the Parties, either previously or in connection with the negotiations or proceedings connected with the Settlement Agreement, shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made or an acknowledgment or admission by any Party of any fault, liability, or wrongdoing of any kind whatsoever to any other Party.  Neither the Settlement Agreement nor any act performed or document executed pursuant to or in furtherance of the settlement:  (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim made by the Settlement Class Members or Class Counsel, or of any wrongdoing or liability of the persons or entities released under this Final Approval Order and Judgment and the Settlement Agreement, or (2) is or may be deemed to be, or may be used as an admission of, or evidence of, any fault or omission of any of the persons or entities released under this Final Approval Order and Judgment and the Settlement Agreement, in any proceeding in any court, administrative agency, or other tribunal. Defendants' agreement not to oppose the entry of this Final Approval Order and Judgment shall not be construed as an admission or concession by Defendants that class certification was appropriate in the Litigation or would be appropriate in any other action.

16. After reviewing the motion for attorneys' fees, at ECF 111, Class Counsel's arguments at the hearing on December 15, and Defendants' non-opposition, the Court grants Plaintiffs' requests for attorneys' fees and incentive awards.  In reaching this determination the Court evaluated, among several factors: the time and resources Class Counsel devoted to this case, the result achieved by Class Counsel, the risks involved in achieving the result, and the injunctive relief included in the result.  The Court also considered the similar awards granted in other cases in this District: *Miller v. Ghirardelli Chocolate Co.*, Case No. 3:12-cv-04936-LB, 2015 WL 758094 (N.D. Cal. Feb. 20, 2015); *Fitzhenry-Russell v. Coca-Cola Co.*, Case No. 5:17-cv-00603-EJD, 2019 U.S. Dist. LEXIS 232216 (N.D. Cal. Oct. 3, 2019); *Schneider v. Chipotle Mexican Grill, Inc.*, Case No. 4:16-

cv-02200-HSG, 336 F.R.D. 588 (N.D. Cal. Nov. 4, 2020); *Weeks v. Google, LLC*, Case No. 5:18-cv-00801-NC, 2019 U.S. Dist. LEXIS 215943 (N.D. Cal. Dec. 13, 2019). Finally, the Court weighed the lodestar cross-check that determined a multiplier of negative 1.119. Accordingly, the Court approves the following amounts to be paid by Defendants: $681,242.55 to Class Counsel for attorneys' fees and expenses and $5,000 each to Class Representatives Mike Xavier and Steven Prescott. Such amounts shall be due and paid according to the terms of the Settlement Agreement.

17. Except as provided in this Order, Plaintiffs shall take nothing against Defendants by their Complaint.

18. This Order shall constitute a final judgment binding the Parties and Settlement Class Members with respect to this Litigation.

19. Without affecting the finality of the judgment hereby entered, the Court reserves jurisdiction over the implementation of the Settlement Agreement, including concerning the distribution of funds in the event settlement payments checks are not negotiated within 120 days of mailing. In the event the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order and any judgment entered thereon shall be rendered null and void and shall be vacated, and in such event, all orders and judgments entered and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions ex ante.

There is no just reason for delay in the entry of this Judgment, and immediate entry by the Clerk of the Court is expressly directed.

**IT IS SO ORDERED.**

Dated: December 15, 2021

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

8